Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of themselves and
similarly situated employees,

       Plaintiffs,

  -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S CREW,
JOHN KELLY, JOSEPH PROVENZANO,

       Defendants.
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 19 2012 ★

LONG ISLAND OFFICE

CV 12 6233

SPATT, J.

BROWN, M. J.

**COLLECTIVE AND
CLASS ACTION
COMPLAINT**

**Jury Trial Demanded**

   Plaintiffs, JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES by and

through their attorneys, Frank & Associates, P.C., complaining of the Defendant KELCO

LANDSCAPING CORP., respectfully alleges as follows:

## NATURE OF THE CLAIM

   1. This action is brought on behalf of plaintiffs and a putative class of

individuals who performed work as landscape laborers for Defendants KELCO

LANDSCAPING INC. and/or other related entities affiliated or controlled by KELCO

(collectively referred to hereinafter as "KELCO"), one of the largest landscape

installation and construction companies in the New York area, to recover unpaid overtime wages pursuant to statute, as well as wages and benefits which plaintiffs and members of the putative class were contractually entitled to receive for work they performed on various public works projects in New York (the "Public Works Projects").

2.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).     Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former non-exempt employees of defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b).

6.      At all times relevant, Defendant KELCO, operates a business located at 40 Austin Boulevard, Commack, New York 11725.

## THE PARTIES

7.      Upon information and belief, Defendant KELCO is a domestic business corporation existing by virtue of and under the laws of the State of New York engaged in the general construction and landscaping business.

8.      Upon information and belief, Defendant KELCO is one of the largest landscape installation and construction companies in the New York area.

9.      KELCO is a covered employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

10.     Upon information and belief, the defendant KELCO is engaged in a for profit business which has gross revenue in excess of $500,000 per annum and is engaged in the production of goods for interstate commerce. Specifically, Defendant, KELCO is in the business of landscape and general construction and/ or repairs and is an "employer" subject to the jurisdiction of the FLSA.

11.     Upon information and belief, Defendant JOHN KELLY is the owner of KELCO.

12.     Upon information and belief, Defendant JOHN KELLY is a shareholder of KELCO.

13.     Upon information and belief, Defendant JOHN KELLY is an officer of Defendant KELCO.

14.     Upon information and belief, Defendant JOHN KELLY had authority to make payroll and personnel decisions for Defendant KELCO, including the authority to hire and fire employees for Defendant KELCO.

15.     Upon information and belief, Defendant JOHN KELLY is the owner of KELCO.

16.     Upon information and belief, Defendant JOSEPH PROVENZANO is a shareholder of KELCO.

17.     Upon information and belief, Defendant JOSEPH PROVENZANO is an officer of Defendant KELCO.

18.     Upon information and belief, Defendant JOSEPH PROVENZANO was the General Manager of Defendant KELCO and had authority to make payroll and personnel decisions for Defendant KELCO, including the authority to hire and fire employees for Defendant KELCO.

19.     Defendant ELM GENERAL CONSTRUCTION CORP. is an entity related to and/or affiliated with Defendant KELCO.

20.     Defendant KELLY'S CREW is an entity related to and/or affiliated with Defendant KELCO located at 151 Daly Road, East Northport, New York.

21.     Plaintiff JOSE MANUEL HENRIQUEZ resides in the County of Suffolk and the State of New York.

22.     Plaintiff, JOSE MANUEL HENRIQUEZ, began his employment with KELCO as a full time laborer, in or about, March 27, 2008.  His employment with KELCO terminated on April, 2012.

23.    Plaintiff JOSE HECTOR FUENTES resides in the County of Suffolk and the State of New York.

24.    Plaintiff, JOSE HECTOR FUENTES, began his employment with KELCO as a full time laborer, in or about, October 2007.  His employment with KELCO terminated on April 2012.

## FACTS

25.    Plaintiff JOSE MANUEL HENRIQUEZ worked as a landscape laborer for KELCO from March 27, 2008 until April 2012.

26.    Plaintiff JOSE HECTOR FUENTES worked as a landscape laborer for KELCO from October 2007 until April 2012.

27.    At all times pertinent to this Complaint, the Plaintiffs JOSE MANUAL HENRIQUEZ and JOSE HECTOR FUENTES worked for KELCO as laborers and performed non-exempt duties.

