UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE MANUEL HENRIQUEZ and JOSE HECTOR
FUENTES, on behalf of themselves and similarly situated
employees,

                                      Plaintiffs,

      -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S CREW,
JOHN KELLY, JOSEPH PROVENZANO,

                                    Defendants.
------------------------------------------------------------------x

12-cv-6233(ADS)(GRB)

FIRST SET OF
INTERROGATORIES
TO DEFENDANTS

      PLEASE TAKE NOTICE, that Plaintiffs, by and through their attorneys, request pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, that Defendant serve written answers to the interrogatories below at the offices of Frank & Associates, P.C., 500 Bi-County Blvd., 112N, Farmingdale, New York within thirty (30) days of service of this notice.

## INSTRUCTIONS

    1.    These Interrogatories are to be answered by you to the extent of all information which is or may be available to you, or any person, employee, agent, expert, accountant, or attorney who has acted or is now acting on your behalf.

    2.    If, after a reasonable and thorough investigation, using due diligence, you are unable to answer any Interrogatory, or any part thereof, on the grounds of lack of information available to you, you must specify in full and complete detail why the

information is not available to you and what has been done to locate such information. In addition, you must specify what knowledge or belief you do have concerning the unanswered portion of any Interrogatory and set forth the facts upon which such knowledge or belief is based.

3. Where an Interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to said Interrogatory either comprehensible, complete or not misleading, you must include such fact or facts as part of said answer and said Interrogatory shall be deemed to specifically request such fact or facts.

4. If you claim any form of privilege with regard to any oral communication, document or tangible thing, whether based on a statute or otherwise, as a ground for not answering an Interrogatory or any portion thereof, or for not voluntarily producing any tangible thing or document, you must set forth in your answers, with respect to each such oral communication, document or tangible thing for which you claim such a privilege, the following:

(a) the date of any oral communication or the date of preparation of any document;

(b) the name, address, title and occupation of each of the participants in any such oral conversation or each of the authors and addresses of any such document;

(c) the name, title and address of the present custodian of any such document or tangible thing;

  (d) a description of each such oral conversation, document or tangible thing (by subject matter or title) which is sufficient to identify the particular conversation or tangible thing without revealing the information for which the privilege is claimed; and

  (e) each and every fact or basis on which you claim any such privilege.

  5. Whenever production of documentation is required, such required production includes but is not limited to all documents defined in the Definitions below.

  6. When statements of factual information are requested, such requested information includes the production of all formal and informal documentation which explains, clarifies, describes, or in any way relates to the requested statement of factual information.

  7. The documentation requested in the foregoing paragraphs and described above includes but is not limited to all documentation that was at any time in your possession or any of your former or present agents without regard to whether such documentation was originally prepared by you or such agents.

  8. For the purposes of these Interrogatories, whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural and words importing the plural number include the singular, and words importing the masculine include the feminine.

  9. Along with the answer to each numbered Interrogatory, identify each person who participated in or supplied information with respect to the preparation of the response to such Interrogatory, specifying whether each such person supplied relevant information, participated in the preparation of the response, or both. If the response to any Interrogatory contains information supplied by more than one person, specify the

particular information supplied by each person. In addition, specify whether the information supplied by each such person is based on first-hand knowledge as to the matters contained in such answers and, if not, the manner in which he acquired such information.

    10.    With respect to any Interrogatory or answer in which reference is made to an oral communication, specify the following:

    (a)    the name, company or other affiliation, title or identifying feature of the individual who made the oral communication;

    (b)    the name, company or affiliation, title or other identifying feature of each individual to whom such oral communication was made;

    (c)    the date upon which such oral communication was made;

    (d)    the place where such oral communication was made;

    (e)    the name of each individual who heard the oral communication if different or in addition to those individuals to whom such oral communication was made, and include such description as to enable defendant to identify those individuals;

    (f)    the nature and content of the oral communication, repeating the actual words used to the extent possible and, where not possible, paraphrasing in detail those words;

    (g)    state whether any individual to whom such oral communication was made, or hearing such oral communication, made any statements in response to said communication and, if so, identify such response or responses in detail, repeating the actual words used to the extent possible and when not possible, paraphrasing those words;

4

(h) state whether the oral communication was ever memorialized in any document. If so, identify each such document and attach a copy of same.

