UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of themselves and
similarly situated employees,

                                     Plaintiffs,

                  -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S CREW,
JOHN KELLY, JOSEPH PROVENZANO,

                                  Defendants.,

-----------------------------------------------------------------x

12-cv-6233 (ADS)(GRB)

PLAINTIFFS' FIRST REQUEST
FOR THE PRODUCTION OF
DOCUMENTS

       PLEASE TAKE NOTICE, that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs demand that the defendant herein produce and permit plaintiff to inspect and copy the documents designated below, at the offices of Frank & Associates, P.C., 500 Bi-County Blvd., 112N, Farmingdale, New York 11735, within thirty (30) days of service of these document requests.

## DEFINITIONS

       1.     Unless specifically indicated otherwise, the following definitions are applicable throughout this document and are incorporated into each Document Demand.

       2.     The term "document" shall be given the broadest meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include all kinds of writings, including but not limited to the original or draft of any kind of written or graphic matter in any medium, however or by whomever produced or reproduced, of any kind or description, whether sent or received or neither and all copies thereof which are different in any way from the original

(whether by receipt stamps, notation, indication of copy sent or received or otherwise), regardless of whether designated "confidential," "privileged", or otherwise, and including without limitation, any paper, book, periodical, circular, pamphlet, notice, statement, notepad, diagram, account, photograph, blueprint, drawing, agreement, contract, questionnaire, calendar, diary, memorandum, advertising material, message, letter, postcard, telegram, facsimile communication, object, report, record, telephone record, transcript, study, note, notation, working paper, schedule, itinerary, intra-office communication,, e-mail message, communication sent or received via modem, inter-office communication, personal interview, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill, bill of lading, invoice, data sheet, flow sheet, price list, purchase order, receipt, quotation, bulletin, circular, manual, summary, graph or other data compilations from which information may be obtained, notation or recording of telephone or other conversation, or of interviews, or of conferences or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which you have or have had access to or of which you have knowledge. If such data compilations or documents are contained on magnetic disks, tapes, or other media not readable by the human eye, the relevant portions of such compilations shall be translated through computers or other such detection or reading devices into printed form.

    3.    The term "person" means the plural as well as the singular and includes any natural person, governmental unit or entity, partnership, firm, corporation, association, joint venture, trust, or any other form of organization or legal entity.

    4.    The term "Communication" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by documents, writing or copy thereof or otherwise.

5. The term "Concerning" means relating to, referring to, describing, evidencing, showing, or constituting.

6. The term "Referring to" and "arising out of" and its cognates mean summarizing, commenting upon, describing, digesting, reporting, listing, analyzing, studying, discussing, comprising or resulting from the subject matter identified in a request.

7. The term "You" and "your" mean Defendants and their agents, attorneys, representatives, employees, or other persons acting on Defendants' behalf.

8. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The term "all" shall mean "any and all"; the term "each" shall mean "each and every."

10. The use of the singular form of any word includes the plural and vice versa.

11. "Defendant" shall mean the entities named in the caption of the Complaint, or any agent, employee or representative, including without limitation attorney thereof, investigator, or other person or entity who are in possession of or who may have obtained information for or on behalf of Defendants.

12. "Contracting agency" shall mean state department, agency, board, or commission; a county, city, town or village; a school district, board of education or board of educational services; a sewer, water, fire, improvement and other district corporation; a public benefit corporation; and a public authority awarding a public work contract.

## INSTRUCTIONS

13. You are to produce all documents referred to or described below which are in your possession, custody or control, within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

14. These requests for documents shall be as broadly construed as possible to include all documents that may conceivably fall within their scope. The specificity of any request for documents shall not be construed to limit the generality of any other request. Whenever appropriate, the singular form of a word shall be interpreted in the plural, and the plural in the singular.

15. All requested documents shall be produced within 30 days of the date of this request at the offices of Frank & Associates, P.C., 500 Bi-County Blvd., 112N, Farmingdale, New York 11735.

