UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JOSE MANUAL HENRIQUEZ and JOSE HECTOR
FUENTES, on behalf of themselves and similarly
situated employees,

                     Plaintiffs,

-against-

KELCO LANDSCAPING, INC., KELCO LANDSCAPING
CORP., ELM GENERAL CONSTRUCTION CORP.,
KELLY'S CREW, JOHN KELLY and JOSEPH
PROVENZANO,

                     Defendants.
-------------------------------------------------------------------------x

CASE No.
12-CV-6233 (ADS)(GRB)

DEFENDANT(S)
RESPONSE TO
PLAINTIFF'S
FIRST SET OF
INTERROATORIES

      Defendant(s), KELCO LANDSCAPING, INC., ELM GENERAL CONSTRUCTION CORP., JOHN KELLY and JOSEPH PROVENZANO (the "Defendants"), by and through their attorneys, HANKIN & MAZEL, P.L.L.C., as and for their Response to Plaintiff's First Set of Interrogatories, states as follows:

### GENERAL OBJECTIONS

      Defendant(s) submit the following general objections which apply to each and every one of plaintiff's interrogatories request(s):

(A)   Defendant(s) reserve the right to challenge the competency, relevance and admissibility, at trial or any subsequent proceeding, in this or any other action, of any statement made or information provided in response to plaintiff's interrogatories demand.

(B)   Defendant(s) object to plaintiff's interrogatory requests insofar as they seek to impose upon defendant(s) obligations greater than those required by the Federal Rules of Civil Procedure ("FRCP").

(C)   Defendant(s) object to plaintiff's interrogatory requests insofar as they are directed to or made on behalf of entities or persons who are not parties to this litigation.

(D)   Defendant(s) object to plaintiff's interrogatory requests insofar as they attempt to elicit protected documents or information subject to attorney-client privilege; the work product doctrine; the confidentiality of documents

      containing the impressions, conclusions, opinions, legal research or theories of the defendant(s) or their attorneys; or, seek materials prepared in anticipation of litigation.

(E)    Defendant(s) object to plaintiff's interrogatory requests insofar as they seek documents or information not within the possession, custody or control of the defendant(s).

(F)    Defendant(s) object to plaintiff's interrogatory requests insofar as they seek documents or information, which is within plaintiff's exclusive custody, control and possession, or, to which plaintiff has equal access.

(G)    Defendant(s) object to plaintiff's interrogatory requests insofar as they are vague, ambiguous, overbroad, unduly burdensome, oppressive or vexatious and seek documents and/or information outside the scope of permissible discovery pursuant to the FRCP.

(H)    Defendant(s) object to plaintiff's interogatory requests insofar as they are unlimited in time or otherwise not limited to a time frame relevant to this litigation on the grounds that each such requests are overbroad and unduly burdensome and seeks information and/or documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

(I)    Defendant(s) object to plaintiff's interrogatory requests insofar as they seek the disclosure of confidential and/or proprietary information, documents or responses.

(J)    Defendants object to all interrogatories relating to the defendant Kelco Landscaping, Inc who did not employ the plaintiffs or anyone similarly situated.

## GENERAL STATEMENT

Defendant(s) have based their objections and responses to plaintiff's interrogatory requests on information currently available to defendant and reserves the right to amend these objections and responses to include information and documents which may be obtained through ongoing discovery and investigation in accordance with the FRCP. Defendant(s) reserve the right to supplement, amend or correct their responses in the event of the development or availability of additional, responsive, non-privileged information to the extent such supplementation, correction or amendment is warranted pursuant to the FRCP. The foregoing general objections, are incorporated by reference within each of the following responses and objections.

## DEFINITIONS

1. As used herein, objections containing the phrase "seeks the discovery of irrelevant information and documents" or words to that effect means that the document request seeks information or documents (1) have no tendency to make the existence of any fact or consequence to the determination of the instant case more or less probable than it would be without such information or documents; and, (2) which do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

2. As used herein, "unduly burdensome" means that the information or document request requires a search for information or documents which are of little or no benefit to this action in that the value of their production is far outweighed by the burden of producing them, especially where the defendant can obtain the information or documents from other sources.

3. As used herein "overbroad" means that the information and/or document request requires production, at least in part, of information and/or documents, which are irrelevant to the instant litigation in subject matter or time period or both.

