UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of themselves
and similarly situated employees,

               Plaintiffs,

     v.

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S CREW,
JOHN KELLY, JOSEPH PROVENZANO,

               Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
12-CV-6233 (ADS) (GRB)

**APPEARANCES:**

**Frank & Associates, PC**
*Attorneys for the Plaintiffs*
500 Bi-country Boulevard, Suite 112n
Farmingdale, NY 11735
   By:  Peter Arcadio Romero, Esq.
         Andrea E. Batres, Esq.
         Andrea Rodriguez, Esq., of Counsel

**Hankin, Handwerker & Mazel, PLLC**
*Attorneys for the Defendants*
7 Penn Plaza, Suite 904
New York, NY 10001
   By:  Mark Lance Hankin, Esq.
         Matthew Lawrence Goldberg, Esq., of Counsel

**SPATT, District Judge.**

       On December 19, 2012, the Plaintiffs Jose Manuel Henriquez ("Henriquez") and Jose Hector Fuentes ("Fuentes," and collectively, the "Plaintiffs") commenced this action by filing a Complaint (the "Original Complaint") against the Defendants Kelco Landscaping, Inc.; Kelco Landscaping Corp. (together with Kelco Landscaping, Inc., "Kelco"); Elm General Construction Corp. ("Elm General"); Kelly's Crew; John Kelly

("Kelly") and Joseph Provenzano ("Provenzano," and collectively, the "Defendants"). The Plaintiffs bring a collective action claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and specifically 29 U.S.C. § 216(b), alleging that the Defendants failed to pay the Plaintiffs overtime compensation for the hours they worked in excess of a forty-hour work week.

The Plaintiffs also assert a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23 class action claim pursuant to New York Labor Law ("NYLL") Article 19, § 650 et seq., and New York State Department of Labor Regulations, 12 New York Code of Rules and Regulations ("NYCRR") Part 142, alleging that the Defendants failed to pay the Plaintiffs and putative class members overtime compensation for the hours they worked in excess of forty hours a week. In addition, the Plaintiffs bring a breach of contract claim as third-party beneficiaries relating to Public Works Contracts that Kelco entered into, under which Kelco agreed to perform various landscape construction work within the State of New York.

Presently before the Court is an unopposed motion by the Plaintiffs brought pursuant to Fed. R. Civ. P. 15 and 21 to file an Amended Complaint (the "Amended Complaint") so as to (1) add Kelco Construction Inc. d/b/a Kelco Landscaping and Construction ("Kelco Construction") as a party defendant and (2) amend certain factual allegations related to the Plaintiffs' dates of employment.

For the reasons that follow, the Court grants the Plaintiffs' motion.

## I. BACKGROUND

Unless otherwise states, the following facts are derived from the Original Complaint and the Amended Complaint and are construed in the light most favorable to the Plaintiffs.

The Defendant Kelco, a domestic corporation organized under the laws of the State of New York, is engaged in the business of construction and landscaping. Its yearly gross revenue exceeds $500,000, and it produces goods for interstate commerce. The Defendant's Elm General and Kelly's Crew are entities related to and/or affiliated with Kelco.

Kelco is owned by the Defendant Kelly, who is also a shareholder and officer of Kelco. The Defendant Provenzano is also a shareholder and officer of Kelco. In addition, Provenzano serves as Kelco Landscaping's General Manager. As such, both Kelly and Provenzano have authority to make payroll and personnel decisions for Kelco, including the hiring and firing of employees.

According to the Original Complaint, the Plaintiff Henriquez worked as a full-time landscape laborer for Kelco from March 27, 2008 to an unspecified time in April of 2012, when his employment was terminated. However, the Amended Complaint revises these dates and asserts that Henriquez instead worked for Kelco from March 27, 2009 until July of 2012. Similarly, the Plaintiff Fuentes was also employed by Kelco as a full-time landscape laborer. The Original Complaint states that Fuentes's employment began at some point in October of 2007 and ended when he, like Henriquez, was fired in April of 2012. Again, the Amended Complaint adjusts these dates, claiming that Henriquez was employed from October of 2008 until December of 2011. During their employment

with Kelco, the Plaintiffs regularly performed landscape maintenance duties for Kelly's Crew and provided labor at the residences of Kelly and Provenzano.

Both Henriquez and Fuentes were paid an hourly salary, and they received payroll checks that were issued by Elm General. Although the Plaintiffs allegedly worked more than forty hours each week, they claim they were never paid overtime at a rate of one and one-half times their regularly hourly rate for the excess hours.

