# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of themselves
and similarly situated employees,

                                                       12-CV-6233 (ADS) (GRB)

              Plaintiff(s),

-against-

KELCO LANDSCAPING, INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S CREW
JOHN KELLY and, JOSEPH PROVENZANO,

             Defendant(s).
----------------------------------------------------------X

## DECLARATION OF TERRI PROVENZANO

TERRI PROVENZANO, declares under the penalties of perjury that the following is true and correct:

1. I am the comptroller for the Defendant ELM General Construction Corp., and have held that position for approximately ten years now.

2. Defendant, ELM General Construction Corp., provides landscaping services to the general public. The Defendants employ permanent, seasonal hourly and union personal who provide these services. Union members are subject to a collective bargaining agreement which delineates the employees rate of pay, benefits and conditions of employment.

3. The named plaintiff(s) Jose Manuel Henriquez and Jose Hector Fuentes were employed by Elm General Construction Corp., as seasonal hourly landscape maintenance employees; they were required to and did punch a time clock when they arrived in the morning and when they finished work in the afternoon or evening; they were

paid at a rate greater than minimum wage for all hours up to 40 (straight time) and one and ½ times the stated wage for all hours over 40 (overtime), as determined by the number of hours indicated on their time cards. No other benefits were offered or provided.

4. As an accommodation, the defendant Elm General Construction Corp., offered landscape maintenance employees transportation to a particular job site and back from that particular job site. Although this transportation was non-compensable "drive time", the employee was paid straight time for this travel.

5. As an example, a review of the 2009 Timecard Journal for plaintiff Jose Manuel Henriquez, clearly indicates that he was paid 12.00 per hour and worked generally 8 hours per day; it further indicates that on certain days, he was paid in addition to his 8 hours for work performed, 3 to 3.5 hours of straight time for what is designated as "drive time" on those particular days when transportation was provided. Specifically, during the period of April 16, 2009 through April 22, 2009, the plaintiff Jose Manuel Henriquez, admittedly worked and was paid for 44 hours (4 work days at 8 hours per day for a total of 32 hours + 4 drive time days at 3 hours per day for a total of 12 hours) for a total of 44 hours. He was paid straight time for the 32 hours worked and straight time for the 12 hours of non compensable drive time. No overtime was required as he did not work over 40 hours. See Hankin Declaration Exhibit "B".

6. As a similar example, A review of the 2011 Timecard Journal for plaintiff Jose Hector Fuentes, clearly indicates that he was paid 12.00 per hour and worked generally 8 hours per day; it further indicates that on certain days, he was paid in addition to his 8 hours for work performed, 3 to 3.5 hours of straight time for what is designated as "drive time" on those particular days when transportation was provided. Specifically, during the period of March 26, 2011 through March 30, 2011, the plaintiff Jose Hector

Fuentes, admittedly worked and was paid for 43 hours (4 work days for a total of 34 hours + 3 drive time days at 3 hours per day for a total of 9 hours) for a total of 43 hours. He was paid straight time for the 34 hours worked and straight time for the 9 hours of non compensable drive time. No overtime was required as he did not work over 40 hours. See Hankin Declaration Exhibit "C".

7. That with respect to claims of additional hours worked in the yard, the Time Card Journals clearly reflect when the Plaintiff(s) clocked in and when the Plaintiffs clocked out. They were paid for each and every hour they claimed to have worked.

8. All the opt-in plaintiff(s), except for Milian Reyes and Rubin Rivera, who are union employees, were seasonal hourly landscape maintenance employees of the defendant Elm General Construction Corp; they were required to and did punch a time clock when they arrived in the morning and when they finished work in the afternoon or evening; they were paid at a rate greater than minimum wage for all hours up to 40 (straight time) and one and ½ the stated wage for all hours over 40 (overtime), as determined by the number of hours indicated on their time cards. No other benefits were offered or provided.

9. That based upon the records of the defendant Elm General Construction Corp., the plaintiff(s), each of them, were paid the correct minimum and overtime wages.

10. I declare under the penalties of perjury, that the foregoing statements are true and correct.

_____
TERRI PROVENZANO