## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------

JOSE MANUEL HENRIQUEZ AND JOSE
HECTOR FUENTES, Individually, and on
behalf of all others similarly situated,

                              PlaintiffS,

           -against-

KELCO LANDSCAPING INC, et al

                         Defendants.

Case No.  CV 12-6233

(Spatt, J.)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendants KELCO LANDSCAPING INC. ("Kelco"), KELCO LANDSCAPING CORP., ELM GENERAL CONSTRUCTION CORP. ("Elm"), KELLY'S CREW, KELCO CONSTRUCTION INC. d/b/a/ KELCO LANSCAGING AND CONSTRUCTION, JOHN KELLY AND JOSEPH PROVENZANO (collectively "Defendants") and JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES (the "Named Plaintiffs"), individually and on behalf of a class they represent ("Class") in the matter *Henriquez, et al. v. Kelco Landscaping Inc., et al* (collectively "Parties").

### 1.      RECITALS AND BACKGROUND

WHEREAS, Named Plaintiffs have filed a Class and Collective Action Complaint against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq. ("FLSA")* and New York state wage and hour law ("NYLL") for the alleged failure to pay certain wage, prevailing wage, and overtime amounts to Named Plaintiffs and the Class (the "Litigation");

WHEREAS a motion for Collective Action Certification was pending on the date the Litigation was settled;

WHEREAS, the Parties participated in mediation on September 8, 2014, October 23, 2014 and December 2, 2014 conducted by Martin Scheinman, Esq.;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims and Released Rule 23 Class Claims, between Named Plaintiffs, the Class and Defendants, including all claims asserted in the Litigation;

WHEREAS, Defendants deny all of the allegations made by Named Plaintiffs in the Litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without admitting or conceding that class and collective certification is warranted, without further acknowledging or conceding any liability or damages whatsoever, and without admitting that pay, prevailing wages and/or overtime amounts improperly were withheld from any employees, Defendants agree to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiff and Class Members of the collective and class action and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1    Agreement.** "Agreement" means this Settlement Agreement and Release.

**1.2    Authorized Claimant.** A Class Member who files a Claim Form and becomes entitled to receive an Individual Settlement Allocation.

**1.3    Bar Date.** The date by which any Class Member who wishes to qualify as an Authorized Claimant must file a Claim Form, which date shall be no later than forty-five (45) days after the initial mailing of Notice by the Settlement Administrator.

**1.4    Claim Form.** "Claim Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement as Exhibit A, that Class Members must sign and return post-marked by the Bar Date. The Claim Form must be filed with the Court for a Class Member to be eligible for a distribution from the Settlement Amount.

1.5     **Class Counsel.** "Class Counsel" or "Plaintiff's Counsel" shall mean Frank & Associates, P.C. 500 Bi-County Blvd. Ste. 112N, Farmingdale, NY 11735.

1.6     **Class Members.** "Class Members" shall mean the Named Plaintiffs and current and former employees of Defendants who performed work as landscapers and laborers from December 19, 2006 to February 28, 2015.

1.7     **Class List.** Defendant shall provide a to Class Counsel and the Settlement Administrator a list of all Class Members, identified by: (i) name; (ii) last known address; (iii) dates of employment with Kelco and/or Elm; and (iv) number of months worked. The Class List is to be used by Class Counsel and Settlement Administrator to effectuate settlement, and may not be used for any other purpose. Defendant shall also provide the Settlement Administrator with the social security numbers of the Authorized Claimants and Plaintiff, but shall not provide social security numbers to Class Counsel.

1.8     **Court.** "Court" means the United States District Court for the Eastern District of New York.

1.9     **Days.** "Days" means business days if the specified number is less than 5 and calendar days if the specified number is 5 or greater.

1.10    **Defendants' Counsel.** "Defendants' Counsel" shall mean Roger H. Briton, Esq. of Jackson Lewis P.C., 58 South Service Road, Ste. 250, Melville, New York 11747.

1.11    **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

1.12    **Final Approval Order.** "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and Service Awards, and Dismissal of the Litigation with prejudice.

1.13    **Final Effective Date.** "Final Effective Date" shall be the first date after the Court has entered a Final Approval Order approving this settlement and the Court has entered the judgment as provided in Section 2.9; the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed or if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court.

1.14    **Individual Settlement Allocation.**    "Individual Settlement Allocation" shall mean the amount payable to each Authorized Claimant pursuant to Section 3.4 of this Agreement.

