**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES, on behalf of themselves and similarly situated employees,

Plaintiffs,

-against-

KELCO LANDSCAPING INC., KELCO LANDSCAPING CORP., ELM GENERAL CONSTRUCTION CORP., KELLY'S CREW, JOHN KELLY, JOSEPH PROVENZANO,

Defendants.

Case No. 12-CV-6233 (ADS)

(GRB)

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**If you were employed by Kelco Landscaping Inc. and/or Elm Construction Corp. as a landscaper and/or laborer from December 19, 2006 to February 28, 2015, please read this Notice.**

DATED:________________________________, **2015**

**PLEASE READ THIS NOTICE CAREFULLY**

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

Introduction

Jose Manuel Henriquez and Jose Hector Fuentes, former employees of Kelco and/or Elm initiated a lawsuit for allegedly unpaid overtime wages, prevailing wages and other claimed damages against Defendants. The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is known as *Henriquez, et al. v. Kelco Landscaping Inc., et al.* Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and other similarly situated employees overtime for hours worked over 40 in a workweek, prevailing wages,

minimum wages, and other wages due in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Defendants deny the Plaintiffs' allegations.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests at this time to resolve Plaintiffs' claims on behalf of Plaintiffs and other landscapers and laborers. Plaintiffs and Defendants have agreed to settle the action subject to the approval of the Court. Defendants have agreed to pay a maximum of $1,025,000. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement send a properly completed Claim Form and Release to the Settlement Administrator that must be post-marked by____________ . If you fail to submit a timely Claim Form and Release, you will receive no monetary distribution from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | Write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under NYLL unless you submit a valid and timely Request for Exclusion Form. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

You have received this notice because Defendants' records show that you worked for Kelco and/or Elm as a landscaper or laborer sometime between December 19, 2006 and February 28, 2015.

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a

class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## [illegible]

Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and Putative Class Members. Your estimated portion of the settlement will be based on the following, all as shown on Defendant's records, after all attorneys' fees, costs, taxes, settlement administration costs, and service awards have been paid:

(A) Class Claimants Who Are FLSA Claimants. Class Claimants who are FLSA Claimants shall proportionally share in a fund totaling $482,500, inclusive of tax obligations, taking into account the following factors: (i) for days worked at or above prevailing wage ($33.05 per hour), an amount reflecting an hourly drive time rate of $22.50 for all hours punched less the sum of hours actually paid and .5 hours lunch; and (ii) for days worked below prevailing wage ($33.04 or less), the amount calculated in (i) plus an amount equal to the difference between eight (8) hours at prevailing wage ($33.05) and the amount actually paid for the day, all as detailed in an email among counsel dated January 9, 2015.

(B) Class Claimants Who Are Not FLSA Claimants, Class Claimants who are not FLSA Claimants shall proportionally share in a fund totaling $200,000, inclusive of tax obligations, taking into account their total completed months of employment during the period December 19, 2006 to February 28, 2015.

## Payment to Class

If you elect to participate in this proposed settlement, you will be paid a proportionate share of the Settlement Fund based on a formula taking into account the factors set forth above. If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, ____________________

## Payment to Class Representatives

The Settlement proposes that Jose Manuel Henriquez and Jose Hector Fuentes, who took a lead role in this litigation and assisted in its resolution will receive service awards in the amount of $10,000 each.

## [illegible]

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you elect to participate in this

proposed settlement; and (2) a release of claims consistent with that set forth in paragraph 6 of this Notice. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Settlement Administrator via First Class United States Mail, post-marked by ____________2015 (the "Bar Date"). If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release by the Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all NYLL claims as described below.

If you timely return the enclosed claim form to the Settlement Administrator so that it is post-marked by the ___________ 2015 Bar Date, the Settlement Administrator will make your payment after a Fairness Hearing is held by the Court.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through _______________, 2015 from all NYLL claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the NYLL claims brought in this case, although you may still retain certain Federal claims. It also means that all of the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, you will forever and fully release Defendants through ______________, 2015 from all NYLL claims and FLSA claims asserted in the Complaint.

