UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE MANUEL HENRIQUEZ and JOSE                    12-CV-6233 (ADS) (GRB)
HECTOR FUENTES, on behalf of themselves and
similarly situated employees,

                         Plaintiffs,

     -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S CREW,
JOHN KELLY, JOSEPH PROVENZANO,

                         Defendants.
-------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

FRANK & ASSOCIATES, P.C.
Peter A. Romero
*Attorneys for Plaintiff*
500 Bi-County Blvd, #112N
Farmingdale, NY 11735
promero@laborlaws.com
Tel. (631) 756-0400
Fax. (631) 756-0547

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………..…………….....………………….....… ii

PRELIMINARY STATEMENT ……………………………………………………………… 1

PROCEDURAL BACKGROUND ……………………………………..…………....……… 2

STATEMENT OF FACTS ………………………………………………..…………………… 2

ARGUMENT ……………………………………………………………………………….... 4

I.   THE SETTLEMENT AGREEMENT ……………………………………....…..……… 4

II.  PRELIMINARY APPROVAL SHOULD BE GRANTED ……………………………… 5

The Proposed Settlement Should be Preliminarily Approved ………..……………… 8

Class Action Settlement Procedure ……………………….................................. 10

Conditional Certification of the Proposed Rule 23 Settlement Class …..…………… 11

The Class Is So Numerous That Joinder of All Members is Impracticable …………… 12

The Class Members Have Suffered the Same Injury …………………………….... 12

The Named Plaintiffs' Claims Are Typical Of the Claims of the Proposed Class ….... 14

The Named Plaintiff Will Fairly and Adequately Protect the Interests of the Class …. 15

A Class Action Is Superior to Other Available Methods ………………………..…… 16

Appointment of Plaintiffs' Counsel as Class Counsel ………………………..……… 17

The Proposed Method of Class Notice is Appropriate ……………………………….. 18

CONCLUSION ………………………………………………………………………….. 19

# TABLE OF AUTHORITIES

**Cases**

*Alli v. Boston Market Corp.*, 2011 WL 6156938 (D.Conn. Dec. 9, 2011) …………………..... 11

*Annunziato v. Collecto, Inc.*, 293 F.R.D. 329 (E.D.N.Y. Aug. 9, 2013) ……………………... 16

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52 (2d Cir. 2000) ……………..... 17

*Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345 (E.D.N.Y. 2006) ………………………….. 9-10

*Clark v. Ecolab, Inc.*, 2009 WL 6615729 (S.D.N.Y. Nov.27, 2009) ………………………... 8-9

*Clark v. Ecolab Inc.,* Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672,
2010 WL 1948198 (S.D.N.Y. May 11, 2010) …………………………………………..…. 15

*Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) …………..…... 14

*Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152 (S.D.N.Y.2008) ………………….……. 19-20

*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ………………………………..……….. 9

*Dorn v. Eddington Sec., Inc.,* No. 08 Civ. 10271,
2011 WL 382200 (S.D.N.Y. Jan. 21, 2011) …………………………………………….. 13

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ………………………………………..... 20-21

*Garcia v. Pancho Villa's of Huntington Village, Inc.,*
281 F.R.D. 100 (E.D.N.Y. 2011) …………………………………………………….. 17-18

*Guan Ming Lin v. Benihana New York Corp.,* 10 CIV. 1335 RA JCF,
2012 WL 7620734 (S.D.N.Y. Oct.23, 2012) ………………………………………..…... 14

*Guzman v. VLM, Inc.*, 07-CV-1126, 2008 WL 597186 (E.D.N.Y. Mar. 2, 2008) …………… 19

*Hernandez v. Merrill Lynch & Co., Inc.,*
2012 WL 5862749 (S.D.N.Y. Nov. 15, 2012) ……………………………….…. 10, 17, 19, 21

*Higueros v. New York State Catholic Health Plan, Inc.,*
E.D.N.Y. 07-CV-00418 (ADS) (ETB) …………………………………………….....… 18, 20

*In re Excess Value Ins. Coverage Litig.*, 2004 WL 1724980 (S.D.N.Y. July 30, 2004) ………. 8

