UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSE MANUEL HENRIQUEZ and JOSE       12-CV-6233 (ADS) (GRB)
HECTOR FUENTES, on behalf of themselves and
similarly situated employees,

                        Plaintiffs,

   -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S CREW,
JOHN KELLY, JOSEPH PROVENZANO,

                        Defendants.
----------------------------------------------------------------x

## DECLARATION OF NEIL M. FRANK IN SUPPORT OF MOTION

Neil M. Frank, an attorney admitted to practice law in the State of New York and the United States District Court for the Eastern District of New York, hereby declares upon information and belief under the penalties of perjury as follows:

1. I am the managing partner of the firm Frank & Associates, P.C., attorneys for the Plaintiffs herein. I submit this declaration in support of the Plaintiffs' motion for preliminary approval of the parties' proposed Class Action Settlement.

2. A copy of the Declaration of Brian S. Devery, the Project Manager for the Administrator in this case, is attached hereto as **Exhibit A**.

3. A copy of the Proposed Final Order and Judgment Approving Settlement is attached hereto as **Exhibit B**.

4. Plaintiffs believe that the proposed Settlement is in the best interests of all members of the proposed Settlement Class. The proposed Settlement is the result of extensive

1

negotiations with the assistance of mediator Martin F. Scheinman, Esq. Based on their evaluation of the facts and the considerable risk, expense and delay inherent in the continued litigation of this matter, Plaintiffs submit that the proposed Settlement is in the best interest of the class as a whole and should be granted preliminary approval.

5. After conducting a thorough investigation of the facts in this case, which included interviewing opt-in plaintiffs and reviewing payroll records, counsel for the parties engaged in extensive, complex settlement negotiations to resolve this matter. The parties negotiated at arms' length with Mediator Martin F. Scheinman.

6. On March 31, 2015, the Court granted preliminary approval of the Settlement and directed that notice be mailed to Class Members, and set August 11, 2015 as the date for the Final Fairness Hearing. At the parties' request, the hearing was adjourned to August 11, 2015. The plaintiffs and class members have been notified of the terms of the Settlement and their right to opt out or object to the Settlement. With the exception of three requests to be excluded and one lone objector, the reaction of the Class to the Settlement has been positive. Accordingly, the Court should grant final approval.

## PROCEDURAL AND FACTUAL BACKGROUND

7. This action was brought to recover unpaid overtime wages and prevailing wages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the New York Labor Law, §650 *et seq.* ("NYLL"). The Plaintiffs Jose Manuel Henriquez and Jose Hector Fuentes ("Plaintiffs"), and proposed class members are current and former employees of Defendants who worked as landscape laborers. The Complaint alleges that Defendants failed to pay Plaintiffs and

class members overtime pay for hours worked in excess of forty hours per week and prevailing wages.

8. Defendants provide landscaping services for commercial and residential customers. Compl. ¶10.[1] The Plaintiffs and class members worked as laborers for the Defendants and performed non-exempt work. The Plaintiffs and opt-in plaintiffs were hourly-paid employees. Plaintiffs allege that Defendants failed to pay Plaintiffs and class members overtime at time and one half for all hours worked in excess of 40 hours per workweek.

9. Plaintiff Henriquez worked as a laborer for Defendants from in or about March 2009 to in or about April 2012. See, DE 41-2. Henriquez' primary job duties included general landscaping, cutting grass, maintaining flower beds, planting and seeding. Id. at ¶3. Throughout the course of his employment with Defendants, Henrqiuez regularly worked in excess of forty hours each workweek. Id. at ¶¶4-7. Defendants failed to pay Henriquez premium overtime compensation at the rate of one and one-half times his regular hourly rate for all hours he worked in excess of forty hours per week. Id. at ¶¶8-11.

10. Plaintiff Fuentes worked as a laborer for Defendants from in or about October 2008 to in or about April 2012. See, DE 41-7 at ¶2. His primary job duties included general landscaping, cutting grass, maintaining flower beds, planting and seeding. Id. at ¶3. Throughout the course of his employment with Defendants, Fuentes regularly worked in excess of forty hours each workweek. Id. at ¶¶4-7. Defendants failed to pay Fuentes premium overtime compensation at the rate of one and one-half times his regular hourly rate for all hours he worked in excess of forty hours per week. Id. at ¶¶8-10.

---

[1] Complaint filed December 19, 2012 [DE 1].

11. After conducting a thorough investigation of the facts in this case, which included interviewing opt-in plaintiffs and reviewing payroll records, counsel for the parties engaged in extensive, complex settlement negotiations to resolve this matter. The parties negotiated at arms' length with Mediator Martin F. Scheinman on September 8, 2014 and December 2, 2014.

12. On March 30, 2015, Plaintiffs filed a motion for preliminary approval of the parties' Settlement (Docket Entry No. 76). The parties asked the Court certify for settlement purposes only, a Settlement Class comprised of all persons who are or were employed by Defendants as landscapers and laborers from December 19, 2006 to February 28, 2015.

13. On March 31, 2014, the Court preliminarily approved the Settlement set forth in the parties' Agreement as being fair, just, reasonable, adequate and in the best interests of the Named Plaintiff and the Settlement Class as described in the Agreement and set June 26, 2015 as the date for the Fairness Hearing.

14. On or about April 20, 2015, the Notice of Settlement approved by the Court was mailed to the opt-in plaintiffs and class members. Pursuant to the parties' Settlement Agreement, the Notice advised class members of their right to exclude themselves from the Settlement or object to the Settlement.

15. The proposed Settlement was negotiated at arm's length by experienced and capable counsel after a period of discovery and a thorough evaluation of the claims. Prior to entering negotiations, class counsel interviewed plaintiffs regarding the facts and details of their employment with Defendants. The parties produced and reviewed documents related to the Plaintiffs' claims including, inter alia, time and payroll records.

16. Continued litigation of this action through trial would be complex, costly and long. Since there are more than seventy-four (74) class members including the FLSA opt-in Plaintiffs, preparing and putting on evidence in a fact-intensive trial would require tremendous amounts of time, exhaust considerable resources and demand substantial judicial resources. The proposed Settlement makes monetary relief available to Class Members in a prompt and efficient manner.

17. The reaction of the Class to the Settlement has been positive. Notice of the Settlement was mailed to the Plaintiffs and Class Members explaining the terms of the Settlement. The Notice also informed Class Members that they could opt-out or object to the Settlement. With the exception of three requests to be excluded and one lone objector, the response has been favorable and militates in favor of final approval.

18. The parties conducted discovery before entering into negotiations. Class counsel obtained informal discovery by interviewing the opt-in plaintiffs regarding the facts and details of their employment with Defendants. During formal discovery, the parties produced and reviewed documents reflecting the hours worked and wages paid to the plaintiffs.

19. The proposed Settlement provides substantial relief to the Class and avoids the risk of trial on the merits.

20. For all of the foregoing reasons, Final Approval of the Settlement should be granted.

Dated: Farmingdale, New York
       August 5, 2015

/s
_____
Neil M. Frank