# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE MANUEL HENRIQUEZ and JOSE HECTOR FUENTES, on behalf of themselves and similarly situated employees, | Case No. 12-CV-6233 (ADS)(GRB) |
| Plaintiff, | |
| - vs - | |
| KELCO LANDSCAPING INC., KELCO LANDSCAPING CORP., ELM GENERAL CONSTRUCTION CORP., KELLY CREW, JOHN KELLY, JOSEPH PROVENZANO, | |
| Defendants. | |

## DECLARATION OF BRIAN S. DEVERY

I, BRIAN S. DEVERY declare:

      1.     I am a Project Manager  with Angeion Group ("Angeion"), located at 1801 Market Street, Suite 660, Philadelphia, PA 19103.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

      2.     The purpose of this declaration is to provide the Parties and the Court with a summary and the results of the work performed by Angeion related to the Notice Procedures for the *Jose Manuel Henriquez and Jose Hector Fuentes, on behalf of themselves and all others similiarly situated v. Kelco Landscaping Inc. et al.* No. 12-CV-6233 (ADS) (GRB) class action lawsuits, following the March 31, 2015 Order Granting Plaintiffs' Motion for Preliminary Approval of Class Settlement here at issue.

3.      Angeion was retained to, among other tasks: (a) calculate Class Members' share of the Net Settlement Fund; (b) oversee the mailing of the Notice of Proposed Class Action Settlement ("Notice"); (c) trace and remail undeliverable Notices returned by the United State Postal Service ("USPS") with forwarding addresses, as well as remail Notices for which new addresses were provided by Class Counsel or after performing a skip trace; (d) provide Class Counsel with activity reports; and (e) update the addresses of Class Members as provided by Class Counsel. A copy of the Notice is attached hereto as Exhibit A.

4.      On April 8, 2015, Angeion received from the Defendant an Excel spreadsheet containing the Class Members.  Angeion reviewed the Class List, updated the Class Member information and removed   any duplicate entries as was applicable resulting in a final Class Member list containing 74 Class Members to which Notices and Claim Forms   would be mailed.

5.      On April 20, 2015, Angeion updated the Class Member list, utilizing the National Change of Address database ("NCOA"), which provides updated addresses for all individuals who have moved during the previous four years and filed a change of address with the USPS.  The Class Member List was updated with these new addresses for all Class Members where a new addresses was provided via the NCOA search.

6.      On April 20, 2015, the Notices were mailed to Class Members who were contained in the Class Member list via First Class Mail postage prepaid. The Notices mailed contained all relevant information required and were in the same format as Exhibit A attached hereto.

7.      During the period from April 20, 2015 through June 4, 2015, no Notices were returned to Angeion by the USPS with a forwarding address.

8.      During the period from April 20, 2015 through June 4, 2015, 4 Notices were returned to Angeion by the USPS without forwarding addresses.  Angeion conducted a skip trace

on these undeliverables in an effort to locate new addresses. Of the Class Members whose returned mail was skip traced, new addresses were found for 1 of them. The Class List was updated with these new address and a Notice were remailed to the Class Members. During the period from June 7, 2015 through the date of this declaration no an additional, Notices were returned to Angeion by the USPS without a forwarding address. As of the date of this declaration, 3 Notices remain undeliverable from the initial mailing including any notices returned as undeliverable after the Class Period.

9.     For the Class Member for whom a new address was located by skip trace, as of the date of this declaration, the remailed Notice has not been returned as undeliverable a second time.

10.     In this case, after adhering to all of the Notice requirements of the Order Preliminarily Approving Class Action Settlement and Providing for Notice, which included the initial mailing, skip tracing and remailing, Angeion has received 3 request for Exclusion and 1 Objection. All Objections received and Exclusion requests are attached hereto as Exhibit B.

I declare under penalty of perjury pursuant to the laws of the State of New York, that the above is true and correct to the best of my knowledge and that this declaration was executed this 5th day of August 2015 at Oakdale, NY..

By _____
BRIAN S. DEVERY

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of themselves
and similarly situated employees,

                          Plaintiffs,

          -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S
CREW, JOHN KELLY, JOSEPH
PROVENZANO,

                          Defendants.

Case No.  12-CV-6233 (ADS)

(GRB)

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**If you were employed by Kelco Landscaping Inc. and/or Elm Construction Corp. as a landscaper and/or laborer from December 19, 2006 to February 28, 2015, please read this Notice.**

DATED:  April 20, 2015

**PLEASE READ THIS NOTICE CAREFULLY**

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

Introduction

Jose Manuel Henriquez and Jose Hector Fuentes, former employees of Kelco and/or Elm initiated a lawsuit for allegedly unpaid overtime wages, prevailing wages and other claimed damages against Defendants. The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is known as *Henriquez, et al. v. Kelco Landscaping Inc., et al.*  Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and other similarly situated employees overtime for hours worked over 40 in a workweek, prevailing wages, minimum wages, and other wages due in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Defendants deny the Plaintiffs' allegations.

7

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests at this time to resolve Plaintiffs' claims on behalf of Plaintiffs and other landscapers and laborers.  Plaintiffs and Defendants have agreed to settle the action subject to the approval of the Court. Defendants have agreed to pay a maximum of $1,025,000. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement send a properly completed Claim Form and Release to the Settlement Administrator that must be postmarked by **June 4, 2015**.  If you fail to submit a timely Claim Form and Release, you will receive no monetary distribution from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | Write to the Court about why you believe the settlement is unfair or unreasonable.  If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under NYLL unless you submit a valid and timely Request for Exclusion Form.  You will not be bound by the settlement if you opt-out of this action as described herein.  If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### Why did I receive this notice?

You have received this notice because Defendants' records show that you worked for Kelco and/or Elm as a landscaper or laborer sometime between December 19, 2006 and February 28, 2015.

### What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### Why is there a settlement?

Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and Putative Class Members. Your estimated portion of the settlement will be based on the following, all as shown on Defendant's records, after all attorneys' fees, costs, taxes, settlement administration costs, and service awards have been paid:

(A)    Class Claimants Who Are FLSA Claimants. Class Claimants who are FLSA Claimants shall proportionally share in a fund totaling $482,500, inclusive of tax obligations, taking into account the following factors: (i) for days worked at or above prevailing wage ($33.05 per hour), an amount reflecting an hourly drive time rate of $22.50 for all hours punched less the sum of hours actually paid and .5 hours lunch; and (ii) for days worked below prevailing wage ($33.04 or less), the amount calculated in (i) plus an amount equal to the difference between eight (8) hours at prevailing wage ($33.05) and the amount actually paid for the day, all as detailed in an email among counsel dated January 9, 2015.

(B)    Class Claimants Who Are Not FLSA Claimants. Class Claimants who are not FLSA Claimants shall proportionally share in a fund totaling $200,000, inclusive of tax obligations, taking into account their total completed months of employment during the period December 19, 2006 to February 28, 2015.

### 4.    Payment to Class

If you elect to participate in this proposed settlement, you will be paid a proportionate share of the Settlement Fund based on a formula taking into account the factors set forth above. If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, Angeion Group.

### 5.    Payment to Class Representative

The Settlement proposes that Jose Manuel Henriquez and Jose Hector Fuentes, who took a lead role in this litigation and assisted in its resolution will receive service awards in the amount of $10,000 each.

### 6.    Procedures

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you elect to participate in this proposed settlement; and (2) a release of claims consistent with that set forth in paragraph 6 of this Notice. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Settlement Administrator via First Class United States Mail, post-marked by **June 4, 2015** (the "Bar Date"). If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release by the Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all NYLL claims as described below.

If you timely return the enclosed claim form to the Settlement Administrator so that it is postmarked by the **June 4, 2015** Bar Date, the Settlement Administrator will make your payment after a Fairness Hearing is held by the Court.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through March 17, 2015 from all NYLL claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the NYLL claims brought in this case, although you may still retain certain Federal claims. It also means that all of the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, you will forever and fully release Defendants through March 17, 2015 from all NYLL claims and FLSA claims asserted in the Complaint.

The Release in the Settlement Agreement provides that:

> **By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants from Released Rule 23 Class Claims. "Released Rule 23 Class Claims" means all wage and hour and prevailing wage claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period December 19, 2006 through March 17, 2015, under New York Labor Law. The Released Rule 23 Class Claims include all wage and hour and prevailing wage claims that could be asserted in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including all claims under the New York Labor Law, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (i.e., claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

> **By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Authorized Class Claimant (that is, class members who return the Claim and Release Form) forever and fully releases Defendants from all Released Claims. "Released Claims" means all wage and hour claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Authorized Claimants, in the Litigation for the period December 19, 2006 through March 17, 2015, including under the Fair Labor Standards Act and New York Labor Law.  The Released Claims include all wage and hour and prevailing wage claims raised in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (i.e., claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

## How Do I Exclude Myself From The Settlement?

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour settlement" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of **June 4, 2015**.

