## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JOSE MANUEL HENRIQUEZ and JOSE
HECTOR FUENTES, on behalf of
themselves and similarly situated employees,

                                    Plaintiffs,

                -against-

KELCO LANDSCAPING INC., KELCO
LANDSCAPING CORP., ELM GENERAL
CONSTRUCTION CORP., KELLY'S
CREW, JOHN KELLY, JOSEPH
PROVENZANO,

                                    Defendants.

----------------------------------------------------------------X

Case No.  12-CV-6233

(ADS)(GRB)

### [REVISED PROPOSED]
### FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT

1.      The parties have made an application, pursuant to Rule 23(e), Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above entitled action ("the Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of this lawsuit against Defendants and for dismissal of this lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Declaration of Peter A. Romero, dated March 30, 2015 ("Romero Decl.") and exhibits attached thereto;

2.      On March 31, 2015, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the class and FLSA claimants.

3.     Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiffs and the class as defined in the proposed settlement agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court initially scheduled a Fairness Hearing for June 26, 2015, which hearing was later adjourned upon request to August 11, 2015 at 9:00 a.m. to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

4.     At the Fairness Hearing, which was conducted on August 11, 2015, the Court approved Class Counsel's attorneys' fees in the amount of $150,000, together with costs of $4,600 and, with the agreement of the parties, required that the amount of $152,900 (reflecting the reduction on Class Counsel's fees) be distributed among the Authorized Claimants as a condition of approval of the Agreement.

5.     At the Fairness Hearing, the Court was advised that three individuals have opted-out of the settlement and that one individual has submitted a written objection to the settlement, which objection has been considered and found to provide no basis upon which not a approve the settlement. No one appeared at the Fairness Hearing to voice an objection or otherwise be heard to contest the settlement, and several Authorized Claimants were present and unanimously confirmed their consent to the Agreement as revised by the Court at the Fairness Hearing.

6.     The Agreement further provides for service awards to Named Plaintiffs Jose Manual Henriquez and Jose Hector Fuentes in the amount of ten thousand dollars each ($10,000.00).

7.     The proposed settlement, as set forth in the Agreement, and revised by the Court at the Fairness Hearing, including the award of attorney fees and the service award to the above-mentioned Plaintiffs, is approved. This Court is satisfied that the proposed settlement in this action meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, that this Court hereby approves the settlement set forth in the Agreement and as modified by the Court at the Fairness Hearing, and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions.

FURTHER, that Plaintiffs and all other class members who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the settlement agreement. All such matters are hereby finally concluded, terminated and extinguished.

FURTHER, that the notice given to the members of the class accurately informed the members of the class of the proposed settlement was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the class complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that Class Counsel is awarded $150,000.00 in attorneys' fees and $4,600 in costs.

FURTHER, that Named Plaintiffs Jose Manual Henriquez and Jose Hector Fuentes shall each receive a service award of $10,000.

FURTHER, that the Authorized Claimants, in addition to amounts payable under the Agreement, shall share proportionately the sum of $152,900 based on their individual percentages of the total amount payable under the Agreement.

FURTHER, that the Settlement Claims Administrator is directed to distribute settlement funds to the class members, including the service awards and satisfy the employer obligations to pay all employer taxes and withholdings on the settlement amount from the Total Gross Settlement Fund, all in accordance with the terms of the Settlement Agreement;

FURTHER, the Settlement Claims Administrator will distribute the funds in the settlement account by making the payments to the class claimants, Class Counsel and the Settlement Claims Administrator all as set forth in the Settlement Agreement annexed as Exhibit A to the Declaration of Peter A. Romero dated March 30, 2015 and as modified herein.

FURTHER, that without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the settlement agreement.

FIURTHER, that the Clerk of the Court is directed to close Case 12-CV-6233 on _____, 2015.

Dated: _____

_____
Hon. Arthur D. Spatt, Unites States District Judge

4821-6345-0406, v. 1