28.    Plaintiffs were paid on an hourly basis with payroll checks issued by KELCO's related entity, ELM GENERAL CONSTRUCTION CORP.

29.    Throughout the course of their employment with KELCO, Plaintiffs JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES regularly worked in excess of forty (40) hours each week, but was not paid overtime at a rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) each week.

30.    Throughout the course of their employment with KELKO, JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES regularly performed landscape maintenance duties for KELCO'S related entity, KELLY'S CREW, and provided labor at the residences of Defendants JOHN KELLY and JOSEPH PROVENZANO.

31.     Consistent with KELCO's general policy and pattern or practice, Plaintiffs JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES and the other members of the FLSA Collective and the Rule 23 Class ("Class Members") regularly worked in excess of 40 hours per week without being paid overtime wages.

32.     KELCO did not satisfy its obligation under FLSA and NYLL to pay its marketing representatives overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

33.     As part of its regular business practice, KELCO has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law with respect to Plaintiff and the Class Members. This policy and pattern or practice includes but is not limited to

(a)     willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of KELCO; and

(b)     willfully failing to pay its employees, including Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

34.     KELCO is aware or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.

35.     KELCO's failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful.

**COLLECTIVE ACTION ALLEGATIONS**

36.     Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for KELCO as laborers any time within the three (3) years of the date of the notice of this lawsuit (the "FLSA Collective Action").

37.     At all relevant times, Plaintiffs JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay  at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

38.     KELCO is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs. There are many similarly situated current and former KELCO employees who have been underpaid in violation of the FLSA.

39.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs also bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for KELCO as laborers and mechanics from December 2006 to December, 2012 (the "Rule 23 Class").

41.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

42.     The Rule 23 Class Members are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

43.     KELCO has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

44.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether KELCO has failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

(b)     what proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(c)     what were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

(d)     whether KELCO has failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(e)     the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(f)      whether KELCO's general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

45.      The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the Rule 23 Class work or have worked for KELCO as laborers and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week.  KELCO has acted and has refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

46.      Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

47.      Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

48.      Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

49.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of KELCO's common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about KELCO's practices.

50. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**PREVAILING WAGE**

51. The Plaintiffs performed labor for KELCO for certain projects located in New York State which were public works improvements and/or construction projects within the meaning of New York Labor Law. KELCO had one or more contracts with public entities which contracts required the payment of prevailing wages, as per New

York Labor Law to workers, and KELCO acted as a contractor or sub-contractor on one or more of such contracts.

52.     Throughout their employment with KELCO plaintiffs worked on prevailing wage projects but were not paid the prevailing wage rate, were misclassified and/or were paid less than what the wage schedules required.

53.     KELCO had a duty to pay the employees working on those public works projects according to the terms delineated in the contract and failed to pay its employees according to the specified terms.

54.     Upon information and belief, KELCO entered into a number of public works contracts which called for KELCO to perform landscape construction work at various locations in New York (the "Public Works Contracts").

55.     The Public Works Contracts included but are not limited to projects upon which KELCO performed work at Brooklyn Bridge Park, Hudson River Park, Central Park, High Line, Washington Square Park, Hanover Square Park, Brooklyn Botanical Gardens, Fulton Ferry, United Nations, Lincoln Center, Museum of Modern Art, Bryant Park, Metropolitan Museum of Art and Citifield.

56.     Article I, Section 17 of the New York Constitution and Section 220 of the New York Labor Law provide that the wages to be paid to laborers, workman and mechanics     upon     public     work     shall     not     be     less     than     the "prevailing rate of wages."

57.     The prevailing rate of wage is the rate of wage paid in the locality by virtue of the collective bargaining agreements between bona fide labor organizations and employers of the private sector.

58.     Section 220 also requires that the laborers, workmen and mechanics upon such public work be provided "supplemental benefits" at the prevailing rate. Supplemental benefits are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance.

59.     Upon information and belief, the schedule of prevailing rates of wages and supplements to be paid all workers furnishing labor on the sites of the Public Works was annexed to and formed a part of the Public Works.

60.     Plaintiffs and other members of the putative class furnished labor to KELCO at the sites of the Public Works Projects in furtherance of KELCO's performance of the Public Works Contracts.

61.     KELCO willfully paid plaintiffs and the other members of the putative class less than the prevailing rates of wages and supplemental benefits to which plaintiffs and the other members of the putative class were entitled.