11. With regard to any document that is supplied in answer to any Interrogatory, indicate on the face thereof the Interrogatory(ies) to which said document is responsive.

12. These Interrogatories are continuing in nature, and your Answers must be timely supplemented if you later learn that any of them are inaccurate or incomplete or if you or your attorney obtains further information.

## **DEFINITIONS**

1. Unless specifically indicated otherwise, the following definitions are applicable throughout this document and are incorporated into each Interrogatory.

2. The term "document" shall be given the broadest meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include all kinds of writings, including but not limited to the original or draft of any kind of written or graphic matter in any medium, however or by whomever produced or reproduced, of any kind or description, whether sent or received or neither and all copies thereof which are different in any way from the original (whether by receipt stamps, notation, indication of copy sent or received or otherwise), regardless of whether designated "confidential," "privileged", or otherwise, and including without limitation, any paper, book, periodical, circular, pamphlet, notice, statement, notepad, diagram, account, photograph, blueprint, drawing, agreement, contract, questionnaire, calendar, diary, memorandum, advertising material, message, letter, postcard, telegram, facsimile communication, object, report, record, telephone record, transcript, study, note, notation, working paper, schedule, itinerary,

intra-office communication,, e-mail message, communication sent or received via modem, inter-office communication, personal interview, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill, bill of lading, invoice, data sheet, flow sheet, price list, purchase order, receipt, quotation, bulletin, circular, manual, summary, graph or other data compilations from which information may be obtained, notation or recording of telephone or other conversation, or of interviews, or of conferences or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which you have or have had access to or of which you have knowledge. If such data compilations or documents are contained on magnetic disks, tapes, or other media not readable by the human eye, the relevant portions of such compilations shall be translated through computers or other such detection or reading devices into printed form.

3. The term "person" means the plural as well as the singular and includes any natural person, governmental unit or entity, partnership, firm, corporation, association, joint venture, trust, or any other form of organization or legal entity.

4. The term "Communication" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by documents, writing or copy thereof or otherwise.

5. The term "Concerning" means relating to, referring to, describing, evidencing, showing, or constituting.

6. The term "Referring to" and "arising out of" and its cognates mean summarizing, commenting upon, describing, digesting, reporting, listing, analyzing,

6

studying, discussing, comprising or resulting from the subject matter identified in a request.

7.  The term "You" and "your" mean Defendant and its agents, attorneys, representatives, or other persons acting on Defendant's behalf.

8.  The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.  The term "all" shall mean "any and all"; the term "each" shall mean "each and every."

10. The use of the singular form of any word includes the plural and vice versa.

11. "Defendant" shall mean the entity named in the caption of the Complaint, or any of its agents, employees or representatives.

12. The term "Plaintiff" and/or "Plaintiffs" refers to JOSE HENRIQUEZ, JOSE HECTOR FUENTES, and all others similarly situated, and any of their agents, representatives, attorneys, and/or assigns.

13. The term "identify" as used in connection with any natural person requires you to provide the following information for each such person:

   (a)  the person's full name;
   (b)  the person's last known home address and telephone number;
   (c)  the name of the person's last known employer;
   (d)  the person's last known business address and telephone number;
   (e)  the person's last known job title.

14. The term "identify" as used in connection with any document requires you to provide the following information for each document:

(a) the title of the document with sufficient particularity to permit its identification;

(b) the name, position of employment or title and business address of each person who prepared or participated in the preparation of each document;

(c) the date on which each document was prepared;

(d) the identify of each person who received or obtained a copy of each document; and

(e) If all copies of the document have been destroyed, please identify the person or persons authorizing the destruction of the document and specify the date of the destruction of the document.