16. You are to produce the original of each requested document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof.

17. All requested documents shall be produced either as they are kept in the normal course of business, or organized and labeled to correspond to the categories requested.

18. This request for documents is continuing in nature, so that if responsive documents come to your attention after your response, your response should be timely supplemented to include such documents.

19. If you withhold any document on a claim or privilege or work product, then describe the type of document being withheld, its date, the identity of its author, its subject matter, its current location, and the specific grounds for withholding the document.

20. Where a request requires the production of documents, the original shall be produced unless it is not in your custody. If copies are all that is available, the reverse side of

each such document shall be copied unless it is completely blank. All copies that are non-identical to the original should be produced along with the original.

21. All documents must be produced in their original file folders, binders, or other covers unless that is not possible. Whenever a document or group of documents is taken out of a file folder, cover, file drawer, file box or notebook before the same is produced, attach thereto a copy of the label of the file folder, binder, cover, file drawer, file box or notebook from which the document or group of documents was removed.

22. If any document requested was formerly in the possession, custody, or control of Defendant(s) and has been lost or destroyed, Defendant is requested to submit, in lieu of each such document, a written statement which:

    a. describes in detail the nature of the document and its contents

    b. identifies the person who prepared or authorized the document

    c. specifies the date on which the document was lost or destroyed, and if destroyed, the contents and the identity of the person requesting and performing the destruction.

## DOCUMENTS REQUESTED

With respect to each opt-in Plaintiff, please produce the following:

1. All documents which evidence and/or reflect the dates of Plaintiff's employment with Defendants.

2. Plaintiff's employment file, including personnel documents, human resources records, performance evaluations, disciplinary actions, records of salary changes, and training records, job descriptions or assignments, records of payroll and benefits and severance package, records of shift changes, applications for employment, and applications for promotion or transfer.

3. Documents that state, outline, describe, or illustrate the essential functions of each position held by Plaintiff throughout the term of his/her employment with Defendant.

4. Documents that refer or relate to communication between you or your employees, agents, or representatives concerning Plaintiff's attendance, work schedule, and/or job duties.

5. Documents that relate or refer to your employment policies and procedures including, but not limited to, those relating to payroll, time-keeping, and overtime, in effect during the term of Plaintiff's employment with Defendants.

6. Produce original copies or true copies thereof of all payroll records and records of hours worked by Plaintiff.

7. Produce original copies or true copies thereof of all payroll records and records of hours worked for all employees similarly situated to Plaintiff for the period December 2006 through December 2012.

8. Produce original copies or true copies thereof of all records showing the name, last known address and job title of each person employed by Defendants as a landscape laborer and/or construction worker at any time during the six years preceding December 2012.

9. Produce original copies or true copies thereof of all records showing the name, last known address and job title of each person employed by Defendants in a non-exempt position at any time during the six years preceding December 2012.

10. Produce the Combined Withholding, Wage Reporting and Unemployment Return Forms (NYS-45) and Quarterly Returns filed by Defendants during the period 2006 through 2012.

11. Produce the annual federal and state tax return filed by each corporate Defendant during the period 2006 through 2012.

12. Produce all Certificates of Incorporation for Defendant Kelco Landscaping Inc.

13. Produce all Certificates of Incorporation for Defendant Kelco Landscaping Corp.

14. Produce all Certificates of Incorporation for Defendant Elm General Construction Corp.

15. Produce all Certificates of Incorporation for Defendant Kelly's Crew.

16. The corporate resolutions, minute books, stock register, shareholder records and all other corporate governing documents concerning Defendant Kelco Landscaping Inc.

17. The corporate resolutions, minute books, stock register, shareholder records and all other corporate governing documents concerning Defendant Kelco Landscaping Corp.

18. The corporate resolutions, minute books, stock register, shareholder records and all other corporate governing documents concerning Defendant Elm General Construction Corp.

19. The corporate resolutions, minute books, stock register, shareholder records and all other corporate governing documents concerning Defendant Kelly's Crew.