4. As used herein "vague" means that these answering Defendant are unable to ascertain with certainty what information or document is being requested.

## RESPONSES AND INTERROGATORIES

1.     With respect to each opt-in Plaintiff, accurately and fully describe the duties of each position the Plaintiff held during the course of his employment with Defendant, state Plaintiffs date of employment, and state Plaintiffs hourly rate or salary.

### Response to Interrogatory No. 1:

Henriquez: Landscape maintenance laborer; 03-27-2009; $15.00 per hour.

Fuentes:   Landscape maintenance laborer; 10-06-2008; $12.00 per hour.

Reyes:     Landscape maintenance laborer; 03-07-2002; $15.00 per hour.

Rivera:    Landscape maintenance laborer; 03-17-2011; $20.00 per hour.

2.     Identify each and every person who managed or supervised Plaintiff's work or assigned him tasks or duties. For each person identified, provide his/her dates of employment, last known address and telephone number.

### Response to Interrogatory No. 2:

Joseph Provenzano; 03-09-2002 to present; 10 Inwood Place, Melville, New York; 631-757-0335.

      Julio Perdomo; 03-09-02 to present; 302 Whipple Street, Brentwood, New York; 631-435-0528.

      3.    Identify each and every person responsible for determining whether Plaintiff's classification (exempt or non-exempt) with respect to overtime requirements. For each person identified, provide his/her dates of employment, last known address and telephone number.

**Response to Interrogatory No. 3:**

      Joseph Provenzano; 03-09-2002 to present; 10 Inwood Place, Melville, New York; 631-757-0335.

      4.    Identify all documents, including but not limited to work schedules, sign-in sheets and/or time cards, which refer or relate to the hours worked by Plaintiff each week during the period of his employment with Defendant.

**Response to Interrogatory No. 4:**

      Time cards

      Time Card Journals

      Payroll Check Registers

      5.    Identify each and every person responsible for determining Plaintiff's compensation, including his regular rate of pay and overtime rate of pay. For each person identified, provide his/her dates of employment, last known address and telephone number.

**Response to Interrogatory No. 5:**

      Joseph Provenzano; 03-09-2002 to present; 10 Inwood Place, Melville, New York; 631-757-0335.

      6.    Identify all persons employed at Kelco Landscaping Inc., Kelco Landscaping Corp., Elm General Construction Corp., and Kelly's Crew, from December 2006 to present, including their position, dates of employment, last known address and telephone number.

**Response to Interrogatory No. 6:**

      Defendant objects to this interrogatory as it relates to defendants other than ELM General Construction Corp who employed the Plaintiffs herein as it requests information which is irrelevant, outside the scope of the claims, overbroad and violates rights to privacy. Notwithstanding, See Exhibit #4 List of employees of ELM General

Construction Corp.set forth in defendant(s) response to plaintiffs demand for documents.

7. Identify each and every written policy, administrative regulations, order, ruling, approval, and/or interpretation of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative enforcement policy thereof, upon which Defendant relied in determining the Plaintiffs were exempt employees.

**Response to Interrogatory No. 7:**

Defendant objects to this interrogatory as it requests legal conclusions and/or questions of law.

8. If you contend that Plaintiffs are not 'similarly situated' to other current and/or former employees for purposes of 29 U.S.C. 216 (b), state all facts that support such contention.

**Response to Interrogatory No. 8:**

Defendants object to this interrogatory only to the extent that it relates to the defendant Kelco Landscaping, Inc. who did not employ the plaintiffs or anyone similarly situated and otherwise. Notwithstanding, ELM General Construction Corp. does not contend plaintiffs are not similarly situated.

9. For each of Defendant's locations, identify each person responsible for payroll at any time from December 2006 through December 2012, including their position, dates of employment, last known address and telephone number.

**Response to Interrogatory No. 9:**

Terri Provenzano, 3-09-02, 19 Creekside Drive Middle Island, New York 11953.

10. Identify the Prime Contractor's officers, directors and shareholders.

**Response to Interrogatory No. 10:**

Defendant objects to this interrogatory as it relates to the term "prime contractor". Notwithstanding, Joseph Provenzano is the sole officer, director and shareholder of ELM General Construction Corp.

11. Identify each of the Prime Contractor's employees, agents and other representatives with knowledge of the matters set forth in the Complaint herein.