The Plaintiffs assert that Kelco had a general policy and pattern or practice of failing to pay overtime compensation to its employees for those hours they worked in excess of forty hours per week. As such, according to the Plaintiffs, Kelco has intentionally, willfully and repeatedly violated the FLSA and NYLL by (1) failing to keep records of the time that its employees worked for the benefit of Kelco and (2) failing to pay overtime compensation to those employees when they worked in excess of forty hours per week.

As stated above, the Amended Complaint adds Kelco Construction as a party defendant. Kelco Construction is owned by Kelly and Provenzo serves as its General Manager. Of note, in the Amended Complaint, the Plaintiffs group Kelco Construction with the Defendants Kelco Landscaping, Inc., Kelco Landscaping Corp. and Elm General and thereafter refer to all of these parties together as simply "Kelco." Apparently, in addition to receiving payroll checks from Elm General, the Plaintiffs also received payroll checks from Kelco Construction.

Except those that have already been noted by the Court, the Amended Complaint makes no other substantive changes to the Original Complaint and the causes of action asserted by the Plaintiffs remain the same.

## II. DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 15(a) governs a motion to amend a complaint and states, in relevant part, as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given as justice so requires.

See also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002). Leave to amend should be denied only because of undue delay, bad faith, futility or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. Aetna Cas. And Su. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603–04 (2d Cir. 2005); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente, 310 F.3d at 258; see also Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). The test then with respect to futility is whether or not the proposed amendment states a claim upon which relief can be granted. Lucente, 310 F.3d at 258.

Therefore, an amended complaint is futile when it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In deciding whether an amended complaint meets this threshold, the Court is required to accept the material facts alleged in the amended complaint as true and draw reasonable

inferences in the plaintiffs favor. Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

In addition, where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Fed. R. Civ. P. 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; see Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citing Duling v. Gristede's Operating Corp., 265 F.R.D. 91 (S.D.N.Y. 2010)); see also City of Syracuse v. Onondaga Cty., 464 F.3d 297, 308 (2d Cir. 2006) ("Although Rule 21 'contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it. Thus, the court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action.'") (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, Civil 3d § 1688.1 at 510 (West 2001)). Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation. Sullivan v. West New York Res., Inc., No. 01–CV–7847 (ILG), 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003).

In deciding whether to permit the addition of defendants, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (quoting Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)). Thus, leave to amend a complaint to assert claims against additional defendants "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." DeFazio v.

Wallis, No. 05CV5712 ADSARL 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (Spatt, J.) (citing Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603–04 (2d Cir. 2005); see also Zahra, 48 F.3d at 685.

**B. As to the Plaintiffs' Motion to Amend**

In this case, the Plaintiffs' Amended Complaint only seeks to add Kelco Construction as a party defendant and to correct the employment dates for the Plaintiffs. "The record reveals no prejudice, undue delay, bad faith, or futility that would compel the Court to deny the Plaintiffs' motion to amend the complaint in this manner." Browning v. Ceva Freight, LLC, 10-CV-5594 ADS AKT, 2011 WL 6329864, at *1 (E.D.N.Y. Dec. 14, 2011) (Spatt, J.).

Indeed, Kelco Construction is a related entity to the Defendant Kelco; is owned and managed by the individual Defendants; and issued the Plaintiffs' payroll checks. Moreover, except for altering the Plaintiffs' dates of employment, the proposed amendments do not substantially change the Plaintiffs' causes of action or their factual allegations, which the Court finds to be sufficient to state claims that are plausible on their face.

As such, the Plaintiffs' unopposed motion to amend the Original Complaint is granted and the Plaintiffs are permitted to file the Amended Complaint within ten days of the date of this Order. See, e.g., Ayiloge v. City of New York, 00 CIV. 5051 (JSR), 2000 WL 1804154, at *2 (S.D.N.Y. Dec. 8, 2000) (granting the "plaintiff's motion to amend the Complaint to add a defendant and allege additional facts, since that part of plaintiff's application [was] unopposed").

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the motion by the Plaintiffs' to amend their Original Complaint pursuant to Fed. R. Civ. P. 15 is granted; and it is further

**ORDERED**, that the Plaintiffs are directed to file the Amended Complaint that was included with their moving papers within ten days of the date of this Order.

**SO ORDERED.**
Dated: Central Islip, New York
May 17, 2014

>_____/s/ Arthur D. Spatt_____
>ARTHUR D. SPATT
>United States District Judge