1.14a    **Releasees.** Releasees means Defendants, individually and collectively, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

1.15    **Released Rule 23 Class Claims.**    "Released Rule 23 Class Claims" means all wage and hour and prevailing wage claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period December 19, 2006 through the date of execution of this Agreement, under New York Labor Law.  The Released Rule 23 Class Claims include all wage and hour and prevailing wage claims that could be asserted in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including all claims under the New York Labor Law, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.

1.16    **Released Claims.** "Released Claims" means all wage and hour claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Authorized Claimants, in the Litigation for the period December 19, 2006 through the date of execution of this Agreement, including under the Fair Labor Standards Act and New York Labor Law.  The Released Claims include all wage and hour and prevailing wage claims raised in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.

1.17    **Gross Settlement Fund.** "Gross Settlement Fund" refers to One Million Twenty-Five Thousand Dollars and no/cents ($1,025,000.00), the maximum Defendants have agreed to pay pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, any and all amounts to be paid to Authorized Claimants, any Court-approved Service Awards and Settlement Administrator fees, costs and expenses.

1.18    **Named Plaintiffs**. "Named Plaintiffs" refers to Jose Manuel Henriquez and Jose Hector Fuentes.

1.19    **FLSA Claimants.** "FLSA Claimants" refers to the Class Members who filed and did not withdraw notices of consent to join as of December 2, 2014.

1.20    **Class Notice or Notices**. "Class Notice" or "Class Notices" means the Court–approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit including notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as Exhibit B.

1.21    **Objector.** "Objector" means an individual who properly files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

1.22    **Plaintiffs.** "Plaintiffs" means the Named Plaintiffs and FLSA Claimants.

1.23    **Opt-out Statement.** "Opt-out Statement" is a written signed statement in compliance herewith that an individual Class Member has decided to opt-out and not be included in this Agreement.

1.24    **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement, and, (ii) directing the manner and timing of providing Notices to the Class Members.

1.25    **Settlement Fund.** The "Settlement Fund" shall include Court-approved attorneys' fees, costs, and expenses, Court-approved Service Awards, Settlement Administrator fees, costs and expenses and the Individual Settlement Allocations for each of the Authorized Claimants. The Settlement Fund shall be allocated as between Kelco and Elm on a 25% (Kelco)/75% (Elm) basis.

1.26    **Settlement Administrator.** The "Settlement Administrator" refers to a third party administrator, who will mail the Notices and administer the allocation, and distribution of that portion of the Gross Settlement Fund as determined by the number of Authorized Claimants in this matter. The Settlement Administrator's fees, not to exceed $15,000, shall be paid from the Gross Settlement Fund.

1.27    **Settlement Checks**. "Settlement Checks" means checks issued to Class Members for their share of the Gross Settlement Fund calculated in accordance with this Agreement.

2.    **INITIAL PROCEDURAL ISSUES**

2.1    **Binding Agreement.**  This Agreement is a binding agreement and contains all material agreed-upon terms.

2.2    **Retention of the Settlement Administrator.**  Within thirty (30) days after the filing of a Motion for Preliminary Approval, Defendants shall retain the Settlement Administrator, subject to the approval by Plaintiff's Counsel, which shall not be unreasonably denied.

2.3    **Responsibilities of Settlement Administrator.**  The Settlement Administrator shall be responsible for, among other things:  (i) preparing, printing and disseminating to Class Members the Class Notice and Claim Forms (ii) copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Class Member or Party; (iii) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from Class Members which the Settlement Administrator receives; (iv) receiving and reviewing the Claim Forms submitted by Class Members; (v) keeping track of requests for exclusion including maintaining the original mailing envelope in which the request was mailed (vi) mailing the settlement checks to Authorized Claimants, and (vii) issuing the appropriate tax forms to the Authorized Claimants, Class Counsel and Plaintiffs who receive Service Awards.

2.4    **Class Notice.**  The Class Notice, a copy of which is attached hereto as Exhibit B, and which shall be in English and Spanish, will inform Class Members about this Settlement and will also advise them of the opportunity to object to or opt-out, file a Claim Form to join in the settlement, and/or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Preliminary Approval Order by the court, the Settlement Administrator will mail to all Class Members, via First Class United States Mail, the Court-approved Class Notice, with Claims Form. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice and Claims Form is returned by the post office as undeliverable, and shall attempt one (1) re-mailing to any member of the Settlement Class for whom it obtains a more recent address. The Settlement Administrator shall also mail a Class Notice and Claim Form to any Class Member who contacts the Settlement Administrator during the time period between the initial mailing of the class Notice and the Bar Date and requests that their Class Notice and Claim Form be re-mailed. The Settlement Administrator will notify Class Counsel and Defendant's Counsel of any Notice and Claims Form sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice and Claims Form returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