The Release in the Settlement Agreement provides that:

> **By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants from Released Rule 23 Class Claims. "Released Rule 23 Class Claims" means all wage and hour and prevailing wage claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period December 19, 2006 through the date of execution of this Agreement, under New York Labor Law. The Released Rule 23 Class Claims include all wage and hour and prevailing wage claims that could be asserted in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including all claims under the New York Labor Law, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**
>
> **By operation of the entry of the Judgment and Final Approval, and except as to**

**such rights or claims as may be created by this Agreement each individual Authorized Class Claimant (that is, class members who return the Claim and Release Form) forever and fully releases Defendants from all Released Claims. "Released Claims" means all wage and hour claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Authorized Claimants, in the Litigation for the period December 19, 2006 through the date of execution of this Agreement, including under the Fair Labor Standards Act and New York Labor Law. The Released Claims include all wage and hour and prevailing wage claims raised in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

[illegible]

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour settlement" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of _____________ 2015.

Settlement Administrator
[address]

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

[illegible]

Unless you exclude yourself, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.

[illegible]

No. If you exclude yourself, you will not receive any money from this lawsuit.

[illegible]

The law firm of Frank & Associates, P.C., 500 Bi-County Blvd., Ste. 112N, Farmingdale, NY 11735

has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. They are available to answer your questions regarding the settlement by calling (631) 756-0400 or emailing promero@laborlaws.com. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

[illegible]

Class Counsel will ask the Court to approve payment of up to 30% of the settlement fund established by Defendants to them for attorneys' fees, plus costs to be paid from the settlement fund. The fees would pay Class Counsel for all work that they have performed in this action including filing pleadings, engaging in discovery, investigating the facts, attending court conferences, participating in private mediation, and negotiating and overseeing the settlement.

[illegible]

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of *Henriquez, et al. v. Kelco Landscaping, Inc., et al.*. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection via overnight express with a tracking number, postage prepaid at the address below. Your objection will not be heard unless it is post-marked by the ____________2015 Bar Date.

Settlement Administrator
[address]

The Settlement Administrator will share your objection with Class Counsel and Defendant's counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

[illegible]

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself form the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a fairness hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you

may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

## [illegible]

The Court will hold a Fairness Hearing at_______ on _________________ , 2015, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## [illegible]

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES, on behalf of themselves and similarly situated employees,

Plaintiffs,

-against-

KELCO LANDSCAPING INC., KELCO LANDSCAPING CORP., ELM GENERAL CONSTRUCTION CORP., KELLY'S CREW, JOHN KELLY, JOSEPH PROVENZANO,

Defendants.

Case No. 12-CV-6233 (ADS)

(GRB)

# CLAIM FORM AND RELEASE

## INSTRUCTIONS for COMPENSATION

---

**In order to receive any portion of the settlement funds described in the Notice of Pendency of Class Action and Proposed Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Claims Administrator so that it is postmarked or otherwise received on or before [45 days from mailing date].**

Settlement Claims Administrator
[ADDRESS]
RE: KELCO/ELM

---

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

Settlement Claims Administrator
[ADDRESS]
RE: KELCO/ELM

## CLAIM FORM AND RELEASE

***THIS FORM MUST BE MAILED AND POST-MARKED TO THE SETTLEMENT CLAIMS ADMINISTRATOR OR OTHERWISE RECEIVED BY THE CLAIMS ADMINISTRATOR BY ______________________ [45 DAYS FROM MAILING DATE].***

A settlement fund is available for qualified individuals who return their paperwork in the matter consistent with the requirements set within. I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and New York Labor Law. I hereby consent and agree to join the case of *Jose Manuel Henriquez, et al. v. Kelco Landscaping Inc., et al.,* No. 12-CV-6233 (Spatt, J.). I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective and class action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable (the "Agreement"). I hereby designate the law firm of Frank 7 Associates, P.C., to represent me in this action.

**In exchange for a proportionate share of the Settlement Fund subject to the settlement formula set forth in the Notice and the Agreement, my signature below constitutes a full and complete release and discharge of Kelco Landscaping Inc., Kelco Landscaping Corp., Elm General Construction Corp., Kelly's Crew, John Kelly, Joseph Provenzano, individually, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Releasees") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from all wage and hour claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on my behalf, in the Litigation for the period December 19, 2006 through the date of my signing this Claim Form and Release, including under the Fair Labor Standards Act and New York Labor Law. The Released Claims include all wage and hour and prevailing wage claims raised in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

I declare under penalty of perjury that the above information is correct.

______________________ Name (print)

______________________ Signature

______________________________________________

Mailing Address

______________________

Telephone Number

__________

Date

4845-7280-8994, v. 1