*In re EVCI Career Colls. Holding Corp. Sec. Litig.,*
2007 WL 2230177 (S.D.N.Y. July 27, 2007) …………………………………......……... 11

ii

*In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ................................................................... 13

*In re Med. X-Ray Film Antitrust Litig.*, No. CV 93-5904,
    1997 WL 33320580 (E.D.N.Y. Dec. 26, 1997) ............................................. 7

*In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57 (S.D.N.Y. 1993) .................... 21

*In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99 (S.D.N.Y. 1997) .......... 7, 9-10

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200 (S.D.N.Y. 1995) ................ 7-8

*In re Traffic Exec. Ass'n*, 627 F.2d 631 (2d Cir. 1980) ............................................ 8

*Johnson v. Brennan*, 2011 WL 4357376 (S.D.N.Y. Sept.16, 2011) .................... 6 n.2, 21

*Lewis v. Alert Ambulette Serv. Corp.*, 11–CV–442,
    2012 WL 170049 (E.D.N.Y. Jan.19, 2012) ............................................... 15

*Morris v. Affinity Health Plan, Inc.*, 839 F.Supp.2d 611 (S.D.N.Y. 2012) ........... 11, 15, 17-19

*Niemiec v. Ann Bendick Realty*, 1:04CV00897ENVKAM,
    2007 WL 5157027 (E.D.N.Y. Apr.23, 2007) ............................................. 14

*Poplawski v. Metroplex on the Atl., LLC*, 11–CV–3765,
    2012 WL 1107711 (E.D.N.Y. Apr.2, 2012) ............................................... 15

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26 (E.D.N.Y. 2006) .......... 9-10

*Reid v. SuperShuttle Int'l, Inc.*, 08–CV–4854 JG VVP,
    2012 WL 3288816 (E.D.N.Y. Aug.10, 2012) ............................................. 15

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) .................................................. 16

*Scaffidi v. I.W. Industries, Inc.*, et al., E.D.N.Y. 05-CV05746 (JS) ............................. 18

*Sewell v. Bovis Lend Lease, Inc.*, 2012 WL 1320124 (S.D.N.Y. Apr.16, 2012) .............. 6 n.2

*Torres v. Gristede's Corp.*, No. 04 Civ. 3316,
    2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) ........................................... 19

*Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222 (S.D.N.Y.2003) .......................... 16

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) ............................ 7

iii

**Statutes**

Fed. R. Civ. P. 23(a) ……………………………………………………………… 13-18

Fed. R. Civ. P. 23(b) ………………………………………...……………………………… 13, 18-19

Fed. R. Civ. P. 23(c) ……………………...……...……………………………………………… 20

Fed. R. Civ. P. 23(e) …………………………...…………………...…………… 7, 13

Fed. R. Civ. P. 23(g) …………………………………………………………………… 19

Fed. R. Civ. P. 23(h) ……………………………………………………….……… 12

Fed. R. Civ. P. 54(d)(2) …………………………………………………...……… 12

**Secondary Sources**

5 James Wm. Moore et al., *Moore's Federal Practice*
       § 23.165 [2-3], at 23-516 (3d ed. 2006) …………………………………………….... 8

*Manual for Complex Litigation-Fourth § 13.14* …………………………………………….. 7

*Manual for Complex Litigation-Fourth § 40.42* …………………………………………….. 7

## PRELIMINARY STATEMENT

Subject to Court approval, Plaintiffs and Defendants have settled this wage and hour class and collective action for $1,025,000.00. Plaintiffs respectfully submit this Memorandum of Law in Support of their Motion for Preliminary Approval of the Settlement and Approval of Notice to the Class. Plaintiffs and Defendants have entered into a Stipulation of Settlement ("Settlement Agreement"), setting forth a proposed class action settlement of Plaintiffs' claims against Defendants. The terms of the proposed settlement are reflected in the Settlement Agreement, which is attached as Exhibit "A" to the Declaration of Peter A. Romero in Support of Motion ("Romero Decl."). The instant motion is submitted with the consent of the Defendants.