Kelco/Elm Settlement Exclusion
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

**8.   If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?**

Unless you exclude yourself, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.

**9.   If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit.

**10.   Do I have a lawyer in this case?**

The law firm of Frank & Associates, P.C., 500 Bi-County Blvd., Ste. 112N, Farmingdale, NY 11735 has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. They are available to answer your questions regarding the settlement by calling (631) 756-0400 or emailing promero@laborlaws.com. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.   How will Class Counsel and the service provider be paid?**

Class Counsel will ask the Court to approve payment of up to 30% of the settlement fund established by Defendants to them for attorneys' fees, plus costs to be paid from the settlement fund. The fees would pay Class Counsel for all work that they have performed in this action including filing pleadings, engaging in discovery, investigating the facts, attending court conferences, participating in private mediation, and negotiating and overseeing the settlement.

**12.   How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of *Henriquez, et al. v. Kelco Landscaping, Inc., et al.* Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection via overnight express with a tracking number, postage prepaid at the address below. Your objection will not be heard unless it is post-marked by the **June 4, 2015 Bar Date**.

Kelco/Elm Settlement Objections
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

The Settlement Administrator will share your objection with Class Counsel and Defendant's counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**12.   What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself form the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a fairness hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

**13.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at 9:00 AM on August 11, 2015, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**14.   Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of themselves
and similarly situated employees,

Plaintiffs,

-against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S
CREW, JOHN KELLY, JOSEPH
PROVENZANO,

Defendants.

Case No.  12-CV-6233 (ADS)

(GRB)

## CLAIM FORM AND RELEASE

## INSTRUCTIONS for COMPENSATION

**In order to receive any portion of the settlement funds described in the Notice of Pendency of Class Action and Proposed Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Claims Administrator so that it is postmarked or otherwise received on or before June 4, 2015.**

KELCO/ELM SETTLEMENT
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

KELCO/ELM SETTLEMENT
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

## CLAIM FORM AND RELEASE

*THIS FORM MUST BE MAILED AND POST-MARKED TO THE   SETTLEMENT CLAIMS ADMINISTRATOR OR OTHERWISE RECEIVED BY THE CLAIMS ADMINISTRATOR BY* **JUNE 4, 2015**

A settlement fund is available for qualified individuals who return their paperwork in the matter consistent with the requirements set within. I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and New York Labor Law. I hereby consent and agree to join the case of *Jose Manuel Henriquez, et al. v. Kelco Landscaping Inc., et al.,* No. 12-CV-6233 (Spatt, J.). I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective and class action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable (the "Agreement"). I hereby designate the law firm of Frank & Associates, P.C., to represent me in this action.

**In exchange for a proportionate share of the Settlement Fund subject to the settlement formula set forth in the Notice and the Agreement, my signature below constitutes a full and complete release and discharge of Kelco Landscaping Inc., Kelco Landscaping Corp., Elm General Construction Corp., Kelly's Crew, John Kelly, Joseph Provenzano, individually, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Releasees") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from all wage and hour claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on my behalf, in the Litigation for the period December 19, 2006 through the date of my signing this Claim Form and Release, including under the Fair Labor Standards Act and New York Labor Law. The Released Claims include all wage and hour and prevailing wage claims raised in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

I declare under penalty of perjury that the above information is correct.

_____                    _____
Name (print)                                       Signature


_____
Mailing Address


_____                    _____
Telephone Number                                   Date

## JUZGADO DE DISTRITO DE LOS EE. UU.
## DISTRITO ESTE DE NUEVA YORK

---

JOSÉ MANUEL HENRÍQUEZ y JOSÉ HÉCTOR FUENTES, representándose a sí mismos y a los empleados en una situación similar,

Demandantes,

-contra-

KELCO LANDSCAPING INC., KELCO LANDSCAPING CORP., ELM GENERAL CONSTRUCTION CORP., KELLY'S CREW, JOHN KELLY, JOSEPH PROVENZANO,

Defensa.

Caso No.  12-CV-6233 (ADS)

(GRB)

---

## NOTIFICACIÓN DE PENDENCIA DE DEMANDA COLECTIVA Y LIQUIDACIÓN PROPUESTA

**Si usted fue empleado de Kelco Landscaping Inc. o Elm Construction Corp. como paisajista u obrero desde el 19 de diciembre de 2006 hasta el 28 de febrero de 2015, por favor, lea esta Notificación.**

FECHA: 20 de abril de 2015

### POR FAVOR LEA ESTA NOTIFICACIÓN ATENTAMENTE

**Esta Notificación es en relación a la liquidación propuesta de una litigación por demanda colectiva. Se ha autorizado por un juzgado federal. Contiene información importante sobre su derecho a participar en la litigación, hacer una reclamación para el pago o elegir no ser incluido/a en el colectivo.**

### Introducción

José Manuel Henríquez y José Héctor Fuentes, antiguos empleados de Kelco o Elm iniciaron una demanda por el supuesto impago de salario por tiempo extra, salario estándar y otros daños reclamados contra la Defensa. El Juzgado a cargo de este caso es el Juzgado de Distrito de los EE. UU. del Juzgado de Distrito de Nueva York. La demanda se ha denominado *Henríquez, y otros contra Kelco Landscaping Inc., y otros*. Los demandantes alegan en la demanda que, entre otros asuntos, la Defensa no les pagó a ellos ni a otros empleados en su misma situación tiempo extra por horas trabajadas tras sobrepasar 40 en una semana laboral, salario estándar, salario mínimo y otros salarios pagaderos quebrantando la Ley de Estándares Justos de Trabajo (FLSA) y la Ley Laboral del Estado de Nueva York (NYLL). La Defensa niega las acusaciones de los Demandantes.

7

Aunque la Defensa niega que sea responsable o que deban daños a nadie, la Defensa ha decidido que es en el mejor interés para esta resolver las reclamaciones de los demandantes en nombre de los demandantes y otros paisajistas y obreros en este momento. Los Demandantes y la Defensa han acordado liquidar la acción sujeto a la aprobación por parte del Juzgado. La defensa ha acordado pagar un máximo de 1.025.000 $. El Juzgado no ha decidido quién lleva la razón. Sus derechos legales pueden verse afectados y tiene que tomar una decisión en este momento. Estos derechos y opciones se resumen abajo y se explican completamente en esta Notificación.

### SUS DERECHOS LEGALES Y OPCIONES EN ESTA LIQUIDACIÓN:

| | |
|---|---|
| **PARTICIPAR** | Como se describe más a fondo abajo, para participar en la liquidación envíe un Formulario de Reclamación y Descarga rellenado apropiadamente al Administrador de Liquidaciones que debe ser matasellado antes del final de **4 de junio de 2015**. Si no envía el formulario de Reclamación y Descarga a tiempo, no recibirá ninguna parte del dinero de la liquidación. |
| **EXCLUIRSE** | Si desea excluirse (no participar) en la demanda, debe seguir las instrucciones presentadas en la respuesta a la pregunta número 7 de abajo. |
| **OBJETAR** | Escriba al Juzgado sobre el por qué cree que la liquidación es injusta o no razonable. Si el Juzgado rechaza su objeción, seguirá sujeto/a a los términos de la liquidación para las reclamaciones por NYLL a no ser que envíe un Formulario de Solicitud de Exclusión válido a tiempo. No estará sujeto/a a la liquidación si no participa en esta demanda como aquí se describe. Si objeta, puede aparecer en la Audiencia de Equidad para dirigirse al Juzgado en relación a la justicia de la liquidación. |

**1.    ¿Por qué he recibido esta notificación?**

Ha recibido esta notificación porque el registro de la Defensa muestra que ha trabajado para Kelco o Elm como paisajista u obrero en algún momento durante el 19 de diciembre de 2006 y el 28 de febrero de 2015.

**2.    ¿Qué es una acción colectiva?**

Una acción colectiva es una demanda en la que una o más personas demandan, no solo por sí mismas, sino también por otras personas con reclamaciones similares. Estas otras personas se denominan Miembros del Colectivo. En una acción colectiva, un juzgado resuelve los problemas para todos los Miembros del Colectivo, excepto aquellos que se excluyan por sí mismos del Colectivo.