**FIRST CLAIM FOR RELIEF
PURSUANT TO THE FEDERAL FAIR LABOR STANDARDS ACT
29 U.S.C. § 216(B)**

62.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

63.     The plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216(b), and upon information and belief there are numerous such similarly situated persons.

64.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the plaintiffs were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, plaintiffs worked more than 40 hours per week for the defendant, and defendant willfully failed to make said overtime wage payments.

65.     The plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs and such other similarly situated persons who consent in writing to join this action, and the plaintiffs also seeks an award of liquidated damages equal to 100% of such amount, attorney's fees, interest and costs as provided for by the FLSA.

**SECOND CLAIM FOR RELIEF**
**TO RECOVER UNPAID OVERTIME WAGES**
**UNDER NEW YORK STATE LABOR LAW**

66.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

67.     At all relevant times, Plaintiffs were employees and Defendant has been an employer within the meaning of the New York Labor Law.

68.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the defendant.

69.     Defendant employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty

(40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

70.    The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendant, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

71.    Defendant have failed to pay Plaintiffs and the Rule 23 Class Members overtime wages to which they were entitled under the New York Labor Law.

72.    By defendant's failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

73.    Due to defendant's violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT ON BEHALF OF PLAINTIFFS
### AS THIRD PARTY BENEFICIARIES

74.    Plaintiffs repeat and reallege each and every allegation previously set forth herein.

75.    Defendant KELCO entered into contracts with one or more third parties to perform landscape and/or construction work for which the plaintiffs provided labor.

76.     Defendant KELCO agreed as part of such contracts and/or as a matter of law were required to by such contracts to pay the plaintiffs a "prevailing wage" which was specified in such contracts or was incorporated by reference in such contracts.

77.     Upon information and belief, the Public Works Contracts entered into by KELCO contained schedules of the prevailing rates of wages and supplemental benefits to be paid plaintiffs and the other members of the putative class.

78.     Those prevailing rates of wages and supplemental benefits were made a part of the Public Works Contracts for the benefit of plaintiffs and the other members of the putative class.

79.     The plaintiffs were third-party beneficiaries of the contacts entered into by KELCO.

80.     Defendant KELCO breached the Public Works Contracts in that it failed to pay plaintiffs the prevailing wages for all labor performed upon the Public Works, and that plaintiffs did not receive the monies they were due as third-party beneficiaries of the contracts.

81.     Defendant KELCO is liable to the plaintiffs and the other members of the putative class for damages based upon an accounting of the wages the plaintiff were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts.

82.     Defendant KELCO entered into contracts with one or more third parties to perform landscaping work for which the plaintiffs provided labor.

83.     Defendant KELCO entered into the aforesaid contracts to perform the work which the plaintiffs provided labor for such defendant agreed as part of such contracts and/or as a matter of law were required to by such contracts to pay the plaintiffs

a "prevailing wage" which was specified in such contracts or was incorporated by reference in such contracts.

84.    Plaintiffs were third party beneficiaries of the aforesaid contracts.

85.    Defendant KELCO breached the aforesaid contracts in that they failed to pay the plaintiffs the prevailing wages required under such contracts, and that the plaintiffs did not receive the monies they were due as a third party beneficiaries of the aforesaid contracts which provided for the payment of a prevailing wage to the plaintiffs.

86.    Defendant KELCO is liable to plaintiffs for damages based upon an accounting of the amount of money the plaintiffs were paid and the amount of money they should have been paid as a third party beneficiaries of such contracts, together with an award of interest, costs, disbursements, attorneys' fees, liquidated damages, and such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iii)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(iv)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v)      Unpaid overtime pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vi)     Unpaid prevailing wages and supplemental benefits;

(vii)    All attorneys' fees and costs incurred in prosecuting these claims; and

(viii)   Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Farmingdale, New York
       December 18, 2012

                                    **FRANK & ASSOCIATES, P.C.**

                          By:    _____
                                    Peter A. Romero (PR-1658)
                                    500 Bi-County Blvd., 112N
                                    Farmingdale, New York 11735
                                    Tel. (631) 756-0400
                                    Fax (631) 756-0547
                                    promero@laborlaws.com

                                    *Attorneys for Plaintiffs*