15. The term "describe" as used in these Interrogatories in connection with any act, occurrence, omission or series of acts, occurrences or omissions requires, in addition to a complete factual description, you to provide the following information:

(a) identify each and every person involved in the act, occurrence, omission or series of acts, occurrences or omissions;

(b) the date or dates of each and every act, omission, or occurrence; and

(c) identify each and every document involved in the act, occurrence, omission, or series of acts, occurrences, or omissions.

## INTERROGATORIES

With respect to each opt-in Plaintiff, please state the following:

1. With respect to each opt-in Plaintiff, accurately and fully describe the duties of each position that Plaintiff held during the course of his employment with Defendant, state Plaintiff's dates of employment, and state Plaintiff's hourly rate or salary.

2. Identify each and every person who managed or supervised Plaintiff's work or assigned him tasks or duties. For each person identified, provide his/her dates of employment, last known address and telephone number.

3. Identify each and every person responsible for determining whether Plaintiff's classification (exempt or non-exempt) with respect to overtime requirements. For each person identified, provide his/her dates of employment, last known address and telephone number.

4. Identify all documents, including but not limited to work schedules, sign-in sheets and/or time cards, which refer or relate to the hours worked by Plaintiff each week during the period of his employment with Defendant.

5. Identify each and every person responsible for determining Plaintiff's compensation, including his regular rate of pay and overtime rate of pay. For each person identified, provide his/her dates of employment, last known address and telephone number.

6. Identify all persons employed at Kelco Landscaping Inc., Kelco Landscaping Corp., Elm General Construction Corp, and Kelly's Crew, from December

2006 to present, including their position, dates of employment, last known address and telephone number.

7. Identify each and every written policy, administrative regulation, order, ruling, approval, and/or interpretation of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practice or enforcement policy thereof, upon which Defendant relied in determining that Plaintiffs were exempt employees.

8. If you contend that Plaintiffs are not 'similarly situated' to other current and/or former employees for purposes of 29 U.S.C. 216(b), state all facts that support such contention.

9. For each of Defendant's locations, identify each person responsible for payroll at any time from December 2006 through December 2012, including their position, dates of employment, last known address and telephone number.

10. Identify the Prime Contractor's officers, directors and shareholders.

11. Identify each of the Prime Contractor's employees, agents and other representatives with knowledge of the matters set forth in the Complaint herein.

12. For each Public Works Contract entered into by Defendant during the six years preceding the commencement of this action, identify:

    (a) the public agency or authority with whom Defendant contracted to perform the project;

    (b) The amount of the contract, including change orders, pursuant to which the was performed;

    (c) the name of the subcontractor Defendant entered into a subcontract or other agreement with;

    (d) the amount of any subcontract(s), including change order;

Case 2:12-cv-06233-ADS-GRB   Document 32-1   Filed 01/21/14   Page 11 of 15 PageID #: 153


(e) the date upon which the subcontractor(s) commenced work thereon;

(f) the date upon which the subcontractor(s) finished work thereon;

(g) the date upon which the Prime Contractor commenced work thereon;

(h) the date upon which the Prime Contractor finished work thereon;

(i) the location and address of the site(s) upon which any work was performed;

(j) the identities of the individuals employed by the subcontractor(s) thereon;

(k) the classifications of workers employed by the subcontractor(s) thereon;

(l) all of Defendant's employees, agents or other representatives who worked as supervisors, superintendents, foremen, crew chiefs or other overseers in connection with the Public Work;

(m) the names and titles of all government inspectors who were present at any time on the site(s) of each Public Work;

(n) the names and titles of all of Defendant's employees, agents or other representatives who supervised and/or monitored the subcontractor's work thereon;

(o) all sureties who issued payment and/or performance bonds thereon;

(p) the name of the construction manager of record;

(q) the identity of all joint venturers, subcontractors, affiliates, and/or related entities of Defendant.

13. Identify all documents that refer or relate to the information requested in Interrogatory No. 12 above.

14. To the extent that the Public Work was performed with the Prime Contractor's own employees identify:

(a) the identities of all the workers who performed work thereon;

(b) the dates by location when the work was performed;

(c) the classifications of workers employed by the Prime Contractor thereon to perform the work;

  (d) all of Defendant's employees, agents or other representatives who worked as supervisors, superintendents, foremen, crew chiefs or other overseers in connection with the public work.