20. Produce all documents that evidence and/or reflect the identity of the shareholders, officers, and directors of Defendant Kelco Landscaping Inc. from December 2006 to present.

21. Produce all documents that evidence and/or reflect the identity of the shareholders, officers, and directors of Defendant Kelco Landscaping Corp., Inc. from December 2006 to present.

22. Produce all documents that evidence and/or reflect the identity of the shareholders, officers, and directors of Defendant Elm General Construction Corp. from December 2006 to present.

23. Produce all documents that evidence and/or reflect the identity of the owners, officers, and directors of Defendant Kelly's Crew from December 2006 to present.

24. For each position Plaintiff held during the course of his/her employment with Defendants, produce all documents that relate or refer to the job description, job duties, qualifications, responsibilities, scope of authority, and reporting relationships.

25. For the period 2006 through present, produce each and every document submitted by Defendants, their agents, or their representatives or any person acting on their behalf to the United States Department of Labor and/or the New York State

Department of Labor concerning any inquiry or investigation of Defendant's payment of wages.

26. Produce original copies or true copies thereof of all records showing the hours worked each workday and the total hours worked each week by Plaintiff throughout the term of his/her employment with Defendants.

27. Produce original copies or true copies thereof of all memos and notices issued by Defendants to Defendants' employees regarding work rules, policies, procedures, schedule changes, and holidays.

28. Produce original copies or true copies thereof of all records showing the regular rates of pay and premium for overtime hours, including date of payment and the pay periods covered, which was paid Plaintiff throughout the course of his employment with Defendants.

29. Produce original copies or true copies thereof of all records showing the total additions and deductions from wages paid to Plaintiff each pay period and the nature of those deductions during the course of his employment with Defendants.

30. Produce original copies or true copies thereof of all time cards, time sheets, payroll sheets, payroll checks, and employee earning statements prepared or maintained on behalf of Plaintiff.

31. Produce original copies or true copies thereof of all records that reflect time spent and/or hours worked by Plaintiff throughout the tenure of his/her employment with Defendants, including but not limited to time cards, daily reports, sign-in and sign-out logs.

32. All documents that refer or relate to city, state and/or federal taxes paid on behalf of Plaintiff for labor performed or hours worked during the course of Plaintiff's employment with Defendants.

33. All documents that refer or relate to Social Security withheld and remitted on behalf of Plaintiff during the course of Plaintiff's employment with Defendants.

34. All documents that refer or relate to any wage investigation undertaken by any governmental entity in connection with Defendants' payment of wages to its employees during the six years preceding December 2012.

35. Produce copies of all timekeeping/payroll records and records of hours worked for all employees at Defendant Kelco Landscaping Inc. for the period 2006 through 2012.

36. Produce copies of all timekeeping/payroll records and records of hours worked for all employees at Defendant Kelco Landscaping Corp.'s for the period 2006 through 2012.

37. Produce copies of all timekeeping/payroll records and records of hours worked for all employees at Defendant Elm General Construction Corp for the period 2006 through 2012.

38. Produce copies of all timekeeping/payroll records and records of hours worked for all employees at Defendant Kelly's Crew for the period 2006 through 2012.

39. Produce copies of all documents and/or records showing the name, last known address, telephone number and job title of each person employed by Defendant for the period 2006 through 2012.

40. Produce copies of any documents evidencing the identities and job responsibilities of Plaintiff's direct supervisors and any other person with decision-making authority regarding Plaintiff's schedules and compensation.

41. Produce copies of any communications between or among Defendants or employees of Defendants related to Plaintiff's hours worked, overtime and/or compensation.

42. Produce copies of any communications with third parties relating to Plaintiff's hours worked, overtime or compensation.

43. Produce copies of all documents that set forth, describe or discuss the method which Defendants used to calculate overtime pay.

44. Produce copies of all documents that indicate, set forth, describe or discuss Defendant's classification of the job titles and/or positions held by Plaintiff as exempt or non-exempt.