**Response to Interrogatory No. 11:**

       Joseph Provenzano

       Terri Provenzano

       Julio Perdomo

    12. For each public works contract entered into by Defendant during the six years preceding the commencement of this action, identify:

    (a) the public agency or authority with whom Defendant contracted to perform the project;

    (b) the amount of the contract, including change orders, pursuant to which the was performed;

    (c) the name of the subcontractor Defendant entered into a subcontract or other agreement with;

    (d) the amount of any subcontract(s), including change order;

    (e) the date upon which the subcontractor(s) commenced work thereon;

    (f) the date upon which the subcontractor(s) finished work thereon;

    (g) the date upon which the Prime Contractor commenced work thereon;

    (h) the date upon which the Prime Contractor finished work thereon;

    (i) the location and address of the site(s) upon which any work was performed

    (j) the identities of the individual employed by the subcontractor(s) thereon;

    (k) the classifications of workers employed by the subcontractor(s) thereon;

    (l) all of Defendant's employees, agents or other representatives who worked as supervisors, superintendents, foremen, crew chiefs or other overseers in connection with the Public Work;

    (m) the names and titles of all government inspectors who were present at any time on the site(s) of each Public Work.

    (n) the names and titles of all Defendant's employees, agents or other representatives who supervised and/or monitored the subcontractor's work thereon;

  (o)  all sureties who issued payment and/or performance bonds thereon;

  (p)  the name of the construction manager of record;

  (q)  the identity of all joint venturers, subcontractors, affiliates, and/or related entities of Defendant.

**Response to Interrogatory No. 12:**

Defendants object to this interrogatory only to the extent that it relates to the defendant Kelco Landscaping, Inc. who did not employ the plaintiffs or anyone similarly situated. Notwithstanding, as to ELM General Construction Corp which employed the defendants herein, no public works contracts have been entered into by said defendant.

13. Identify all documents that refer or relate to the information requested in Interrogatory No. 12 above.

**Response to Interrogatory No. 13:**

Not applicable

14. To the extent that the public work was performed with the Prime Contractor's own employees identify:

  (a)  the identities of all the workers who performed work thereon;

  (b)  the dates by location when the work was performed;

  (c)  the classifications of workers employed by the Prime Contractor thereon to perform the work;

  (d)  all of Defendant's employees, agents or other representatives who worked as supervisors, superintendents, foremen, crew chiefs or other overseers in connection with the public work.

**Response to Interrogatory No. 14:**

Defendant objects to this interrogatory as it relates to the term "prime contractor". Notwithstanding, see response to interrogatory #12 above.

15. Identify all documents that refer to or relate to the information requested in Interrogatory No. 14 above.

**Response to Interrogatory No. 15:**

Not applicable.

16. State whether an employee, agent or other representative of any governmental entity or agency, or any law enforcement official, has made written or verbal requests to Defendant for information, books or records relating to payment of prevailing wages and/or benefits in connection with any of the public works identified by Defendant in response to Interrogatory No. 14. If Defendant's answer is yes:

(e) identify each request;

(f) state the date of each request;

(g) describe the action taken by Defendant in response to each request;

(h) identify each of Defendant's employees, agents and other representatives who participated in any discussions, decision-making or efforts regarding Defendants's response to each request; and

(i) identify all documents concerning the information requested in this interrogatory.

**Response to Interrogatory No. 16:**

Defendants object to this interrogatory as being vague, overbroad, irrelevant, unduly burdensome and privileged. Notwithstanding, see response to interrogatory #14.

17. For each of the public works identified by Defendant in response to Interrogatory No. 12 identify each employee, agent or other representative of a government agency who inspected, or otherwise visited, the site of the work.

**Response to Interrogatory No. 17:**

Not applicable.

18. Identify each of defendants employees, agents and other representatives who bore responsibility for preparing and/or submitting the bid documents for each Public Works contracts identified in response to Interrogatory No. 12 above.

**Response to Interrogatory No. 18:**

Not applicable

19. Identify each of defendants employees, agents and other representatives who bore responsibility for preparing and/or submitting payment requisitions for each of the Public Works projects identified in response to Interrogatory No. 12.

**Response to Interrogatory No. 19:**

Not applicable.

20. Identify each of defendants employees, agents and other representatives who were responsible for the on site management of the work performed at the site of each of the Public Works Projects.

**Response to Interrogatory No. 20:**

Not applicable.