2.5    **Preliminary Approval Motion.**

(A)     On or before March 31, 2015, the Parties will submit this executed Agreement to the Court and shall move for Preliminary Approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

(B)     The Preliminary Approval Motion also will seek the setting of a date for individuals to submit Claim Forms, opt-out of this Agreement and/or provide objections to this Agreement, which date will be forty-five (45) days from the initial mailing of Notice and Claims Forms to the Class Members, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date. Defendant shall draft the Proposed Order which shall be submitted with the Preliminary Approval Motion.

**2.6     Notice and Claims Forms to Class Members**

(A)     Within ten (10) days of the filing of Preliminary Approval Order, Defendants' Counsel will provide the Settlement Administrator, in electronic form, for all Class Members a mailing list containing the name, last known addresses for Class Members, as that information exists on file with Defendants. All information provided regarding the Class Members will be treated as confidential information by Class Counsel and the Settlement Administrator. Said information will not be used by Class Counsel and the Settlement Administrator for any purpose other than to effectuate the terms of settlement.

(B)     A Class Member will have forty-five (45) days from the date of initial mailing to return the Claim Form (Exhibit A). To be effective, a claim form must be post-marked by the Court-authorized Bar Date. To the extent that the envelope does not contain a post-mark, the date that the Settlement Administrator stamps the envelope or claim form 'received,' shall apply.

**2.7     Class Member Opt-outs.**

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the wage and hour settlement." ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked by the Bar Date.

(B)     The end of the time period to opt-out of the settlement ("Opt-out Period") shall be on or before the Bar Date.

(C)     Within three (3) days of the end of the Opt-out Period, Class Counsel will file with the Clerk of Court, copies of any Opt-out Statements and send a final list of all Opt-out Statements to Defendant's Counsel.

(D)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the Settlement and the terms of this Agreement, will be bound by the Judgment in this case, and have any Released Rule 23 Class Claims released with prejudice. Only those Class Members who timely complete and return a Claim Form post-marked by the Bar Date will be deemed Authorized Claimants. Authorized Claimants will have all Rule 23 Released Claims and Released Claims dismissed, with prejudice. Defendants will only fund amounts allocated to each Authorized Claimant who returns a timely Claim Form as set forth in this Agreement. Defendants shall have no obligation to pay or fund any amounts allocated to Class Members who do not submit a timely Claim Form as set forth in this Agreement.

**2.8    Objections to Settlement.**

(A)     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be mailed to the Settlement Administrator via overnight express with a tracking number post-marked by the Bar Date.  The statement must include all reasons for the objection, and any supporting documentation.  The statement must also include the name, address, and telephone numbers for the Class Member making the objection.  The Settlement Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the notice and share form mailed to the Objector, to Class Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection.  The Settlement Administrator will also file the date-stamped originals of any and all objections with the Court within three (3) days after the end of the Opt-out Period.

(B)     An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections.  An Objector may withdraw his or her objections at any time.

(C)     The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.9     Fairness Hearing and Motion for Final Approval and Dismissal.**

At the Fairness Hearing and Motion for Final Approval and Dismissal, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Settlement Administrator to distribute Settlement Checks to the Authorized Claimants, including Service Awards, if any, to be paid as described in this Agreement; (3) approve the payment of attorneys' fees and costs to Class Counsel; (4) order the dismissal with prejudice of all Released Claims and Released Rule 23 Class Claims asserted in the Litigation, including the claims of all Class Members who did not opt-out, (5) order entry of Final Judgment in accordance with this Agreement; and (6) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. Defendants shall draft the Proposed Order to be submitted with the Motion for Final Approval and Dismissal.

**2.10**     **Funding of Settlement and Mailing of Settlement Checks.**  Defendants shall make a lump sum payment funding the first one–half (1/2) installment of the total sum owed under this Agreement within forty–five (45) days after the Final Effective Date. From this amount the Settlement Administrator shall distribute one-half of each Class Claimant's share under this Settlement as well as one-half of the Fee Award and Service Awards, within fourteen (14) days thereafter.   The second one-half (1/2) installment of the settlement payment shall be funded no later than December 15, 2015 and distributed in the same manner. The Settlement Checks to Authorized Claimants will be mailed by the settlement Administrator to the last known addresses on file with the Settlement Administrator.   The Settlement Checks to Named Plaintiffs, anyone else receiving Service Awards and Class Counsel will be sent via overnight express with a tracking number to Frank & Associates, P.C. 500 Bi-County Blvd. Ste. 112N, Farmingdale, NY 11735.