Plaintiffs believe that the proposed settlement is in the best interests of all members of the proposed Settlement Class. The proposed settlement is the result of extensive negotiations with the assistance of mediator Martin F. Scheinman, Esq. Based on their evaluation of the facts and the considerable risk, expense and delay inherent in the continued litigation of this matter, Plaintiffs submit that the proposed settlement is in the best interest of the class as a whole and should be granted preliminary approval.

Accordingly, Plaintiffs respectfully request that the Court enter an Order (1) granting preliminary approval the proposed Stipulation of Settlement between Plaintiffs and Defendants; (2) certifying the proposed class for settlement purposes; (3) appointing Frank & Associates, P.C. as Class Counsel; (4) approving the parties' proposed notice of settlement to the putative members of the class; (5) authorizing delivery of the approved notice to the putative members of the class; (6) scheduling a Fairness Hearing to determine whether the proposed settlement is fair, reasonable and adequate; and (7) such other and further relief as the Court deems just and proper.

1

## PROCEDURAL AND FACTUAL BACKGROUND

This action was brought to recover unpaid overtime wages and prevailing wages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the New York Labor Law, §650 *et seq.* ("NYLL"). The Plaintiffs Jose Manuel Henriquez and Jose Hector Fuentes ("Plaintiffs"), and proposed class members are current and former employees of Defendants who worked as landscape laborers. The Complaint alleges that Defendants failed to pay Plaintiffs and class members overtime pay for hours worked in excess of forty hours per week and prevailing wages.

Defendants provide landscaping services for commercial and residential customers. Compl. ¶10.[1] The Plaintiffs and class members worked as laborers for the Defendants and performed non-exempt work. The Plaintiffs and opt-in plaintiffs were hourly-paid employees. Plaintiffs allege that Defendants failed to pay Plaintiffs and class members overtime at time and one half for all hours worked in excess of 40 hours per workweek.

Plaintiff Henriquez worked as a laborer for Defendants from in or about March 2009 to in or about April 2012. See, DE 41-2. Henriquez' primary job duties included general landscaping, cutting grass, maintaining flower beds, planting and seeding. Id. at ¶3. Throughout the course of his employment with Defendants, Henrqiuez regularly worked in excess of forty hours each workweek. Id. at ¶¶4-7. Defendants failed to pay Henriquez premium overtime compensation at the rate of one and one-half times his regular hourly rate for all hours he worked in excess of forty hours per week. Id. at ¶¶8-11.

Plaintiff Fuentes worked as a laborer for Defendants from in or about October 2008 to in or about April 2012. See, DE 41-7 at ¶2. His primary job duties included general landscaping,

---

[1] Complaint filed December 19, 2012 [DE 1].

2

cutting grass, maintaining flower beds, planting and seeding. Id. at ¶3. Throughout the course of his employment with Defendants, Fuentes regularly worked in excess of forty hours each workweek. Id. at ¶¶4-7. Defendants failed to pay Fuentes premium overtime compensation at the rate of one and one-half times his regular hourly rate for all hours he worked in excess of forty hours per week. Id. at ¶¶8-10.

After conducting a thorough investigation of the facts in this case, which included interviewing opt-in plaintiffs and reviewing payroll records, counsel for the parties engaged in extensive, complex settlement negotiations to resolve this matter. The parties negotiated at arms' length with Mediator Martin F. Scheinman on September 8, 2014 and December 2, 2014.

The parties jointly request that the Court certify for settlement purposes only, a Settlement Class comprised of all persons who are or were employed by Defendants as landscapers and laborers from December 19, 2006 to February 28, 2015.

The parties further request that the Court appoint Plaintiff's counsel as class counsel, grant preliminary approval of the Settlement Agreement and authorize notice to all class members by delivering to them a notice of the proposed class settlement approved by the Court. A true and correct copy of the Parties' proposed notice to the class is annexed to the Settlement Agreement. (Romero Decl. Ex. B).

The Parties jointly request that the Court schedule a hearing to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate to the Class as a whole (the "Fairness Hearing"), as required by Rule 23(e) of the Federal Rules of Civil Procedure, at the earliest practicable time on or within 120 days after the Notice is mailed.