**3.    ¿Por qué hay una liquidación?**

El Consejo del Colectivo analizó y evaluó los méritos de las reclamaciones en contra de la Defensa en la Litigación, investigó las políticas pertinentes de salario de la Defensa, analizó datos de salarios de los Demandantes y una muestra significativa de los Miembros del Colectivo y evaluó la supuesta capacidad de la Defensa para pagar una resolución. Basado en el análisis y la evaluación de estos datos, la ley pertinente y los considerables riesgos de una litigación continuada, incluida la posibilidad de que la litigación, si no fuese liquidada ahora, podría no resultar en ninguna compensación, o una compensación menor y que podría no ocurrir hasta que pasen varios años, los Demandantes aceptaron esta liquidación. El Consejo del Colectivo está satisfecho respecto

a la ecuanimidad, adecuación y razonabilidad de este Acuerdo y que este Acuerdo es en el mejor interés de los Demandantes y los Miembros Putativos del Colectivo. Su parte estimada de la liquidación se basará en lo siguiente, como se muestra en el registro de la Defensa, tras que todos los honorarios de los abogados, costes, impuestos, costes administrativos de la liquidación y concesiones por servicio se hayan pagado:

A)      Reclamantes del Colectivo que son reclamantes FLSA. Los reclamantes del Colectivo que son reclamantes FLSA deben compartir proporcionalmente un fondo de 482.500 $, incluidos impuestos, teniendo en cuenta los siguientes factores: i) por días trabajados con un salario estándar (33,05 $) o superior, una cantidad que refleje 22,50$ por todas las horas perforadas, menos la suma de las horas pagadas y 0,5 horas para comer; y ii) por los días trabajados por debajo del salario estándar (33,04 $ o menos), la cantidad calculada en i) más una cantidad igual a la diferencia entre ocho (8) horas al salario estándar (33,05 $) y la cantidad pagada por el día, como se detalla en un email del consejo con fecha 9 de enero de 2015.

B)      Reclamantes del Colectivo que no son reclamantes FLSA. Los reclamantes del Colectivo que no son reclamantes FLSA deben compartir proporcionalmente un fondo de 200.000 $, incluidos impuestos, teniendo en cuenta sus meses completados totales de empleo durante el periodo del 19 de diciembre de 2006 hasta el 28 de febrero de 2015.

### 4) Pago al Colectivo

Si ha elegido participar en esta liquidación propuesta, se le pagará una parte proporcional del Fondo de Liquidación basada en una fórmula que tiene en cuenta los factores arriba indicados. Si quisiera más información sobre la cantidad del pago de su liquidación individual, por favor, póngase en contacto con el Administrador de la Liquidación, Angeion Group.

### 5) Pago a los representantes del Colectivo

La Liquidación  propone que José Manuel Henríquez y José Héctor Fuentes, que encabezaron esta litigación y ayudaron a su resolución, reciban concesiones por servicio de 10.000 $ cada uno.

### 6) Proceso

Para recibir una parte del fondo de liquidación, debe rellenar y enviar el Formulario de Reclamación y Descarga a tiempo de acuerdo con las instrucciones indicadas en el formulario, incluido: 1) un reconocimiento de que, al firmar el Formulario de Reclamación y Descarga, elije participar en esta liquidación propuesta; y 2) una descarga de las reclamaciones en acuerdo con lo indicado en el párrafo 6 de esta Notificación. El Formulario de Reclamación y Descarga debe rellenarse personalmente por el presente o antiguo empleado que quiere participar en la Liquidación o alguien con el derecho legal para actuar en su nombre.

El Formulario de Reclamación y Descarga debe rellenarse apropiadamente, firmarse y enviar por correo al Administrador de la Liquidación mediante First Class United States Mail, matasellarse antes del final del **4 de junio de 2015** (la «Fecha Límite»). Si no rellena apropiadamente y envía el Formulario de Reclamación y Descarga a tiempo, no calificará para recibir ninguna parte de  la compensación económica.

Debe tener en cuenta que si no se excluye y si no rellena apropiadamente y envía a tiempo el Formulario de Reclamación y Descarga antes de la fecha límite, y de acuerdo con las instrucciones indicadas en el formulario, no recibirá una parte del fondo de liquidación, pero seguirá estando sujeto a la Descarga de todas las reclamaciones de NYLL como se describe abajo.

Si envía el formulario de reclamación adjunto a tiempo al Administrador de la Liquidación, con matasellos del o antes de la fecha límite del **4 de junio de 2015**, el Administrador de la Liquidación realizará su pago tras la finalización de una Audiencia de Equidad llevada a cabo por el Juzgado.

Si el Juzgado otorga una aprobación final de la Liquidación, esta acción, esta demanda será desestimada sin derecho a apelación y los Miembros del Colectivo que no se hayan excluido, liberarán and descargarán completamente a la Defensa desde el 17 de marzo de 2015 de todas las reclamaciones de NYLL establecidas en la Reclamación como se describe abajo. Esto significa que no puede demandar, seguir demandando o ser parte de ninguna otra demanda contra la Defensa sobre las reclamaciones de NYLL llevadas a cabo en este caso, aunque podría retener ciertas reclamaciones federales. También significa que todas las sentencias del Juzgado serán aplicables a usted y le obligarán legalmente. Además, al firmar este Formulario de Reclamación y Descarga, descargará para siempre y completamente a la Defensa desde el 17 de marzo de 2015 de todas las reclamaciones de NYLL y FLSA establecidas en la Reclamación.

La Descarga en el Acuerdo de Liquidación establece que:

**Por la operación de emitir Sentencia y la Aprobación Final y excepto aquellos derechos o reclamaciones que puedan generarse por este Acuerdo se descarga para siempre y de manera completa a la Defensa del Decreto de Descarga 23 de Reclamaciones de Colectivo. «Decreto de Descarga 23 de Reclamaciones de Colectivo» significa todas las reclamaciones de salario y horas y de salario estándar, incluso si actualmente no se conozcan o no se hayan declarado, que hayan sido o pudieran haber sido declaradas por ley estatal o federal por o en nombre de los Miembros del Colectivo, excluidos los Miembros del Colectivo que se hayan excluido de la liquidación, durante el periodo del 19 de diciembre de 2006 hasta el 17 de marzo de 2015, según la Ley Laboral de Nueva York. El Decreto de Descarga 23 de Reclamaciones de Colectivo incluye todas las reclamaciones sobre salario y horas y salario estándar que pudieran ser declaradas en esta Litigación y cualquier reclamación de salario y horas y reclamación de retaliación que pudiera declararse contra los Descargados por ley estatal, federal y local, incluidas todas las reclamaciones por la Ley Laboral de Nueva York, en relación con el impago de salarios, salarios estándar, horas extendidas, salario atrasado, tiempo extra y todas las «reclamaciones derivativas de beneficios» (p. ej. reclamaciones de beneficios resultantes del supuesto impago de horas extra o salarios, tanto de beneficios ERISA como no ERISA), interés, daños liquidados, sanción, honorarios de los abogados y cualquier otra forma de compensación o desagravio permitido bajo cualquier ley federal, estatal o local.**

**Por la operación de emitir Sentencia y la Aprobación y excepto aquellos derechos o reclamaciones que puedan generarse por este Acuerdo todo Reclamante Autorizado del Colectivo (es decir, miembros del colectivo que envíen el Formulario de Reclamación y Descarga) descargan para siempre y completamente a la Defensa de todas las Reclamaciones Descargadas. «Reclamaciones Descargadas» significa todas las reclamaciones de salario y horas, incluso si actualmente se desconocen o no se han declarado, que hayan sido o pudieran haber sido declaradas por ley federal o estatal por o en nombre de los Reclamantes Autorizados, en el Litigio durante el periodo del 19 de diciembre de 2006 hasta el 17 de marzo de 2015, incluido según la Ley de Estándares Justos de Trabajo y la Ley Laboral de Nueva York. Las reclamaciones descargadas incluyen las reclamaciones de todos los salarios y horas y salarios estándar demandados en esta Litigación y cualquier reclamación por retaliación de salario y horas que pudiera ser reclamada contra los Descargado por ley estatal, local o federal, incluidas la FLSA y NYLL, en relación al impago de salarios, salarios estándar, extensión de horas, salarios atrasados, horas extra, salarios mínimos, todas las «reclamaciones derivativas de beneficios» (p. ej. reclamaciones por beneficios por el supuesto impago de salarios o tiempo extra, tanto beneficios ERISA como no ERISA), interés, daños liquidados, sanciones, honorarios de los abogados y cualquier otra forma de compensación o desagravio permitido por cualquier ley federal, estatal o local.**

### ¿Cómo me excluyo de la liquidación?

Si no quiere un pago de esta liquidación, pero quiere mantener el derecho a demandar o continuar con una demanda a la Defensa, por sí mismo, sobre los problemas legales en este caso, o que pudieran haberse reclamando en este caso, entonces debe tomar las medidas necesarias para excluirse de este caso.