 15. Identify all documents that refer or relate to the information requested in Interrogatory No. 14 above.

 16. State whether an employee, agent or other representative of any governmental entity or agency, or any law enforcement official, has made written or verbal requests to Defendant for information, books or records relating to payment of prevailing wages and/or benefits in connection with any of the public works identified by Defendant in response to Interrogatory No. 14. If Defendant's answer is yes:

  (e) identify each request;

  (f) state the date of each request;

  (g) describe the action taken by Defendant in response to each request;

  (h) identify each of Defendant's employees, agents and other representatives who participated in any discussions, decision-making or efforts regarding Defendant's response to each request; and

  (i) identify all documents concerning the information requested in this interrogatory.

 17. For each of the Public Works identified by Defendant in response to Interrogatory No. 12 identify each employee, agent or other representative of a governmental agency who inspected, or otherwise visited, the site of the work.

 18. Identify each of Defendant's employees, agents and other representatives who bore responsibility for preparing and/or submitting the bid documents for each of the Public Works contracts identified in response to Interrogatory No. 12 above.

 19. Identify each of Defendant's employees, agents and other representatives who bore responsibility for preparing and/or submitting payment requisitions for each of the Public Works Projects identified in response to Interrogatory No. 12.

20. Identify each of Defendant's employees, agents and other representatives who were responsible for the on-site management of the work performed at the site of each of the Public Works Projects.

21. State whether an employee, agent or other representative of the U.S. Department of Labor or the New York State Department of Labor has made written or verbal requests to Defendant for information, books or records relating to the payment of overtime wages from December 2006 through present. If Defendant's answer is yes:

- (j) identify each request;

- (k) state the date of each request;

- (l) describe the action taken by Defendant in response to each request;

- (m) identify each of Defendant's employees, agents and other representatives who participated in any discussions, decision-making or efforts regarding Defendant's response to each request; and

- (n) identify all documents concerning the information requested in this interrogatory.

22. Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents over which they have possession, custody, or control.

23. For any statements that have been taken by or from you relating to the facts that are the subject of this litigation, please state the following:

- (a) The identity of the person who gave or made the statement.

- (b) The substance of the statement.

- (c) The date when the statement was taken.

- (d) The identity of the person who took the statement.

- (e) Whether the statement was reduced to writing.

- (f) The present location of the statement and the identity of the person now in

possession of the statement.

24. Identify all experts whom Defendant and/or its agents have contacted and/or retained for the purposes of this litigation, and specify each expert's area of expertise. Identify all written reports rendered by each expert whom Defendant and/or its agents have contacted and/or retained. If any expert whom Defendant and/or its agents have contacted and/or retained has rendered any oral reports to Defendant and/or its agents, state the contents of each oral report in full detail. State whether Defendant intends to call any expert as a witness during the trial of the matter and if so, provide a detailed description of said expert's anticipated testimony.

25. Identify any and all documents consulted, examined or referred to in preparation of the answers to these interrogatories.

Dated: Farmingdale, New York
      May 1, 2013

                          FRANK & ASSOCIATES, P.C.

                By:    _____
                          Andrea E. Batres
                          500 Bi-County Blvd., 112N
                          Farmingdale, New York 11735
                          (631) 756-0400

TO:    Noe Solorzano, Esq.
        Hankin & Mazel, PLLC
        *Attorneys for Defendants*
        7 Penn Plaza, Suite 1602
        New York, NY 10001

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of *Plaintiffs' First Set of Interrogatories to Defendant* via United States Mail, this 1th day of May, 2013, on:

> Noe Solorzano, Esq.
> Hankin & Mazel, PLLC
> *Attorneys for Defendants'*
> 7 Penn Plaza, Suite 1602
> New York, NY 10001

I affirm that the foregoing statements are true, under penalty of perjury.

Dated: Farmingdale, New York
April 29, 2013

_____
Andrea E. Batres