45. Produce copies of all employee manuals, handbooks, fliers, or other instructions to employees, and/or operations manuals used by Defendants for the period 2006 through 2012.

46. Produce copies of all documents concerning any interoffice communications wherein overtime policies were discussed.

47. Produce copies of all documents concerning lawsuits and/or administrative investigations where Defendant's employees' compensation, hours worked, and/or overtime compensation is implicated.

48. Produce copies of all documents concerning Defendants' interaction with any government agency regarding Defendants' employees' compensation, hours worked, and/or overtime compensation.

49. Produce copies of all documents that set forth, describe or discuss the wage schedule which Defendants used to calculate the prevailing wage rate owed to Plaintiff on work performed at any Public work Project.

50. Produce copies of all documents that indicate, set forth, describe or discuss Defendant's compliance with any Prevailing wage rate schedule paid to all employees.

51. Produce copies of all documents that set forth, describe or discuss the wages and supplements paid to all employees by Defendants' for any work performed on a public work project.

52. Produce All Public Works Contracts, entered into by Defendant between 2006 and 2012, including, but not limited to, public works contracts for: landscape and/or construction work.

53. Produce all subcontractor agreements, purchase order agreements, or any other agreements evidencing an agreement(s) to perform on the Public Works Projects.

54. Produce all documents which refer or relate to any union affiliation of any of the plaintiffs and the putative class members from 2006 to 2012.

55. Produce all documents that refer or relate to wages and/or benefits paid to on or behalf of any of the plaintiffs.

56. Produce all certified payroll records prepared for or on behalf of Defendant.

57. Produce all payroll records prepared by Defendant in connection with any of the Public Works Projects and Non Public Works Projects.

58. Produce all documents which reflect the time spent by any of the plaintiffs and the putative class members on the Public Works Projects and Non Public Works Projects including sign in sheets, sign out logs and daily reports.

59. Produce all documents which describe the work performed by Defendant on Public Works Projects and Non Public Works Projects.

60. Produce all documents which refer or relate to the designation by a government entity of the job classification of any individual who furnished labor on the Public Works Projects.

61. Produce all prevailing was schedules applicable to the Public Works Projects Contracts.

62. Produce all documents evidencing contract completion and/or acceptance in connection with work performed by Defendant on Public Works and Non Public Works Projects including bond releases and letters of performance and acceptance.

63. Produce all payment bonds or labor and material bonds issued to Defendant for all Public Works and Non Public Works Project.

64. Produce all indemnification agreements and all related applications to obtain bonds for Defendant.

65. Produce all documents which refer or relate to any work performed by any of the plaintiffs and putative class members on the sites of the Public Works Projects.

66. Produce any and all documents relating to any criminal investigation made by, penalties imposed by, or other actions taken by New York State, regarding the defendants.

67. Produce all electronic data maintained concerning overtime hours worked and rate of pay for all plaintiffs.

68. Produce any documentation relied upon to calculate overtime pay for the Plaintiffs from 2006 to 2012.

69. Any and all records prepared in the normal course of the Defendants' business that relate to defendants employees, including, but not limited to, employment applications, time

schedules, vacation schedules, time logs, work schedules calendars, and similar documents used to record employees' hours and schedule their work shifts.

70. Produce copies of all documents and/or notices concerning wage schedules posted at any Public work project during the term of Plaintiff's employment with Defendants.

71. Produce copies of all surety bonds obtained by Defendants' from surety companies or any company issuing surety bonds for the period 2006 through 2012.

72. Produce copies that identify any and all surety companies or companies issuing surety bonds used by Defendants for the period 2006 through 2012.

73. Produce copies of any and all requests made to the Bureau of Public work for a dispensation permitting workers to work additional hours or days per week on a public work project.

74. Produce copies of all employee manuals, handbooks, fliers, or other instructions to employees, and/or operations manuals used by Defendants for the period 2006 through 2012.

75. Produce copies of all documents concerning any interoffice communications wherein overtime policies were discussed.

76. Produce copies of all documents concerning lawsuits and/or administrative investigations where Defendant's employees' compensation, hours worked, and/or overtime compensation is implicated.