21. State whether an employee, agent or other representative of the U.S. Department of Labor or the New York State Department of Labor has made written or verbal requests to Defendants for information, books or records relating to the payment of overtime wages from December 2006 through present. If Defendant's answer is yes:

(j) identify each request;

(k) state the date of each request;

(l) describe the action taken by Defendant in response to each request; and

(m) identify each of Defendant's employees, agents and other representatives who participated in any discussions, decision-making or efforts regarding Defendant's response to each request; and

(n) identify all documents concerning the information requested in this interrogatory.

**Response to Interrogatory No. 21:**

Defendants object to this interrogatory as being vague, overbroad, irrelevant, unduly burdensome and privileged.

22. Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents over which they possession, custody, or control.

**Response to Interrogatory No. 22:**

Elm General Construction Corp.

23. For any statements that have been taken by or from you relating to the facts that are the subject of this litigation, please state the following:

    (a)    The identity of the person who gave or made the statement.

    (b)    The substance of the statement.

    (c)    The date when the statement was taken.

    (d)    The identity of the person who took the statement

    (e)    Whether the statement was reduced to writing.

    (f)    The present location of the statement and the identity of the person now in possession of the statement.

**Response to Interrogatory No. 23:**

Not applicable.

24.    Identify all experts whom Defendant and/or its agents have contacted and/or retained for the purposes of this litigation, and specify each experts area of expertise. Identify all written reports rendered by each expert whom Defendant and/or its agents have contacted and/or retained. If any expert whom Defendant and/or its agents, state the contents of each oral report in full detail. State whether defendant intends to call any expert as a witness during the trial of the matter and if so, provide a detailed description of said experts anticipated testimony.

**Response to Interrogatory No. 24:**

Defendant(s) have not presently retained and/or designated any experts for the purpose of this litigation. This interrogatory as well as all others, is subject to supplementation and amendment before trial.

25.    Identify any and all documents consulted, examined or referred to in preparation of the answers to these interrogatories.

**Response to Interrogatory No. 25:**

Employee records

Payroll check register

Time cards

Dated:     Great Neck, New York
                August 16, 2013

                                     HANKIN & MAZEL, P.L.L.C.
                                     *Attorneys for Defendants*
                                     KELCO LANDSCAPING, INC.
                                     ELM GENERAL CONSTRUCTION CORP.
                                     JOHN KELLY
                                     JOSEPH PROVENZANO

                                     BY: _____
                                                 Mark L. Hankin, Esq.
                                     Office & P.O. Address
                                     60 Cutter Mill Road, Suite# 505
                                     Great Neck, New York 11021
                                     (516) 499-5800

TO:

FRANK & ASSOCIATES, P.C.
*Attorney for Plaintiff(s)*
Office & P.O. Box
500 Bi-County Blvd.
Suite #112N
Farmingdale, New York 11735
(631) 756-0400
Att: Andrea E. Batres, Esq.

## VERIFICATION-INTERROGATORIES

STATE OF NEW YORK)
COUNTY OF SUFFOLK) ss

TERRI PROVENZANO, being duly sworn deposes and says:

That I am an employee of the defendant(s) KELCO LANDSCAPING, INC. and ELM GENERAL CONTRACTING CORP.

That I have read the foregoing RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES; know the contents thereof; and same are true to my knowledge based upon the books and records of the defendants above except those responses made upon information and belief and as to those responses I believe them to be true.

NAZILA ILANA YEROUSHALMI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01YE6238171
Qualified in Nassau County
My Commission Expires April 04, 2015

_____
TERRI PROVENZANO

SWORN TO THIS 16th DAY OF
AUGUST, 2013

_____
NOTARY PUBLIC

## AFFIRMATION OF SERVICE

United States District Court)
Eastern District of New York)

MARK L. HANKIN, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under the penalties of perjury:

I am a member of the Lawfirm of Hankin & Mazel, P.L.L.C., attorneys for the defendant(s), Kelco Landscaping, Inc., Elm General Construction Corp., John Kelly and Joseph Provenzano herein.

On August 19, 2013, I served a true copy of **Defendant(s) Response and Objections to Plaintiff(s) First Set of Interrogatories** by mailing same in a postage paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, addressed to Plaintiff(s) Attorney(s), as follows:

FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd.
Suite #112N
Farmingdale, New York 11735

Att: Andrea E. Batres, Esq.

_____
Mark L. Hankin, Esq.