**2.11     Effect of Failure To Grant Final Approval**

In the event the Court does not approve this Settlement, the Parties shall proceed as follows:

(a)     The Litigation will resume unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(b)     In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(c)     If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendant retains the right to contest whether this case should be maintained as a class or collective action and

to contest the merits of the claims being asserted by Plaintiff in this action. The Parties shall have a minimum of 120 days to engage in further discovery.

**2.12   Right to Rescission.**   Notwithstanding any other provision of this Agreement, Defendants shall retain the right, in the exercise of their sole discretion, to nullify the settlement by giving notice, in writing, to Class Counsel and the Court at any time prior to the Fairness hearing, if 10% or more Class members opt out of the Settlement.   In order to rescind this agreement, Defendants' counsel must notify Class Counsel, the Settlement Administrator and the Court in writing within twenty-one (21) calendar days of the Bar Date.  Any reasonable expenses incurred by the Settlement Administrator prior to or in connection with this rescission shall be borne by Defendants. In the event of rescission, the entire Settlement Fund less the Settlement Administrator's reasonable expenses shall remain with the Defendants. In the event of such a rescission, no party shall use the fact that the Parties agreed to settle this case as evidence of Defendants' liability in this lawsuit or the lack thereof.

**3.   SETTLEMENT TERMS**

**3.1   Settlement Amount.**

(A)   Defendants agree to create a "Gross Settlement Fund" in the maximum amount of $1,025,000 which shall fully resolve and satisfy any claim for (i) attorneys' fees, expenses and costs approved by the Court, (ii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein; (iii) any Court-approved Service Awards; and (iv) Settlement Administrator fees, expenses and costs.

(B)   Defendant shall fund the Settlement Fund as set forth in Section 2.10.

(C)   Any uncashed Settlement Checks or Service Awards and all amounts remaining in the Settlement Fund Ninety (90) days after the mailing of the settlement checks will revert to Defendants.   For purposes of this provision, the mailing date shall be deemed to be the date posted on the settlement checks.

**3.2   Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

(A)   At the Fairness Hearing and Motion for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees and costs in the amount of $307,500.   Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.   After payment of the approved attorneys' fees award, Defendants shall have no additional liability for Class Counsel's attorneys' fees, expenses and costs.

(B)     The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

### 3.3   Service Awards.

(A)     In return for services rendered to the Class Members, at the Fairness Hearing, Named Plaintiffs will apply to the Court service awards to each of the Named plaintiffs in the amount of $10,000.

(B)     The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of the Court's ruling on the application for Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.

(C)     Should the Court fail to approve any portion of the Service Awards and/or attorneys' fees provided for in paragraph 3.2 (A) and 3.3(A) above, such monies shall revert to the Defendants and not be part of the Gross Settlement Fund or the Settlement Fund.

### 3.4   Settlement Fund Allocation to Class Members. Individual Class Members' Settlement Allocations are computed based on Defendants' 2012-2014 time and payroll records as exchanged with Plaintiffs' Counsel, as follows:

(A)     Class Claimants Who Are FLSA Claimants. Class Claimants who are FLSA Claimants shall proportionally share in a fund totaling $482,500.00, inclusive of tax obligations as set forth in Section 3.5 below, taking into account the following factors: (i) for days worked at or above prevailing wage ($33.05 per hour), an amount reflecting an hourly drive time rate of $22.50 for all hours punched less the sum of hours actually paid and .5 hours lunch; and (ii) for days worked below prevailing wage ($33.04 or less), the amount calculated in (i) plus an amount equal to the difference between eight (8) hours at prevailing wage ($33.05) and the amount actually paid for the day, all as detailed in an email among counsel dated January 9, 2015.

(B)     Class Claimants Who Are Not FLSA Claimants, Class Claimants who are not FLSA Claimants shall proportionally share in a fund totaling $200,000, inclusive of tax obligations as set forth in Section 3.3 below, taking into account their total completed months of employment during the period December 19, 2006 to the date of execution of this Agreement.

3.5     **Tax Characterization.**

(A)     Except as set forth below, settlement payments to the Class will be allocated as follows: (i) fifty percent (50%) of the payments to Authorized Claimants hereunder (other than the Service Awards) will be deemed back-wage payments and/or wage income ("Wage Payments"), and (ii) the balance of payments to Authorized Claimants (other than Service Awards) will be deemed liquidated damages which, together with the Service Awards, are non-wage payments and are subject to 1099 reporting ("Non-Wage Payments").