## ARGUMENT

### I.      THE SETTLEMENT AGREEMENT

Pursuant to the agreement reached by the Parties, Defendants shall create a Gross Settlement Fund in the maximum amount of $1,025,000.00, which will cover Class Members' awards, the cost of settlement administration, attorneys' fees and costs, and Service Awards of $10,000.00 each for the Named Plaintiffs Jose Manuel Henriquez and Jose Hector Fuentes. This is typical of service awards in the Second Circuit. *See Sewell v. Bovis Lend Lease, Inc.*, 2012 WL 1320124, at *14-15 (S.D.N.Y. Apr.16, 2012) (granting service awards of $15,000 and $10,000 to class representatives in wage and hour class action settlement, and listing supporting cases); *Johnson v. Brennan*, 2011 WL 4357376 (S.D.N.Y. Sept.16, 2011) (granting service awards of $10,000 to class representatives in wage and hour settlement).

Class Claimants who affirmatively opted into the FLSA Action shall proportionally share in a fund totaling $482,500.00, taking into account the following factors: (i) for days worked at or above prevailing wage ($33.05 per hour), an amount reflecting an hourly drive time rate of $22.50 for all hours punched less the sum of hours actually paid and .5 hours lunch; and (ii) for days worked below prevailing wage ($33.04 or less), the amount calculated in (i) plus an amount equal to the difference between eight (8) hours at prevailing wage ($33.05) and the amount actually paid for the day, all as detailed in an email among counsel dated January 9, 2015.

Class Claimants who did not affirmatively opt-into the FLSA Action shall proportionally share in a fund totaling $200,000.00, taking into account their total completed months of employment during the period December 19, 2006 to the date of execution of this Agreement.

4

Class Members who do not timely opt-out release Defendants from all wage and hour claims under the NYLL. Each Class Claimant who files a Claim Form shall release Defendants from all wage and hour claims under the FLSA as well.

## II.    PRELIMINARY APPROVAL SHOULD BE GRANTED.

There is a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). Rule 23(e) requires judicial approval for any compromise of claims brought on a class basis. Fed. R. Civ. P. 23(e). Approval of a proposed settlement is a matter within the broad discretion of the district court. *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). "Preliminary approval of a proposed settlement is the first in a two-step process required before a class action may be settled." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). "First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing." *Manual for Complex Litigation-Fourth § 13.14.*

"Preliminary approval should be granted and notice of the proposed settlement given to the class if there are no obvious deficiencies in the proposed settlement." *In re Med. X-Ray Film Antitrust Litig.,* No. CV 93-5904, 1997 WL 33320580, at *6 (E.D.N.Y. Dec. 26, 1997). The primary question raised by a request for preliminary approval is whether a proposed settlement is "within the range of reasonableness" of settlements that could ultimately merit final approval. *Manual for Complex Litigation-Fourth § 40.42.* "At this stage of the proceeding, the Court need only find that the proposed settlement fits 'within the range of possible approval…'" *Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. at 210.

5

Preliminary approval does not require the court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final-approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of, or exclude themselves from, the settlement. *See* 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.165 [2-3], at 23-516 (3d ed. 2006).

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark v. Ecolab, Inc.*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov.27, 2009). To grant preliminary approval, the court need only find that there is "probable cause" to submit the settlement to class members and hold a hearing as to its fairness. *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

The Parties' Proposed Settlement is entitled to a presumption of fairness. Even at the final-approval stage, before consideration of its substance, a proposed settlement is entitled to a presumption of fairness if it is negotiated at arm's-length by experienced, knowledgeable counsel. *In re Excess Value Ins. Coverage Litig.*, 2004 WL 1724980, at *10 (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness.'"). "[C]ourts should give proper deference to the private consensual decision of the parties...[and] should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation..." *Clark*, 2009 WL

6

6615729, at *3. Here, the settlement negotiations were adversarial, extensive and occurred over the course of many weeks at arm's length by competent, knowledgeable counsel. Therefore, the proposed settlement is entitled to a presumption of fairness at the preliminary-approval stage.