Si quiere excluirse, debe enviar por correo una declaración por escrito y firmada al Administrador de la Liquidación declarando: «Me excluyo de la liquidación de los salarios y horas» e incluir su nombre, dirección y números de teléfono («Declaración de Exclusión»). Para que tenga efecto, la Declaración de Exclusión debe enviarse por correo al Administrador de la Liquidación mediante First Class United States Mail, con envío pagado y con matasellos de o antes de la Fecha Límite del **4 de junio de 2015**.

Kelco/Elm Settlement Exclusion
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

Si se excluye de la Demanda y Liquidación, NO podrá objetar a la liquidación como se describe en el párrafo 12 de abajo.

### 8. Si no me excluyo de la liquidación, ¿puedo demandar a la Defensa por lo mismo después?

A no ser que se excluya, renuncia a todos los derechos para demandar a la Defensa por ley federal y ley estatal respecto a las reclamaciones llevadas a cabo en este caso o que pudieran haberse llevado a cabo en este caso.

### 9. Si me excluyo, ¿puedo recibir dinero por esta liquidación?

No. Si se excluye, no recibirá ningún dinero por esta demanda.

### 10. ¿Tengo un abogado en este caso?

El bufete Frank & Associates, P.C., 500 Bi-County Blvd., Ste. 112N, Farmingdale, NY 11735 ha sido nombrado como consejero legal para representarle a usted y al resto de los Miembros del Colectivo. Estos abogados se denominan Consejo del Colectivo. Están disponibles para resolver sus dudas sobre la liquidación en el número (631) 756-0400 o por el email promero@laborlaws.com. No se le cobrará por separado por estos abogados. Sus honorarios se descuentan del fondo total de liquidación. Si quiere ser representado por su propio abogado, puede contratarlo con su propio dinero.

### 11. ¿Cómo se pagará al Consejo del Colectivo y a los proveedores de servicios?

El Consejo del Colectivo pedirá al Juzgado la aprobación del pago de hasta un 30 % del fondo de liquidación establecido por la Defensa a ellos por los honorarios de abogado, más costes pagaderos del fondo de liquidación. Los honorarios pagarían al Consejo del Colectivo por todo el trabajo que han llevado a cabo en esta demanda, incluidos el envío de alegatos, toma de parte en el descubrimiento, investigación de los hechos, asistencia a las conferencias del juzgado, participación en la mediación privada y negociación y supervisión de la liquidación.

### 12. ¿Cómo comunico al Juzgado que no me gusta la liquidación?

Puede objetar a la liquidación si no le gusta cualquier parte de esta. Puede indicar las razones por las que piensa que el Juzgado no debería aprobarla. El Juzgado considerará su opinión. Si el Juzgado rechaza su objeción, seguirá estando sujeto a los términos de la liquidación de sus reclamaciones por la Ley de Nueva York a no ser que haya enviado una solicitud de exclusión válida y a tiempo. Para objetar, debe enviar una carta declarando que objeta a la liquidación de *Henriquez, et al. v. Kelco Landscaping, Inc., et al.* Su declaración debe incluir todas las razones de la objeción y cualquier documento relevante en su posesión. Su declaración debe asimismo incluir su nombre, dirección y números de teléfono.

Si desea presentar una objeción en la audiencia de equidad abajo indicada, debe declarar su intención de hacerlo mediante una objeción por escrito. Su declaración debería ser tan detallada como sea posible, porque en caso contrario el Juzgado podría no permitirle presentar las razones de su objeción en la audiencia de equidad que usted no indicase en su objeción por escrito. Envíe la objeción por correo mediante el servicio de correo urgente con referencia de seguimiento, envío pagado, a la dirección de abajo. Su objeción no procederá si no es matasellada antes de o el mismo **4 de junio de 2015**, la Fecha Límite.

Kelco/Elm Settlement Objections
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

El Administrador de la Liquidación compartirá su objeción con el Consejo del Colectivo y el consejo de la Defensa, y su declaración de objeción se enviará al Juzgado.

No podrá objetar a la liquidación si envía una carta solicitando ser excluido o «no participar» en la liquidación de la demanda.

### 13.   ¿Cuál es la diferencia entre objetar y excluirse?

Objetar es simplemente informar al Juzgado de que no le gusta alguna parte de la liquidación. Puede objetar solamente si permanece en el Colectivo. Excluirse de la liquidación («no participar») es decirle al Juzgado que no quiere ser parte del Colectivo. Si se excluye, no tiene ninguna razón para objetar porque el caso no le afectará.

El Juzgado llevará a cabo una audiencia de equidad para decidir aprobar o no la liquidación. El Consejo del Colectivo responderá a las  preguntas que el Juez pueda tener. No tiene que asistir a la audiencia, pero siéntase bienvenido a asistir por cuenta propia.

Si envía una objeción, no es necesario que asista al Juzgado a hablar sobre ello, pero puede hacerlo a cuenta propia o pagar a su abogado para que asista. Siempre que haya enviado por correo su objeción a tiempo, el Juzgado la considerará. Si asiste a la audiencia, es posible que no se le permita hablar a no ser que objete por escrito a tiempo como se describe arriba y notifique al Juzgado su intención de aparecer en la audiencia de equidad.

### 14.   ¿Cuándo y dónde decidirá el Juzgado si aprobar la liquidación?

El Juzgado llevará a cabo una Audiencia de Equidad a las 9:00 a.m. el 11 de Agosto de 2015 en el Juzgado de Distrito de los EE. UU. para el Distrito Este de Nueva York, 100 Federal Plaza, Central Islip, NY 11722.

En esta audiencia el Juzgado considerará si los términos de la liquidación son justos, razonables y adecuados. Si hay objeciones, el Juzgado las considerará. El Juzgado escuchará a las personas que hayan pedido tomar la palabra en la audiencia. El Juzgado también puede decidir cuánto pagar al Consejo del Colectivo. Tras la audiencia, el Juzgado decidirá si aprobar o no la liquidación. No sabemos cuánto tardarán estas decisiones.

### 15.   ¿Hay más información sobre la liquidación?

Esta notificación resume la liquidación propuesta. Más información se puede encontrar en el Acuerdo de Liquidación. Puede revisar el acuerdo de liquidación pidiendo una copia del Acuerdo de Liquidación por escrito o llamando al Administrador de la Liquidación.

JUZGADO DE DISTRITO DE LOS EE. UU.
DISTRITO ESTE DE NUEVA YORK

JOSÉ MANUEL HENRÍQUEZ y JOSÉ HÉCTOR FUENTES, representándose a sí mismos y a los empleados en una situación similar,

Demandantes,

-contra-

KELCO LANDSCAPING INC., KELCO LANDSCAPING CORP., ELM GENERAL CONSTRUCTION CORP., KELLY'S CREW, JOHN KELLY, JOSEPH PROVENZANO,

Defensa.

Caso No. 12-CV-6233 (ADS)

(GRB)

## FORMULARIO DE RECLAMACIÓN E INSTRUCCIONES DE DESCARGA

### para COMPENSACIÓN

**Para recibir cualquier parte de los fondos del acuerdo descritos en la Notificación de Pendencia de Demanda Colectiva y Liquidación Propuesta («Notificación»), debe firmar, poner la fecha y devolver este Formulario de Reclamación y Descarga al Administrador de Reclamaciones de modo que aparezca un matasellos o sea recibido antes del 4 de junio de 2015.**

KELCO/ELM SETTLEMENT
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

### CAMBIOS DE DIRECCIÓN

Es **su responsabilidad** mantener una dirección actualizada en el registro del Administrador de Reclamaciones Por favor, asegúrese de notificar al Administrador de Reclamaciones de Liquidaciones de cualquier cambio de dirección.

KELCO/ELM SETTLEMENT
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

## FORMULARIO DE RECLAMACIÓN Y DESCARGA

*ESTE FORMULARIO DEBE ENVIARSE POR CORREO Y RECIBIR UN MATASELLOS O SER RECIBIDO POR EL ADMINISTRADOR DE RECLAMACIONES ANTES DEL FINAL DEL*
*4 DE JUNIO DE 2015*

Un fondo de liquidación está disponible para los individuos que califiquen para ello y que devuelvan los papeles del concordantes con los requisitos indicados. Entiendo que esta demanda se ha realizado por la Ley de Estándares Justos de Trabajo de 1938, tras su reforma, 29 U.S.C. § 201, y sigs. (FLSA) y la Ley de Trabajo de Nueva York. Por la presente consiento y acepto unirme al caso de *José Manuel Henríquez, y otros contra Kelco Landscaping Inc., y otros,* No. 12-CV-6233 (Spatt, J.). Consiento y acepto estar legalmente obligado por cualquier adjudicación de esta acción por el Juzgado. También acepto estar legalmente obligado por el colectivo y el acuerdo de demanda colectiva aquí aprobado por mis abogados y aprobado por este Juzgado como justo, adecuado y razonable (el «Acuerdo»). Por la presente nombro a la empresa Frank & Associates, P.C., para representarme en esta acción.