77. Produce copies of all documents concerning Defendants' interaction with any government agency regarding Defendants' employees' compensation, hours worked, and/or overtime compensation.

78. Produce any statements that Defendants or their agents or attorneys have obtained regarding the matters involved in this lawsuit.

79. Produce any and all documents relating or referring to the terms and conditions of Plaintiff's employment with Defendants including, but not limited to, all personnel manuals, handbooks, policies, employee rules and regulations and/or other memoranda.

80. Produce any and all documents relating to or supporting each denial of any allegation of the Complaint, and relating to or supporting each Affirmative or General Defense asserted therein.

81. If you contend that Plaintiff is not 'similarly situated' to other current and/or former employees for purposes of 29 U.S.C. 216(b), produce all documents which evidence, support, reflect, refer, and/or relate to that contention.

82. For each position held by Plaintiff during his employment with Defendants, produce all documents which evidence, demonstrate and/or reflect that Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

83. For each position held by Plaintiff during his employment with Defendants, produce all documents which evidence, demonstrate and/or reflect the manner in which Plaintiff's time was allocated with respect to his job duties.

84. For each position held by Plaintiff during his employment with Defendant, produce all documents which evidence, demonstrate and/or reflect the percentage of Plaintiff's time that was spent performing each duty or responsibility of the position.

85. Produce all documents reflecting classification of Plaintiff (exempt or non-exempt), and the reasons for the classification, for the term of Plaintiff's employment with Defendant.

86. Produce copies of all documents and/or notices concerning overtime compensation laws posted in Plaintiff's workplace during the term of Plaintiff's employment with Defendants.

87. Produce all documents that support, oppose, or in any way relate to Plaintiff's claim for unpaid overtime wages.

88. Produce every document that Defendants intend to introduce as an exhibit at the trial in this action.

89. Produce all documents not already provided that may, in any way support, dispute or relate to Plaintiff's claims or to Defendants' defenses to Plaintiff's claims.

90. Produce all statements or affidavits Defendants have obtained concerning the allegations in the Complaint and/or its defenses thereto.

91. All documents prepared or reviewed by any expert who will testify at trial, including working papers, notes, calculations, diagrams, photographs, models, exhibits, reports and factual observations, and other documents.

92. All documents considered in forming an opinion by any expert who will testify at trial.

93. All invoices, bills, and other billing materials relating to the subject matter of this suit for each expert that you expect to testify at trial.

94. All photographs, videotapes, audio recordings, and drawings that pertain in any way to the subject matter of this suit.

95. All documents that relate or refer to any oral or written statements made by you or your representatives concerning this suit, excluding communications with your counsel.

96. All documents obtained from other persons that you have in your custody, possession or control, that you believe support your defenses to Plaintiff's claims.

97. Produce all documents identified in Defendants' automatic disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

98. Produce all communications between Plaintiff and Defendants, their agents, servants, representatives, or anyone acting on Defendants' behalf, from the beginning of Plaintiff's employment with Defendant through present.

99. Produce all documents identified in Defendants' answers, and/or consulted in answering, Plaintiff's First set of Interrogatories.

Dated: Farmingdale, New York
      May 1, 2013

FRANK & ASSOCIATES, P.C.

By: _____
Andrea E. Batres
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
(631) 756-0400

To: Noe Solorzano, Esq.
    Hankin & Mazel, PLLC
    *Attorneys for Defendants*
    7 Penn Plaza, Suite 1602
    New York, NY 10001

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of ***Plaintiffs' First Request for the Production of Documents*** via United States Mail, this 1st day of May, 2013, on:

> Noe Solorzano, Esq.
> Hankin & Mazel, PLLC
> *Attorneys for Defendants*
> 7 Penn Plaza, Suite 1602
> New York, NY 10001

I affirm that the foregoing statements are true, under penalty of perjury.

Dated: Farmingdale, New York
April 29, 2013

_____
Andrea E. Batres