(B)     All Wage Payments shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2. All Non-Wage Payments shall be made without any tax withholdings and shall be reflected on a Form 1099 issued to each Claimant and FLSA Claimant. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without any withholdings. Forms 1099 for this payment shall be issued as required by prevailing tax law.

(C)     The employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, with respect to the Wage Payments shall be paid from the Settlement Fund. The Settlement Administrator shall be responsible for making all withholdings from employees' settlement payments required pursuant to any federal, state, or local tax law or regulation, with respect to the Wage Payments.

3.6     **Hold Harmless.** With respect to payments received pursuant to this Agreement that are not characterized as Wage Payments, the Named Plaintiffs and all Authorized Claimants assume full responsibility of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state, or local law of any kind. As such, although Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement are proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any individual or entity and/or Defendant are liable for any failure by any Named Plaintiff, Authorized Claimant, Class Counsel and/or Defendant to pay federal, state or local income or employment or payroll taxes with respect to any payment received pursuant to this settlement other than a Wage Payment, Named Plaintiffs, Authorized Claimants, and Class Counsel agree to hold Defendants harmless, and indemnify Defendants from any payments the Defendants may be required to make (including any payments for interest and penalties) to any taxing authority resulting from the issuance of an IRS tax form 1099 and any Named

Plaintiff's, Authorized Claimant's and/or Class Counsel's failure to pay any taxes that any such individual or entity owes related to said income.

**3.7    Default.** In the event any payment under this section is not made when due, Class Counsel shall deliver a notice of such default addressed to Roger Briton of Jackson Lewis P.C., 58 S. Service Road, Suite 250, Melville, New York 11747 via Federal Express and facsimile (631 247 0417). Such default may be cured by making payment of the installment or installments then due to the Settlement Administrator or directly to Class Counsel within fifteen (15) business days of receipt of the notice of default. Should Defendants fail to cure the default, Class Counsel shall apply to the Court to enforce the Settlement Agreement.

## 4.    RELEASE

**4.1    Release of Claims.**

(A)    By operation of the entry of the Judgment and Final Approval Order, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendant from Released Rule 23 Class Claims as set forth in Section 1.15.

(B)    By operation of the entry of the Judgment and Final Approval Order, and except as to such rights or claims as may be created by this Agreement each individual Authorized Claimant forever and fully releases Defendant from all Released Claims as set forth in Section 1.16.

(C)    Except as provided in this Agreement, upon payment of the Attorneys' fees, expenses, and costs approved by the Court, Class Counsel and Plaintiffs, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

(D)    Named Plaintiffs and any other persons(s) receiving Service Awards, their heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Releasees of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which he may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to,

any alleged violation of: the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the Family and Medical Leave Act; the New York City Administrative Code; the New York State Human Rights Law, New York Executive Law § 290 et seq.; the New York Civil Rights Law, New York Civil Rights Law § 1 et seq.; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; Labor Law § 220, et. seq.; the New York occupational safety and health laws; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement.

**4.2    Denial of Liability**

Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' businesses due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, nor as an admission that a class should be certified for any purpose other than settlement purposes.

**5.    INTERPRETATION AND ENFORCEMENT**

**5.1    Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2    No Assignment.** Class Counsel and Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion

thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3    **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4    **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff, Opt-in Plaintiffs and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5    **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length, including the use of an independent third party mediator.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6    **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7    **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8    **Blue Penciling.**  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

5.9    **Governing Law.**  This Agreement shall in all respects be interpreted and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern. This Agreement may be enforced in New York Federal Court.

5.10   **Continuing Jurisdiction.**   The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement or to increase Defendant's payment obligations hereunder.

**5.11** **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.12** **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.13** **Facsimile and Email Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**5.16** **Destruction of Documents.** Plaintiffs hereby represent that all discovery documents produced by Defendants in their possession and/or in the possession of Class Counsel will be destroyed within 90 days of the Final Effective date.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN SECTION "3" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, JASON T. BROWN, ESQ., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

**WE AGREE TO THESE TERMS.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

JOSE MANUEL HENRIQUEZ

03-17-15
Date

By: _____
Jose Manuel Henriquez

JOSE HECTOR FUENTES

03-17-15
Date

By: _____
Jose Hector Fuentes

ON BEHALF OF ALL DEFENDANTS

3/17/15
Date

By: _____
John Kelly

3/17/15
Date

By: _____
Joseph Provenzano

- 17-

4814-7159-1970, v. 1