Given the costs inherent in continuing the litigation against Defendants, the settlement represents an excellent compromise that will afford Plaintiffs a recovery from Defendants without the considerable risk and expense involved in a trial of the action or the uncertainty of successfully collecting upon a judgment.

Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Clark*, 20009 WL 6615729, at *3. It is well settled that there is a two-step process for the review of a proposed class action settlement. The first of which is a preliminary, pre-notification hearing to determine whether the settlement is "within the range of possible approval." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006); *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006); *NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. at 102. In evaluating whether to preliminarily approve a proposed settlement, the Court is not making any final determinations as to the merits of the matter. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974), overruled on other grounds by, *Missouri v. Jenkins*, 491 U.S. 274 (1989). By preliminarily approving the proposed settlement, the Court is deeming it to be "sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard." *In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. at 102.

Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits).

Once preliminarily approved, the Court "must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *Bourlas*, 237 F.R.D. at 355. The form notice is annexed to the Declaration of Peter A. Romero in support of Plaintiff's motion.

## The Proposed Settlement Should be Preliminarily Approved

Plaintiffs respectfully submit that the proposed Settlement Agreement is within the range of possible final settlement approval and therefore notice to the class at this stage is appropriate.

The Court should consider a number of factors before preliminarily approving a class action settlement – no one factor is determinative. These factors can be summarized as follows:

> [W]here [the proposed settlement] is the result of serious, informed and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies (such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation of the attorneys), and where the settlement appears to fall within the range of possible approval.

*Reade-Alvarez*, 237 F.R.D. at 33.

The proposed settlement satisfies these requirements. It is the product of arms' length negotiations between Plaintiffs' counsel and counsel for the Defendants, all of whom are experienced in class action wage and hour litigation. Prior to engaging in settlement negotiations, Plaintiffs' Counsel reviewed extensive documentary evidence and interviewed the opt-in plaintiffs regarding their hours of work and compensation. The investigation confirms Plaintiffs' belief that the Settlement Agreement is fair, reasonable and adequate.

8

"Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). Courts should grant preliminary approval where the settlement has "no obvious defects." *See Alli v. Boston Market Corp.*, 2011 WL 6156938, at *3 (D.Conn. Dec. 9, 2011). Here, the Court should grant preliminary approval because there are "no obvious defects" that prevent preliminary approval.

The Settlement Agreement in this case provides that Defendants will pay Class Counsel's attorneys' fees. Prior to the Fairness Hearing, Class Counsel shall petition the Court for no more than 30% of the Settlement Fund. This amount is reasonable and consistent with the typical fee award in the Second Circuit. *See Morris v. Affinity Health Plan, Inc.*, 839 F.Supp.2d 611, 622-23 (S.D.N.Y. 2012) ("Class and Plaintiff's Counsel's request for one-third of the Fund is reasonable and consistent with the norms of class litigation in this circuit.").

Class Counsel submits that the anticipated fee is fair and reasonable under the circumstances. Class counsel agreed to commence this action on a contingency fee basis, with no fees to be recovered in the event of a negative outcome. Class Counsel thoroughly investigated the claims of class members, including analyzing time records and other documents and calculating damages. Throughout the litigation, Class Counsel confronted the possibility of no recovery or of a small recovery. Despite substantial and varied legal obstacles to recovering from Defendants for alleged unpaid overtime, Class Counsel accepted this case and was able to achieve a significant settlement. Class Counsel has knowledge of the applicable law, and has committed resources to this matter, notwithstanding the fact that it commenced on a contingent fee basis, with no fees to be recovered in the event of a negative outcome, and has advanced all the fees necessary to prosecution of the action.

Class Counsel is extremely experienced in the area of labor and employment law. The attorneys who primarily worked on this action are Neil M. Frank and Peter A. Romero. Mr. Frank graduated from New York Law School in 1963 and has approximately fifty (50) years' experience practicing labor law. Mr. Frank was generally involved in the more complex elements of this action including litigation strategy, negotiation and settlement. Mr. Romero graduated from St. John's University School of Law in January 2003, has practiced almost exclusively in the area of employment law since he was admitted to the New York bar in November 2003, and was selected to be included in *New York's Best Lawyers* Labor and Employment 2013 and 2014.