A cambio de una parte proporcional del Fondo de Liquidación sujeto a la fórmula de liquidación presentada en la Notificación del Acuerdo, mi firma abajo constituye una liberación y descargo completas de Kelco Landscaping Inc., Kelco Landscaping Corp., Elm General Construction Corp., Kelly's Crew, John Kelly, Joseph Provenzano, individualmente, sus propietarios presentes y pasados, sus accionistas, predecesores, sucesores, cesionario, agentes, directores, directivos, empleados, representantes, aseguradores, abogados, matrices, subsidiarias, afiliados, planes de beneficios, planes fiduciarios y toda persona actuando para, a través, por o en sintonía con cualquiera de los («Descargados») por me y mis herederos respectivos, beneficiarios, legados, ejecutores, administradores, fideicomisarios, conservadores, guardianes, representantes personales, sucesores por interés, y cesionarios, de cualquier reclamación de salario y horas, incluso si en el presente se desconocen o no se han reivindicado, que se hayan podido reivindicar o se hayan reivindicado por ley estatal o federal por mí o en mi nombre, en la Litigación durante el periodo del 19 diciembre de 2006 hasta la fecha de mi firma de este Formulario de Reclamación y Descarga, incluida la Ley de Estándares Justos de Trabajo y la Ley Laboral de Nueva York. Las reclamaciones descargadas incluyen las reclamaciones de todos los salarios y horas y salarios estándar demandados en esta Litigación y cualquier reclamación por retaliación de salario y horas que pudiera ser reclamadas contra los Descargados por ley estatal, local o federal, incluidas la FLSA y NYLL, en relación al impago de salarios, salarios estándar, extensión de horas, salarios atrasados, tiempo extra, salarios mínimos, todas las «reclamaciones derivativas de beneficios» (p. ej. reclamaciones por beneficios por el supuesto impago de salarios o tiempo extra, tanto beneficios ERISA como no ERISA), interés, daños liquidados, sanciones, honorarios de los abogados y cualquier otra forma de compensación o desagravio permitido por cualquier ley federal, estatal o local.

Declaro bajo pena de perjurio que la información arriba indicada es correcta.

_____
Nombre (escrito)

_____
Firma

_____
Dirección de contacto

_____
Número de teléfono

_____
Fecha

Exhibit B

## CLAIM FORM AND RELEASE

**THIS FORM MUST BE MAILED AND POST-MARKED TO THE SETTLEMENT CLAIMS ADMINISTRATOR OR OTHERWISE RECEIVED BY THE CLAIMS ADMINISTRATOR BY JUNE 4, 2015**

A settlement fund is available for qualified individuals who return their paperwork in the matter consistent with the requirements set within. I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and New York Labor Law. I hereby consent and agree to join the case of *Jose Manuel Henriquez, et al. v. Kelco Landscaping Inc., et al.*, No. 12-CV-6233 (Spatt, J.). I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective and class action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable (the "Agreement"). I hereby designate the law firm of Frank & Associates, P.C., to represent me in this action.

In exchange for a proportionate share of the Settlement Fund subject to the settlement formula set forth in the Notice and the Agreement, my signature below constitutes a full and complete release and discharge of Kelco Landscaping Inc., Kelco Landscaping Corp., Elm General Construction Corp., Kelly's Crew, John Kelly, Joseph Provenzano, individually, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Releasees") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from all wage and hour claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on my behalf, in the Litigation for the period December 19, 2006 through the date of my signing this Claim Form and Release, including under the Fair Labor Standards Act and New York Labor Law. The Released Claims include all wage and hour and prevailing wage claims raised in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.

I declare under penalty of perjury that the above information is correct.

PEDro CASTellon
Name (print)

_Signature_

7 WEST 11ST HUNTINGTON STA-N-Y 11746
Mailing Address

631 455 68 19
Telephone Number

05 16 2015
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of
themselves and similarly situated employees,

                              Plaintiffs,

          -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S
CREW, JOHN KELLY, JOSEPH
PROVENZANO,

                              Defendants.

Case No.  12-CV-6233 (ADS)

(GRB)

## CLAIM FORM AND RELEASE

## INSTRUCTIONS for COMPENSATION

**In order to receive any portion of the settlement funds described in the Notice of Pendency of Class Action and Proposed Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Claims Administrator so that it is postmarked or otherwise received on or before June 4, 2015.**

KELCO/ELM SETTLEMENT
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

KELCO/ELM SETTLEMENT
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests at this time to resolve Plaintiffs' claims on behalf of Plaintiffs and other landscapers and laborers. Plaintiffs and Defendants have agreed to settle the action subject to the approval of the Court. Defendants have agreed to pay a maximum of $1,025,000. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement send a properly completed Claim Form and Release to the Settlement Administrator that must be postmarked by **June 4, 2015**. If you fail to submit a timely Claim Form and Release, you will receive no monetary distribution from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | Write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under NYLL unless you submit a valid and timely Request for Exclusion Form. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### 1.   Why did I receive this notice?

You have received this notice because Defendants' records show that you worked for Kelco and/or Elm as a landscaper or laborer sometime between December 19, 2006 and February 28, 2015.

### 2.   What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 3.   Why is there a settlement?

Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------

JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of
themselves and similarly situated employees,

Plaintiffs,

-against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S
CREW, JOHN KELLY, JOSEPH
PROVENZANO,

Defendants.

Case No.  12-CV-6233 (ADS)

(GRB)

-------------------------------------------------------

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**If you were employed by Kelco Landscaping Inc. and/or Elm Construction Corp. as a landscaper
and/or laborer from December 19, 2006 to February 28, 2015, please read this Notice.**

DATED:  April 20, 2015

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been
authorized by a federal court. It contains important information as to your right to participate in the
settlement, make a claim for payment or elect not to be included in the class.**

### Introduction

Jose Manuel Henriquez and Jose Hector Fuentes, former employees of Kelco and/or Elm initiated a lawsuit
for allegedly unpaid overtime wages, prevailing wages and other claimed damages against Defendants. The
Court in charge of this case is the United States District Court for the Eastern District of New York. The
lawsuit is known as *Henriquez, et al. v. Kelco Landscaping Inc., et al.*  Plaintiffs allege in the lawsuit that,
among other things, Defendants failed to pay them and other similarly situated employees overtime for hours
worked over 40 in a workweek, prevailing wages, minimum wages, and other wages due in violation of the
Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Defendants deny the
Plaintiffs' allegations.

7

and Putative Class Members. Your estimated portion of the settlement will be based on the following, all as shown on Defendant's records, after all attorneys' fees, costs, taxes, settlement administration costs, and service awards have been paid:

(A)     Class Claimants Who Are FLSA Claimants. Class Claimants who are FLSA Claimants shall proportionally share in a fund totaling $482,500, inclusive of tax obligations, taking into account the following factors: (i) for days worked at or above prevailing wage ($33.05 per hour), an amount reflecting an hourly drive time rate of $22.50 for all hours punched less the sum of hours actually paid and .5 hours lunch; and (ii) for days worked below prevailing wage ($33.04 or less), the amount calculated in (i) plus an amount equal to the difference between eight (8) hours at prevailing wage ($33.05) and the amount actually paid for the day, all as detailed in an email among counsel dated January 9, 2015.

(B)     Class Claimants Who Are Not FLSA Claimants. Class Claimants who are not FLSA Claimants shall proportionally share in a fund totaling $200,000, inclusive of tax obligations, taking into account their total completed months of employment during the period December 19, 2006 to February 28, 2015.

## 4.    Payment to Class

If you elect to participate in this proposed settlement, you will be paid a proportionate share of the Settlement Fund based on a formula taking into account the factors set forth above. If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, Angeion Group.

## 5.    Payment to Class Representatives

The Settlement proposes that Jose Manuel Henriquez and Jose Hector Fuentes, who took a lead role in this litigation and assisted in its resolution will receive service awards in the amount of $10,000 each.

## 6.    Procedures

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you elect to participate in this proposed settlement; and (2) a release of claims consistent with that set forth in paragraph 6 of this Notice. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Settlement Administrator via First Class United States Mail, post-marked by **June 4, 2015** (the "Bar Date"). If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release by the Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all NYLL claims as described below.

If you timely return the enclosed claim form to the Settlement Administrator so that it is postmarked by the **June 4, 2015** Bar Date, the Settlement Administrator will make your payment after a Fairness Hearing is held by the Court.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through March 17, 2015 from all NYLL claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the NYLL claims brought in this case, although you may still retain certain Federal claims. It also means that all of the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, you will forever and fully release Defendants through March 17, 2015 from all NYLL claims and FLSA claims asserted in the Complaint.