The Court need not decide attorneys' fees and costs now. Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), Plaintiffs' Counsel will move for attorneys' fees and costs along with their Motion for Final Approval of the Settlement. Finally, the Stipulated Settlement provides a process to assure that each potential class member receives notice of the proposed settlement and fairness hearing, and that he/she will have adequate opportunity to file objections to the proposed settlement. Based on the foregoing, the Parties respectfully request that the Court grant Preliminary Approval of the Stipulation of Settlement and authorize notice to all Class Members of the Stipulation by delivering to them a Notice of the proposed class settlement approved by the Court.

**Class Action Settlement Procedure**

The Parties' Settlement Agreement contemplates the following steps:

1.      Preliminary approval of the proposed settlement upon submission to the Court of the instant motion for preliminary approval;

2.      Dissemination of notice of settlement to all class members; and

3.    A final settlement approval hearing at which the class members may be heard, and at which argument concerning the fairness of the settlement may be presented. *See* Fed. R. Civ. P. 23(e). Plaintiffs request that the Court take the first step now - granting preliminary approval of the Settlement Agreement, conditionally certifying the settlement class, approving Plaintiffs' Proposed Notice, and authorizing Plaintiffs to send them.

## Conditional Certification of the Proposed Rule 23 Settlement Class

The Parties respectfully request that the Court certify a class for purposes of settlement and appoint Frank & Associates, P.C. as Class Counsel. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 790–92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.,* No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

The Parties jointly request that pursuant to Fed.R.Civ.P. 23(e), the Court certify for settlement purposes a Settlement Class comprised of all current and former employees of Defendants who performed work as landscapers and laborers from December 19, 2006 to February 28, 2015 because Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11

**The Class Is So Numerous That Joinder of All Members is Impracticable**

The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members is impracticable. In the Second Circuit, courts presume numerosity such that joinder is impracticable where the class exceeds 40 members. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  In wage and hours cases, courts "assess the numerosity requirement based on the size of the proposed class rather than the number of opt-in plaintiffs." *Guan Ming Lin v. Benihana New York Corp.*, 10 CIV. 1335 RA JCF, 2012 WL 7620734, at *4 (S.D.N.Y. Oct.23, 2012), *report and recommendation adopted*, 10 CIV. 1335 RA JCF, 2013 WL 829098 (S.D.N.Y. Feb.27, 2013). Therefore, courts have found numerosity with fewer than forty opt-in plaintiffs. *See Niemiec v. Ann Bendick Realty*, 1:04CV00897ENVKAM, 2007 WL 5157027, at *6 (E.D.N.Y. Apr. 23, 2007) (finding numerosity despite only ten opt-in plaintiffs).

Here, upon information and belief Defendants employed a minimum of 80 employees during the six-year statutory period applicable to the NYLL claim.   Therefore, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are more than forty Rule 23 Class Members and, therefore, joinder is impracticable. *See Consol. Rail Corp.*, 47 F.3d at 483 ("[N]umerosity is presumed at a level of 40 members").

**The Class Members Have Suffered the Same Injury**

The second requirement for certification is that common questions of law or fact predominate over any questions affecting individual members.

"In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Lewis v. Alert Ambulette Serv. Corp.*, 11–CV–442, 2012 WL 170049 (E.D.N.Y. Jan.19, 2012) (citing *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 343 (S.D.N.Y.2004) ("All potential class

12

members are alleged to have been harmed by a common practice—defendants' failure to adequately compensate employees for overtime hours.); *see also Reid v. SuperShuttle Int'l, Inc.,* 08–CV–4854 JG VVP, 2012 WL 3288816 (E.D.N.Y. Aug.10, 2012) (Common questions include "whether [defendant's] compensation policies violated the FLSA or the NYLL"); *Poplawski v. Metroplex on the Atl., LLC,* 11–CV–3765, 2012 WL 1107711 (E.D.N.Y. Apr.2, 2012) ("There is sufficient proof for certification purposes of a uniform policy of underpayment, presenting a common question that is subject to classwide proof.").

Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants failed to pay them overtime wages in violation of state wage and hour laws. *See Morris,* 859 F.Supp.2d at 615–16 (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had policy of not paying all class members overtime pay); *Clark v. Ecolab Inc.,* Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and ... whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

Here, the proposed class was subject to the same alleged practice of underpayment, raising common questions of law and fact sufficient to warrant class certification including whether Defendants failed to pay the putative class overtime in accordance with the NYLL, whether Defendants maintained accurate employment records, and whether Defendants' failure to pay overtime was willful within the meaning of the NYLL.

**The Named Plaintiffs' Claims Are Typical Of the Claims of the Proposed Class**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical" of the class. Fed. R. Civ. P. 23(a)(3). Typicality "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir. 1993). This requirement is intended to ensure that the class representative is not subject to a unique defense which could potentially become the focus of the litigation. *Annunziato v. Collecto, Inc.,* 293 F.R.D. 329, 336 (E.D.N.Y. Aug. 9, 2013) (*citing Vengurlekar v. Silverline Techs., Ltd.,* 220 F.R.D. 222, 227 (S.D.N.Y.2003)). However, "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Id.* at 337 (quoting *Robidoux,* 987 F.2d at 936–937; *see also Vengurlekar,* 220 F.R.D. at 227 (holding that "the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification") (citations and internal quotation marks omitted).

Here, the Named Plaintiffs' claims are typical of the proposed class members' claims. The Plaintiffs and the putative class members were employed by Defendants to perform non-exempt duties. Plaintiffs allege that they were not paid an overtime premium for all hours worked in excess of forty hours per week and that this payment practice violates the NYLL. Plaintiffs' factual allegations and legal arguments apply to the proposed class across the board to all non-exempt employees who have been denied overtime pay. Plaintiffs, like every member of the putative class, have been injured by Defendants in the same manner. Thus, the claims of the Plaintiffs and all other members of the putative class arise from the same course of conduct of

14

Defendants and are based on the same legal claim – that Defendants breached their statutory obligations to pay the wages required under NYLL.

Therefore, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Hernandez,* 2012 WL 5862749, at *3 (typicality satisfied where "[p]laintiffs' claims for overtime pay [arose] from the same factual and legal circumstances that form[ed] the bases of the [c]lass [m]embers' claims"); *Morris,* 859 F.Supp.2d at 616 (same).

**The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Class**

Rule 23(a)(4) requires that the Named Plaintiff be in a position to adequately protect the interests of the members of the class. In order to satisfy Rule 23(a)(4), Plaintiffs must demonstrate that class counsel is qualified and that they have no interests that are antagonistic to the proposed class members. *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 281 F.R.D. 100, 107 (E.D.N.Y. 2011); *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Plaintiffs have satisfied both elements under Rule 23(a)(4). First, the Plaintiffs' counsel has extensive experience in litigating wage and hour cases under the FLSA and NYLL both in class actions and in individual suits. Plaintiffs' counsel has represented classes that were certified by this Court, including *Scaffidi v. I.W. Industries, Inc.*, et al., E.D.N.Y. 05-CV05746 (JS), which asserted claims under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. 2101 et seq. (the "WARN Act") and *Higueros v. New York State Catholic Health Plan, Inc.*, E.D.N.Y. 07-CV-00418 (ADS) (ETB) a hybrid collective and class action lawsuit brought to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and the New York Labor Law (*See* DE 97). Plaintiffs satisfy Federal Rule of Civil Procedure

15

23(a)(4) because there is no evidence that the named Plaintiffs' and Class Members' interests are at odds. *See Morris,* 859 F.Supp.2d at 616.  In addition, Plaintiffs' Counsel, Frank & Associates, P.C. also meet Rule 23(a)(4)'s adequacy requirement since the firm is well qualified to represent the class.