The Release in the Settlement Agreement provides that:

**By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants from Released Rule 23 Class Claims. "Released Rule 23 Class Claims" means all wage and hour and prevailing wage claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period December 19, 2006 through March 17, 2015, under New York Labor Law. The Released Rule 23 Class Claims include all wage and hour and prevailing wage claims that could be asserted in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including all claims under the New York Labor Law, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (i.e., claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

**By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Authorized Class Claimant (that is, class members who return the Claim and Release Form) forever and fully releases Defendants from all Released Claims. "Released Claims" means all wage and hour claims, even if presently unknown or un-asserted, that were or could have been asserted under federal or state law by or on behalf of Authorized Claimants, in the Litigation for the period December 19, 2006 through March 17, 2015, including under the Fair Labor Standards Act and New York Labor Law. The Released Claims include all wage and hour and prevailing wage claims raised in this Litigation, and any wage and hour claim and retaliation claim that could be asserted against Releasees under state, federal and local law, including the FLSA and NYLL, relating to the failure to pay wages, prevailing wages, spread of hours, back wages, overtime, minimum wages, all 'derivative benefit claims' (i.e., claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

## 7. How Do I Exclude Myself From The Settlement?

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour settlement" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of **June 4, 2015**.

Kelco/Elm Settlement Exclusion
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 8.   If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

Unless you exclude yourself, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.

### 9.   If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit.

### 10.   Do I have a lawyer in this case?

The law firm of Frank & Associates, P.C., 500 Bi-County Blvd., Ste. 112N, Farmingdale, NY 11735 has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. They are available to answer your questions regarding the settlement by calling (631) 756-0400 or emailing promero@laborlaws.com. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.   How will Class Counsel and the service providers be paid?

Class Counsel will ask the Court to approve payment of up to 30% of the settlement fund established by Defendants to them for attorneys' fees, plus costs to be paid from the settlement fund. The fees would pay Class Counsel for all work that they have performed in this action including filing pleadings, engaging in discovery, investigating the facts, attending court conferences, participating in private mediation, and negotiating and overseeing the settlement.

### 12.   How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of *Henriquez, et al. v. Kelco Landscaping, Inc., et al.* Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone numbers.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection via overnight express with a tracking number, postage prepaid at the address

below. Your objection will not be heard unless it is post-marked by the **June 4, 2015 Bar Date.**

Kelco/Elm Settlement Objections
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

The Settlement Administrator will share your objection with Class Counsel and Defendant's counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

## 13. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself form the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a fairness hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

## 14. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 9:00 AM on August 11, 2015, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 15. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

acusaciones de los Demandantes.

Aunque la Defensa niega que sea responsable o que deban daños a nadie, la Defensa ha decidido que es en el mejor interés para esta resolver las reclamaciones de los demandantes en nombre de los demandantes y otros paisajistas y obreros en este momento. Los Demandantes y la Defensa han acordado liquidar la acción sujeto a la aprobación por parte del Juzgado. La defensa ha acordado pagar un máximo de 1.025.000 $. El Juzgado no ha decidido quién lleva la razón. Sus derechos legales pueden verse afectados y tiene que tomar una decisión en este momento. Estos derechos y opciones se resumen abajo y se explican completamente en esta Notificación.

### SUS DERECHOS LEGALES Y OPCIONES EN ESTA LIQUIDACIÓN:

| | |
|---|---|
| **PARTICIPAR** | Como se describe más a fondo abajo, para participar en la liquidación envíe un Formulario de Reclamación y Descarga rellenado apropiadamente al Administrador de Liquidaciones que debe ser matasellado antes del final del **4 de junio de 2015**. Si no envía el formulario de Reclamación y Descarga a tiempo, no recibirá ninguna parte del dinero de la liquidación. |
| **EXCLUIRSE** | Si desea excluirse (no participar) en la demanda, debe seguir las instrucciones presentadas en la respuesta a la pregunta número 7 de abajo. |
| **OBJETAR** | Escriba al Juzgado sobre el por qué cree que la liquidación es injusta o no razonable. Si el Juzgado rechaza su objeción, seguirá sujeto/a a los términos de la liquidación para las reclamaciones por NYLL a no ser que envíe un Formulario de Solicitud de Exclusión válido a tiempo. No estará sujeto/a a la liquidación si no participa en esta demanda como aquí se describe. Si objeta, puede aparecer en la Audiencia de Equidad para dirigirse al Juzgado en relación a la justicia de la liquidación. |

### 1.   ¿Por qué he recibido esta notificación?

Ha recibido esta notificación porque el registro de la Defensa muestra que ha trabajado para Kelco o Elm como paisajista u obrero en algún momento durante el 19 de diciembre de 2006 y el 28 de febrero de 2015.

### 2.   ¿Qué es una acción colectiva?

Una acción colectiva es una demanda en la que una o más personas demandan, no solo por sí mismas, sino también por otras personas con reclamaciones similares. Estas otras personas se denominan Miembros del Colectivo. En una acción colectiva, un juzgado resuelve los problemas para todos los Miembros del Colectivo, excepto aquellos que se excluyan por sí mismos del Colectivo.

### 3.   ¿Por qué hay una liquidación?

El Consejo del Colectivo analizó y evaluó los méritos de las reclamaciones en contra de la Defensa en la Litigación, investigó las políticas pertinentes de salario de la Defensa, analizó datos de salarios de los Demandantes y una muestra significativa de los Miembros del Colectivo y evaluó la supuesta capacidad de la Defensa para pagar una resolución. Basado en el análisis y la evaluación de estos datos, la ley pertinente y los considerables riesgos de una litigación continuada, incluida la posibilidad de que la litigación, si no fuese liquidada ahora, podría no resultar en ninguna compensación, o una compensación menor y que podría no

JUZGADO DE DISTRITO DE LOS EE. UU.
DISTRITO ESTE DE NUEVA YORK

---------------------------------------------------------

JOSÉ MANUEL HENRÍQUEZ y JOSÉ
HÉCTOR FUENTES, representándose a sí
mismos y a los empleados en una situación
similar,

                              Demandantes,

          -contra-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S
CREW, JOHN KELLY, JOSEPH
PROVENZANO,

                              Defensa.

Caso No.  12-CV-6233 (ADS)

(GRB)

## NOTIFICACIÓN DE PENDENCIA DE DEMANDA COLECTIVA Y LIQUIDACIÓN PROPUESTA

**Si usted fue empleado de Kelco Landscaping Inc. o Elm Construction Corp. como paisajista u obrero desde el 19 de diciembre de 2006 hasta el 28 de febrero de 2015, por favor, lea esta Notificación.**

FECHA: 20 de abril de 2015

### POR FAVOR LEA ESTA NOTIFICACIÓN ATENTAMENTE

**Esta Notificación es en relación a la liquidación propuesta de una litigación por demanda colectiva. Se ha autorizado por un juzgado federal. Contiene información importante sobre su derecho a participar en la litigación, hacer una reclamación para el pago o elegir no ser incluido/a en el colectivo.**

### Introducción

José Manuel Henríquez y José Héctor Fuentes, antiguos empleados de Kelco o Elm iniciaron una demanda por el supuesto impago de salario por tiempo extra, salario estándar y otros daños reclamados contra la Defensa. El Juzgado a cargo de este caso es el Juzgado de Distrito de los EE. UU. del Juzgado de Distrito de Nueva York. La demanda se ha denominado *Henríquez, y otros contra Kelco Landscaping Inc., y otros*. Los demandantes alegan en la demanda que, entre otros asuntos, la Defensa no les pagó a ellos ni a otros empleados en su misma situación tiempo extra por horas trabajadas tras sobrepasar 40 en una semana laboral, salario estándar, salario mínimo y otros salarios pagaderos quebrantando la Ley de Estándares Justos de Trabajo (FLSA) y la Ley Laboral del Estado de Nueva York (NYLL). La Defensa niega las

7

ocurrir hasta que pasen varios años, los Demandantes aceptaron esta liquidación. El Consejo del Colectivo está satisfecho respecto a la ecuanimidad, adecuación y razonabilidad de este Acuerdo y que este Acuerdo es en el mejor interés de los Demandantes y los Miembros Putativos del Colectivo. Su parte estimada de la liquidación se basará en lo siguiente, como se muestra en el registro de la Defensa, tras que todos los honorarios de los abogados, costes, impuestos, costes administrativos de la liquidación y concesiones por servicio se hayan pagado:

A) Reclamantes del Colectivo que son reclamantes FLSA. Los reclamantes del Colectivo que son reclamantes FLSA deben compartir proporcionalmente un fondo de 482.500 $, incluidos impuestos, teniendo en cuenta los siguientes factores: i) por días trabajados con un salario estándar (33,05 $) o superior, una cantidad que refleje 22,50$ por todas las horas perforadas, menos la suma de las horas pagadas y 0,5 horas para comer; y ii) por los días trabajados por debajo del salario estándar (33,04 $ o menos), la cantidad calculada en i) más una cantidad igual a la diferencia entre ocho (8) horas al salario estándar (33,05 $) y la cantidad pagada por el día, como se detalla en un email del consejo con fecha 9 de enero de 2015.