## A Class Action Is Superior to Other Available Methods

Rule 23(b)(3) requires that the class action be "superior to other available methods for the fair and efficient adjudication of the controversy."  Here, a class action is superior to litigation by individual plaintiffs because individual suits would be prohibitively costly relative to the value of the claims, class members who still work for Defendants would be disinclined from pursuing individual claims for fear of reprisal, and a class action would eliminate the risk that questions of law common to the class will be decided differently in each lawsuit.  Subjecting the Court and the litigants to the cost and time of multiple trials would be wasteful.  Furthermore, a class action is superior to other available methods because the NYLL claims are nearly identical to the FLSA claims, which will be tried collectively in this Court. *See Garcia,* 281 F.R.D. at 108 (citing *Alonso v. Uncle Jack's Steakhouse, Inc.,* No. 08–CV–7813, 2011 WL 4389636, at *5 (S.D.N.Y. Sept. 21, 2011)).  As the Court explained in *Guzman v. VLM, Inc.,* 07-CV-1126, 2008 WL 597186, at *9 (E.D.N.Y. Mar. 2, 2008):

> "[T]he values of judicial economy, convenience, and fairness all favor exercising supplemental jurisdiction, and I do not find comity concerns to be strongly implicated. The factual overlap between the federal claims and the state claims is virtually total; it would ill serve the interests of convenience or judicial economy to relitigate in state court the defendants' pay practices. To the extent that employees may feel intimidated about volunteering to participate in an action as suggested by the plaintiffs, fairness counsels in favor of exercising supplemental jurisdiction to hear their claims. And due to the straightforward nature of the legal questions under state law, no significant comity interest counsels in favor of allowing state courts to decide those claims."

16

So too here, resolving the common issues on a class-wide basis will create uniform resolution of the issues under state and federal law and achieve judicial economy, convenience and fairness to all parties.

Plaintiffs satisfy Rule 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Hernandez,* 2012 WL 5862749, at *4 (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Torres v. Gristede's Corp.,* No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Morris,* 859 F.Supp.2d at 617; *Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 161, 164 (S.D.N.Y.2008) (Lynch, J.).

**Appointment of Plaintiffs' Counsel as Class Counsel**

The Court should appoint the law firm Frank & Associates, P.C. ("F&A") as Class Counsel because it meets all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia,* 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, ... counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, ... counsel's knowledge of the applicable law, and ... the resources counsel will commit to representing the class") (internal quotation marks omitted).  Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class

17

Members' claims.   F&A's attorneys are experienced class action litigators and have been appointed by this Court as Class Counsel in other wage and hour lawsuits, including *Higueros v. New York State Catholic Health Plan, Inc.*, 07-CV-00418 (ADS) (ETB).   (*See* DE 97).   The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class' interests.

**The Proposed Method of Class Notice is Appropriate**

The Court should approve the Proposed Notice of Class Action Settlement ("Proposed Notice" Romero Decl. Ex. E) and direct its distribution to the Class. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

Individually mailed notice will provide the best notice practicable under the circumstances.   The court must direct to all class members "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See* Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974) ("[T]he names and addresses of 2,250,000 class members are easily ascertainable, and there is nothing to show that individual notice cannot be mailed to each.   For these class members, individual notice is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2) and our prior decisions.")

A copy of the proposed notice is annexed to the Declaration of Plaintiff's Counsel submitted in support of this motion. The proposed notice advises recipients of the proposed settlement, and provides recipients with the right to appear and state their objections at a Fairness Hearing. The proposed notice also: describes the nature of the action; defines the settlement class; advises that recipients may appear through counsel; provides information about opting-out;

18

and describes the binding effect of the class judgment.  As such, the proposed notice should be approved as it serves to adequately advise recipients of their rights.

The Court should approve the Proposed Notice because it satisfies each of the requirements of Rule 23 and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Johnson,* 2011 WL 1872405, at *3. The Proposed Notice is also appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez,* 2012 WL 5862749, at *5.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Plaintiffs respectfully request that the Court certify the Settlement Class, Preliminarily Approve the Settlement, and approve the form and manner of the notice to the Class.

Dated: Farmingdale, New York
      March 30, 2015       *Respectfully submitted,*

         FRANK & ASSOCIATES, P.C.

By:   _____
         Peter A. Romero, Esq.
         500 Bi-County Blvd., 112N
         Farmingdale, New York 11735
         (631) 756-0400
         *Attorneys for Plaintiffs*