B) Reclamantes del Colectivo que no son reclamantes FLSA. Los reclamantes del Colectivo que no son reclamantes FLSA deben compartir proporcionalmente un fondo de 200.000 $, incluidos impuestos, teniendo en cuenta sus meses completados totales de empleo durante el periodo del 19 de diciembre de 2006 hasta el 28 de febrero de 2015.

## 4. Pago al Colectivo

Si ha elegido participar en esta liquidación propuesta, se le pagará una parte proporcional del Fondo de Liquidación basada en una fórmula que tiene en cuenta los factores arriba indicados. Si quisiera más información sobre la cantidad del pago de su liquidación individual, por favor, póngase en contacto con el Administrador de la Liquidación, Angeion Group.

## 5. Pago a los representantes del Colectivo

La Liquidación propone que José Manuel Henríquez y José Héctor Fuentes, que encabezaron esta litigación y ayudaron a su resolución, reciban concesiones por servicio de 10.000 $ cada uno.

## 6. Proceso

Para recibir una parte del fondo de liquidación, debe rellenar y enviar el Formulario de Reclamación y Descarga a tiempo de acuerdo con las instrucciones indicadas en el formulario, incluido: 1) un reconocimiento de que, al firmar el Formulario de Reclamación y Descarga, elije participar en esta liquidación propuesta; y 2) una descarga de las reclamaciones en acuerdo con lo indicado en el párrafo 6 de esta Notificación. El Formulario de Reclamación y Descarga debe rellenarse personalmente por el presente o antiguo empleado que quiere participar en la Liquidación o alguien con el derecho legal para actuar en su nombre.

El Formulario de Reclamación y Descarga debe rellenarse apropiadamente, firmarse y enviar por correo al Administrador de la Liquidación mediante First Class United States Mail, matasellarse antes del final del **4 de junio de 2015** (la «Fecha Límite»). Si no rellena apropiadamente y envía el Formulario de Reclamación y Descarga a tiempo, no calificará para recibir ninguna parte de la compensación económica.

Debe tener en cuenta que si no se excluye y si no rellena apropiadamente y envía a tiempo el Formulario de Reclamación y Descarga antes de la fecha límite, y de acuerdo con las instrucciones indicadas en el formulario, no recibirá una parte del fondo de liquidación, pero seguirá estando sujeto a la Descarga de todas las reclamaciones de NYLL como se describe abajo.

Si envía el formulario de reclamación adjunto a tiempo al Administrador de la Liquidación, con matasellos del o antes de la fecha límite del **4 de junio de 2015**, el Administrador de la Liquidación realizará su pago tras la finalización de una Audiencia de Equidad llevada a cabo por el Juzgado.

Si el Juzgado otorga una aprobación final de la Liquidación, esta acción, esta demanda será desestimada sin derecho a apelación y los Miembros del Colectivo que no se hayan excluido, liberarán and descargarán completamente a la Defensa desde el 17 de marzo de 2015 de todas las reclamaciones de NYLL establecidas en la Reclamación como se describe abajo. Esto significa que no puede demandar, seguir demandando o ser parte de ninguna otra demanda contra la Defensa sobre las reclamaciones de NYLL llevadas a cabo en este caso, aunque podría retener ciertas reclamaciones federales. También significa que todas las sentencias del Juzgado serán aplicables a usted y le obligarán legalmente. Además, al firmar este Formulario de Reclamación y Descarga, descargará para siempre y completamente a la Defensa desde el 17 de marzo de 2015 de todas las reclamaciones de NYLL y FLSA establecidas en la Reclamación.

La Descarga en el Acuerdo de Liquidación establece que:

> **Por la operación de emitir Sentencia y la Aprobación Final y excepto aquellos derechos o reclamaciones que puedan generarse por este Acuerdo se descarga para siempre y de manera completa a la Defensa del Decreto de Descarga 23 de Reclamaciones de Colectivo. «Decreto de Descarga 23 de Reclamaciones de Colectivo» significa todas las reclamaciones de salario y horas y de salario estándar, incluso si actualmente no se conozcan o no se hayan declarado, que hayan sido o pudieran haber sido declaradas por ley estatal o federal por o en nombre de los Miembros del Colectivo, excluidos los Miembros del Colectivo que se hayan excluido de la liquidación, durante el período del 19 de diciembre de 2006 hasta el 17 de marzo de 2015, según la Ley Laboral de Nueva York. El Decreto de Descarga 23 de Reclamaciones de Colectivo incluye todas las reclamaciones sobre salario y horas y salario estándar que pudieran ser declaradas en esta Litigación y cualquier reclamación de salario y horas y reclamación de retaliación que pudiera declararse contra los Descargados por ley estatal, federal y local, incluidas todas las reclamaciones por la Ley Laboral de Nueva York, en relación con el impago de salarios, salarios estándar, horas extendidas, salario atrasado, tiempo extra y todas las «reclamaciones derivativas de beneficios» (p. ej. reclamaciones de beneficios resultantes del supuesto impago de horas extra o salarios, tanto de beneficios ERISA como no ERISA), interés, daños liquidados, sanción, honorarios de los abogados y cualquier otra forma de compensación o desagravio permitido bajo cualquier ley federal, estatal o local.**

> **Por la operación de emitir Sentencia y la Aprobación Final y excepto aquellos derechos o reclamaciones que puedan generarse por este Acuerdo todo Reclamante Autorizado del Colectivo (es decir, miembros del colectivo que envíen el Formulario de Reclamación y Descarga) descargan para siempre y completamente a la Defensa de todas las Reclamaciones Descargadas. «Reclamaciones Descargadas» significa todas las reclamaciones de salario y horas, incluso si actualmente se desconocen o no se han declarado, que hayan sido o pudieran haber sido declaradas por ley federal o estatal por o en nombre de los Reclamantes Autorizados, en el Litigio durante el período del 19 de diciembre de 2006 hasta el 17 de marzo de 2015, incluido según la Ley de Estándares Justos de Trabajo y la Ley Laboral de Nueva York. Las reclamaciones descargadas incluyen las reclamaciones de todos los salarios y horas y salarios estándar demandados en esta Litigación y cualquier reclamación por retaliación de salario y horas que pudiera ser reclamada contra los Descargados por ley estatal, local o federal, incluidas la FLSA y NYLL, en relación al impago de salarios, salarios estándar, extensión de horas, salarios atrasados, horas extra, salarios mínimos, todas las «reclamaciones derivativas de beneficios» (p. ej. reclamaciones por beneficios por el supuesto impago de salarios o tiempo extra, tanto beneficios ERISA como no ERISA), interés, daños liquidados, sanciones, honorarios de los abogados y cualquier otra forma de compensación o desagravio permitido por cualquier ley federal, estatal o local.**

## 7.   ¿Cómo me excluyo de la liquidación?

Si no quiere un pago de esta liquidación, pero quiere mantener el derecho a demandar o continuar con una demanda a la Defensa, por sí mismo, sobre los problemas legales en este caso, o que pudieran haberse reclamando en este caso, entonces debe tomar las medidas necesarias para excluirse de este caso.

Si quiere excluirse, debe enviar por correo una declaración por escrito y firmada al Administrador de la Liquidación declarando: «Me excluyo de la liquidación de los salarios y horas» e incluir su nombre, dirección y números de teléfono («Declaración de Exclusión»). Para que tenga efecto, la Declaración de Exclusión debe enviarse por correo al Administrador de la Liquidación mediante First Class United States Mail, con envío pagado y con matasellos de o antes de la Fecha Límite del **4 de junio de 2015**.

Kelco/Elm Settlement Exclusion
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

Si se excluye de la Demanda y Liquidación, NO podrá objetar a la liquidación como se describe en el párrafo 12 de abajo.

## 8.   Si no me excluyo de la liquidación, ¿puedo demandar a la Defensa por lo mismo después?

A no ser que se excluya, renuncia a todos los derechos para demandar a la Defensa por ley federal y ley estatal respecto a las reclamaciones llevadas a cabo en este caso o que pudieran haberse llevado a cabo en este caso.

## 9.   Si me excluyo, ¿puedo recibir dinero por esta liquidación?

No. Si se excluye, no recibirá ningún dinero por esta demanda.

## 10.   ¿Tengo un abogado en este caso?

El bufete Frank & Associates, P.C., 500 Bi-County Blvd., Ste. 112N, Farmingdale, NY  11735 ha sido nombrado como consejero legal para representarle a usted y al resto de los Miembros del Colectivo. Estos abogados se denominan Consejo del Colectivo. Están disponibles para resolver sus dudas sobre la liquidación en el número (631) 756-0400 o por el email promero@laborlaws.com. No se le cobrará por separado por estos abogados. Sus honorarios se descuentan del fondo total de liquidación. Si quiere ser representado por su propio abogado, puede contratarlo con su propio dinero.

## 11.   ¿Cómo se pagará al Consejo del Colectivo y a los proveedores de  servicios?

El Consejo del Colectivo pedirá al Juzgado la aprobación del pago de hasta un 30 % del fondo de liquidación establecido por la Defensa a ellos por los honorarios de abogado, más costes pagaderos del fondo de liquidación. Los honorarios pagarían al Consejo del Colectivo por todo el trabajo que han llevado a cabo en esta demanda, incluidos el envío de alegatos, toma de parte en el descubrimiento, investigación de los hechos, asistencia a las conferencias del juzgado, participación en la mediación privada y negociación y supervisión de la liquidación.

## 12.   ¿Cómo le comunico al Juzgado que no me gusta la liquidación?

Puede objetar a la liquidación si no le gusta cualquier parte de esta. Puede indicar las razones por las que piensa que el Juzgado no debería aprobarla. El Juzgado considerará su opinión. Si el Juzgado rechaza su objeción, seguirá estando sujeto a los términos de la liquidación de sus reclamaciones por la Ley de Nueva York a no ser que haya enviado una solicitud de exclusión válida y a tiempo. Para objetar, debe enviar una carta declarando que objeta a la liquidación de *Henriquez, et al. v. Kelco Landscaping, Inc., et al.* Su declaración debe incluir todas las razones de la objeción y cualquier documento relevante en su posesión. Su declaración debe asimismo incluir su nombre, dirección y números de teléfono.

Si desea presentar una objeción en la audiencia de equidad abajo indicada, debe declarar su intención de hacerlo mediante una objeción por escrito. Su declaración debería ser tan detallada como sea posible, porque en caso contrario el Juzgado podría no permitirle presentar las razones de su objeción en la audiencia de equidad que usted no indicase en su objeción por escrito. Envíe la objeción por correo mediante el servicio de correo urgente con referencia de seguimiento, envío pagado, a la dirección de abajo. Su objeción no procederá si no es matasellada antes de o el mismo **4 de junio de 2015**, la Fecha Límite.

Kelco/Elm Settlement Objections
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

El Administrador de la Liquidación compartirá su objeción con el Consejo del Colectivo y el consejo de la Defensa, y su declaración de objeción se enviará al Juzgado.

No podrá objetar a la liquidación si envía una carta solicitando ser excluido o «no participar» en la liquidación de la demanda.

### 13. ¿Cuál es la diferencia entre objetar y excluirse?

Objetar es simplemente informar al Juzgado de que no le gusta alguna parte de la liquidación. Puede objetar solamente si permanece en el Colectivo. Excluirse de la liquidación («no participar») es decirle al Juzgado que no quiere ser parte del Colectivo. Si se excluye, no tiene ninguna razón para objetar porque el caso no le afectará.

El Juzgado llevará a cabo una audiencia de equidad para decidir aprobar o no la liquidación. El Consejo del Colectivo responderá a las preguntas que el Juez pueda tener. No tiene que asistir a la audiencia, pero siéntase bienvenido a asistir por cuenta propia.

Si envía una objeción, no es necesario que asista al Juzgado a hablar sobre ello, pero puede hacerlo a cuenta propia o pagar a su abogado para que asista. Siempre que haya enviado por correo su objeción a tiempo, el Juzgado la considerará. Si asiste a la audiencia, es posible que no se le permita hablar a no ser que objete por escrito a tiempo como se describe arriba y notifique al Juzgado su intención de aparecer en la audiencia de equidad.

### 14. ¿Cuándo y dónde decidirá el Juzgado si aprobar la liquidación?

El Juzgado llevará a cabo una Audiencia de Equidad a las 9:00 a.m. el 11 de Agosto de 2015 en el Juzgado de Distrito de los EE. UU. para el Distrito Este de Nueva York, 100 Federal Plaza, Central Islip, NY 11722.

En esta audiencia el Juzgado considerará si los términos de la liquidación son justos, razonables y adecuados. Si hay objeciones, el Juzgado las considerará. El Juzgado escuchará a las personas que hayan pedido tomar la palabra en la audiencia. El Juzgado también puede decidir cuánto pagar al Consejo del Colectivo. Tras la audiencia, el Juzgado decidirá si aprobar o no la liquidación. No sabemos cuánto tardarán estas decisiones.

### 15. ¿Hay más información sobre la liquidación?

Esta notificación resume la liquidación propuesta. Más información se puede encontrar en el Acuerdo de Liquidación. Puede revisar el acuerdo de liquidación pidiendo una copia del Acuerdo de Liquidación por escrito o llamando al Administrador de la Liquidación.

Dear judges incharge of this case,

Pedro castellon thats me am asking you to consider that the sum of money that is two hundred thousand, 200,000, be a part of the class of No flesa and that it not be claim by the Class of No flesa I want the 200,000 to go and be part of the budget of 482,500, we have discuss this with our lawyer and he has told us and let us know that the money that its not claim by the class will be sent back to our boss. Pedro castellon, that's me, I have known this by means of by the department of labor that the money left that its not claim by the class of No flesa should be part

of the class of No flesa.
I am asking you Judge of
our case to give an order
that the money left to be
sent to our class funds.

Sincerely Pedro Castellon

Date: 05-16-2015

PEDRO CASTELLON
7 WEST 11 ST HUNTINGTON STA
N-Y 11746



CERTIFIED MAIL

7014 2120 0001 1444 8087

KELCO/ELM SETTLEMENT
C/O ANGEION GROUP
1801 MARKET STREET SUITE 660
PhiladelPhia PR 19103

Rohan Guthrie

June 1, 2015

Kelco/Elm Settlement Exclusion
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

**Re:    Opt-Out of Settlement**
**Henriquez, et al v Kelco Landscaping Inc, et al**
**Case No. 12-CV-6233 (ADS)**

TO WHOM IT MAY CONCERN:

I, Rohan Guthrie, opt out of the wage and hour settlement. I reside at 5102 Snyder Avenue, Brooklyn, New York 11203, and can be reached at (347) 262-4522.

ROHAN GUTHRIE

Sworn before me,
this ____ day of June, 2015

NOTARY PUBLIC

1



FROM: Rehmon Guthrie
3102 Snyder Ave
Brooklyn NY 11203

1801 Market Street
Suite 880
Philadelphia
PA 19103

PRIORITY MAIL EXPRESS™

VISIT US AT USPS.COM®

EP13C July 2013

I exclude myself from the liquidation of Manuel Henriquez and Jose Hector Fuentes.

I will not be part of the demand, I will not be part of the collective, I do not like parts of the demand, I am not in favor of some of the points or objective.

But I would like to have the right to demand or have the right to continue a demand over the legal problems in this case.

NAME: Jose Torres Loza

X 

Contact Address: 61 East 5ᵗʰ street, Huntington station, NY, 11746-1444

Phone Number: 631-606-9172



KELCO/ELM SETTLEMENT OBJECTIONS
C/O ANGEION GROUP
1801 MARKET STREET, SUITE 660
PHILADELPHIA, PA 19103

Brenton Dale
18 East 21ˢᵗ Street, Apartment B7
Brooklyn, New York 11226

June 1, 2015

Kelco/Elm Settlement Exclusion
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

Re:     Opt-Out of Settlement
        Henriquez, et al v Kelco Landscaping Inc, et al
        Case No. 12-CV-6233 (ADS)

TO WHOM IT MAY CONCERN:

    I, Brenton Dale, opt out of the wage and hour settlement. I reside at 18 East 21ˢᵗ Street, Apartment B7, Brooklyn, New York 11226 and can be reached at (718) 362-0850.


                        _Brenton Dale._
                        BRENTON DALE


Sworn before me,
this 1ˢᵗ day of June, 2015


NOTARY PUBLIC


1



VISIT US AT USPS.COM®

PRIORITY MAIL EXPRESS™

UNITED STATES POSTAL SERVICE®

CPU U.S. POSTAGE $ 16.950

FROM: ROBYN GUTHRIE
502 Snyder Ave
Brooklyn NY 11203

TO: 1801 Market Street
Suite 660
Philadelphia
PA 19103

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

PRESS FIRMLY TO SEAL

EP13C July 2013